UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANNA JOHNSON,

    Plaintiff,

v.

                              Civil Action No.: 19-10167
                              Honorable Gershwin A. Drain
                              Magistrate Judge Elizabeth A. Stafford

FORD MOTOR COMPANY,

    Defendants.

_____/

## **ORDER REGARDING MOTIONS TO COMPEL [ECF NO. 16]**

Plaintiff has filed a motion to compel, which the Honorable Gershwin A. Drain referred to the undersigned for hearing and determination. [ECF No. 16]. **The parties are directed to carefully read and follow the remainder of this Order**.

The Court will hold a hearing on **October 21, 2019, at 2:00 p.m.** Prior to the hearing, the parties **must meet and confer** as required by E.D. Mich. LR 37.1. This meeting must be **in person in the Eastern District of Michigan**, and the parties must make a good faith effort to **(1) agree to a schedule for depositions; and (2) narrow the other areas of disagreement**.

At the meet and confer, the parties should bear in mind that "[t]he Federal Rules of Civil Procedure do not permit one party to make unilateral decisions regarding the timing and sequence of depositions during the discovery phase of civil litigation." *Harris v. River Rouge Hous. Comm'n,* No. 11-14030, 2012 WL 12930807, at *2 (E.D. Mich. May 2, 2012) (internal citation and quotation marks omitted).  See also Rule 26(d)(3).  Any argument that there should be a fixed priority of discovery will therefore be rejected.  *Id.*

Following the meeting, and by **October 7, 2019**, the parties must file **a joint list of unresolved issues**.  This filing must list each unresolved discovery request, **verbatim**; followed by the original answer or objection, **verbatim**; followed by the requesting party's argument why the response was insufficient or why any objection is without merit; followed by answering party's argument why its response was sufficient or why any objection has merit.  For example:

   Interrogatory or request: [exact language]

   Original answer or objection: [exact language]

   Requesting party's argument:

   Responding party's argument:

**The parties' arguments must address relevance to a specific claim or defense, and the proportionality factors under Federal Rule of Civil Rule 26(b)(1).**

**Any argument about whether the requests for discovery are relevant to the "subject matter of the action" (rather than to a specific claim or defense), or are "reasonably calculated to lead to admissible discovery," will be rejected**. *Cratty v. City of Wyandotte*, 296 F. Supp.3d. 854, 858 (E.D. Mich. Nov. 8, 2017) ("[O]bjections that the requested evidence was not relevant to the 'subject matter' and would not 'lead to admissible evidence' refer to an outdated version of Federal Rule of Civil Procedure 26(b)(1)").[1]

Responding parties should keep in mind that the rules require specificity with respect to objections to interrogatories and requests for production of documents.  Fed. R. Civ. P. 33(b)(4) & 34(b)(2).  A party objecting to a request for production of documents as burdensome must

---

[1] *See also Cole's Wexford Hotel, Inc. v. Highmark Inc.*, 209 F.Supp.3d 810, 821 (W.D. Pa. 2016) ("The current and amended version of Rule 26(b)(1), does not contain any reference to the subject matter of the action."); *Fischer v. Forrest*, No. 14CIV1304PAEAJP, 2017 WL 773694, at *2 (S.D.N.Y. Feb. 28, 2017) ("reasonably calculated to lead to admissible evidence" language no longer in Rule 26(b)(1), and use of language in objection is improper).

submit affidavits or other evidence to substantiate its objections. *In re Heparin Products Liab. Litig.*, 273 F.R.D. 399, 410-11 (N.D. Ohio 2011).

The parties are forewarned that the Court will not tolerate them unilaterally and unreasonably deciding that requested discovery is not relevant or discoverable under proportionality based solely on their own litigation position. *See Lucas v. Protective Life Ins. Co.*, No. CIV.A.4:08CV00059-JH, 2010 WL 569743, at *3 (W.D. Ky. Feb. 11, 2010) (rejecting argument that underwriting materials were not discoverable based upon the insurer's "unilateral decision that these other guidelines are not relevant to the claims and defenses in this action"); *Johnson v. Serenity Transp., Inc.,* No. 15-CV-02004-JSC, 2016 WL 6393521, at *2 (N.D. Cal. Oct. 28, 2016) ("A party cannot unilaterally decide that there has been enough discovery on a given topic.").

Of final note, to the extent that a responding party claims privilege, it must provide a privilege log as described in Fed. R. Civ. P. 26(b)(5)(A)(ii). It may also seek a protective order. *See* E.D. Mich. LR 26.4.

**The responding party or parties need not file a brief in response to the motion to compel. Instead, the Court will rely on the joint list of unresolved issues ordered above. If the parties resolve all of the**

4

**issues raised by the motions, they must submit a stipulation and order to cancel the hearing.**

IT IS SO ORDERED.

Dated: September 12, 2019

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of 14 days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636 (b)(1). Unless ordered otherwise by the Court, the filing of an appeal to the District Judge does not stay the parties' obligations in this Order. *See* E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 12, 2019.

5

s/Marlena Williams
MARLENA WILLIAMS
Case Manager