UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANNA JOHNSON,

      Plaintiff,

v.

FORD MOTOR COMPANY,
a Delaware corporation,

      Defendant.

Case No. 19-cv-10167

Honorable Gershwin A. Drain

Magistrate Elizabeth A. Stafford

---

STERLING ATTORNEYS AT LAW, P.C.
Carol A. Laughbaum (P41711)
Attorneys for Plaintiff
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500
claughbaum@sterlingattorneys.com

KIENBAUM HARDY VIVIANO
PELTON & FORREST, P.L.C.
Elizabeth P. Hardy (P37426)
Julia Turner Baumhart (P49173)
Thomas J. Davis (P78626)
Attorneys for Defendant
280 N. Old Woodward Ave.
Ste. 400
Birmingham, MI 48009
(248) 645-0000
ehardy@khvpf.com
jbaumhart@khvpf.com
tdavis@khvpf.com

---

**Defendant's Response to Plaintiff's Incomplete and Inaccurate "Update"**
**Regarding the Motion to Compel Response**

Consistent with the Court's October 8 order, and as promised in Ford's October 14 supplemental statement, Ford has produced the documents it anticipated delivering before Plaintiff's October 17 statement was due. And although the Court's order did not specify whether Ford could respond to that October 17 supplement, the supplement is inaccurate, and implies that a hearing is required when it is not. Further, contrary to the Court's earlier September 12, 2019 order (R. 18) that *all* unresolved issues be listed in the Joint Statement, Plaintiff's October 17 supplement improperly raises new arguments and disputes.

*First*, as to RFP 1, Ford made clear that the personnel file was produced. There is nothing more to say, and nothing in dispute.

*Second*, as to RFP 2, Ford did explain that, due to the incredibly overbroad nature of the RFP, it is almost certainly withholding documents, providing examples. Since then, Ford produced the documents mentioning Plaintiff from supervisor Markavich (and non-supervisor Mahoney)—as Plaintiff concedes by removing those RFP disputes from her statement. These documents include anything arguably "related" to Plaintiff's performance. Plaintiff fails to provide *any* specific basis for continuing this dispute given that Markavich's documents were produced.

*Third*, as to RFP 14, the Joint Statement limited Plaintiff's request to LaDawn Clemons, Corey Williams, and Debbie Manzano—and Ford agreed to produce responsive documents from those three, thus resolving the issue. Plaintiff's

-1-

statement attempts to revive this dead issue by issuing a new demand for all documents from "Plant Management Staff" related to employment and benefits.

*Fourth*, as to RFP 16, Ford has an obligation to produce preexisting phone records between Les Harris and Plaintiff, if any, in its possession. It has not located any such preexisting records. Plaintiff's response is merely that it "defies logic" that Ford does not have phone records of Harris's alleged 7:00 am calls to Plaintiff's cell phone. Harris testified that he made no such call. And Plaintiff offers no specific basis to suggest otherwise—not even records from her *own* phone.

*Fifth*, Plaintiff accuses Ford of withholding subpoena records from a "Quality Auto Sales." Had Plaintiff extended the simple courtesy of an email query, Ford's counsel would have told her that this subpoena recipient stated there were no records, and provided no records, and thus there was nothing to produce.

*Sixth*, the Court did not ask for further updates on the interrogatory issues—all of which Ford answered. Plaintiff offers no specific arguments in response.

*Seventh*, the Markavich deposition issue was settled. However, Plaintiff then engaged in improper ambush tactics at three depositions in a row, as described in Ford's motion to compel and for other relief, including a request for a protective order precluding further depositions until Plaintiff complies with discovery obligations. R. 26. Further, Plaintiff omits from her statement that Ford provided her authority explaining that while protective order motion is pending, the depositions

should not go forward, but that Ford agreed to allow depositions to go forward if Plaintiff produced the withheld material and completed the unperformed searches for those witnesses before the depositions. *See* Ex. A, October 16, 2019 email.

*Eighth*, and finally, Plaintiff demands costs and fees for the motion to compel. R. 33, Pg ID 441. But the Joint Statement did not include any request for costs and fees, and thus Plaintiff abandoned that request.  *See* R. 22.

Respectfully submitted,

KIENBAUM HARDY VIVIANO
PELTON & FORREST, P.L.C.

By: s/ *Thomas J. Davis*
Elizabeth Hardy (P37426)
Thomas J. Davis (P78626)
Attorneys for Defendants
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI  48009
(248) 645-0000
ehardy@khvpf.com
tdavis@khvpf.com

Dated: October 18, 2019

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 18, 2019, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants of record via CM/ECF.

*s/ Thomas J. Davis*
Thomas J. Davis (78626)
Kienbaum Hardy VivianoPelton & Forrest, P.L.C.
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI  48009
(248) 645-0000
E-mail:  tdavis@khvpf.com

323376

-1-