UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANNA JOHNSON,
        Plaintiff,

                                        Civil Action No.: 19-10167
                                        Honorable Gershwin A. Drain
v.                                      Magistrate Judge Elizabeth A. Stafford
FORD MOTOR COMPANY,
        Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO
COMPEL [ECF NO. 16], REQUIRING THE PARTIES TO MEET
AND CONFER ABOUT MOTION TO QUASH SUBPOENA, AND
REQUIRING THAT PLAINTIFF DISCLOSE DOCUMENTS
BEFORE OCTOBER 31, 2019 DEPOSITIONS**

Plaintiff Deanna Johnson filed a motion to compel, which the

Honorable Gershwin A. Drain referred to the undersigned for hearing and

determination. [ECF No. 16, ECF No. 17].[1]  As ordered by the Court, the

parties met and conferred, and filed statements of resolved and

unresolved issues.  [ECF No. 18, ECF No. 22, ECF No. 23, ECF No. 25,

ECF No. 33, ECF No. 34].  The Court held a hearing on October 21,

2019.  For the reasons stated on the record, the Court **ORDERS:**

_____

[1]Judge Drain has now referred all pretrial matters excluding dispositive
motions.  [ECF No. 36].

- Request for production of documents (RFP) 2: if Ford has documents it will rely on to characterize Johnson's work performance, it must produce those. Otherwise, Johnson's motion to compel more documents under this RFP is denied.

- RFP 14: Johnson's motion to compel more documents under this RFP is denied.

- RFP 16: Ford must request from its telephone provider a record of any calls made from Les Harris's phone number to Johnson from November 26, 2018 to November 31, 2018, and Ford must produce that record to Johnson.

- RFP 27: Ford must produce a record sufficient to show that Quality Auto Sales responded to Ford's subpoena by stating that it (Quality Auto Sales) had no responsive records.

- For interrogatory 1, Ford must provide Johnson with an estimate of its annual costs for the fringe benefits it provided to Johnson, unless Ford can show by affidavit or other evidence that producing that estimate would be unduly burdensome.

- For interrogatory 2, Ford must provide a chronology that includes the dates on which Johnson's benefits and

employment with Ford ended.  Ford may do so using the language that it used internally for those events.

- For interrogatory 3, Ford must inform Johnson whether any individuals decided to terminate her benefits or designate the end of her employment, or whether those events occurred through an automated process.  If any individuals made those decisions, Ford must identify them.  If the process was automated, Ford must identify an individual who can explain that process.

- Johnson's requests for attorney's fees and costs under Federal Rule of Civil Procedure 37 is denied.

Johnson has filed a motion to quash subpoenas that Ford served on N-1 Discovery and on Sterling Attorneys at Law.  [ECF No. 35].  The parties must address the issues in this motion during the previously ordered meet and confer.  [ECF No. 32].

Johnson has scheduled two depositions for October 31, 2019.  By October 28, 2019, she must produce all documents she intends to rely on during those depositions in usable formats (not in spreadsheets). Johnson may not question a deponent during the October 31 depositions

about any documents that were not produced in usable formats to Ford

by October 28.

**IT IS SO ORDERED**.

> s/Elizabeth A. Stafford
> ELIZABETH A. STAFFORD
> United States Magistrate Judge

Dated: October 22, 2019

## <u>NOTICE TO THE PARTIES REGARDING OBJECTIONS</u>

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which

provides a period of 14 days from the date of receipt of a copy of this order

within which to file objections for consideration by the district judge under

28 U.S.C. § 636 (b)(1). Unless ordered otherwise by the Court, the filing of

an appeal to the District Judge does not stay the parties' obligations in this

Order. *See* E.D. Mich. LR 72.2.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served
upon counsel of record and any unrepresented parties via the Court's ECF
System to their respective email or First Class U.S. mail addresses
disclosed on the Notice of Electronic Filing on October 22, 2019.

> s/Marlena Williams
> MARLENA WILLIAMS
> Case Manager

4