UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANNA JOHNSON,

       Plaintiff,

                                Case No. 19-cv-10167
                                Honorable Gershwin A. Drain

v.

FORD MOTOR COMPANY,

       Defendant.

_____/

**<u>ORDER DENYING PLAINTIFF'S MOTION FOR AN ORDER VACATING AMENDED SUMMARY JUDGMENT ORDER WITH RESPECT TO SUPPLEMENTAL JURISDICTION [#77] AND REQUIRING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT INCLUDING PLAINTIFF'S STATE LAW CLAIMS AS ALLEGED IN HER FIRST AMENDED COMPLAINT</u>**

**I.    INTRODUCTION**

On September 2, 2021, the Sixth Circuit Court of Appeals entered an Order reversing and remanding this action to this Court for further proceedings. ECF No. 74; *Johnson v. Ford Motor Co.*, No. 20-2032, 2021 U.S. App. LEXIS 26529, at *31 (6th Cir. Sep. 2, 2021). Specifically, the Sixth Circuit concluded this Court erred in granting summary judgment to Defendant on the "severe or pervasive" prong of the Plaintiff's 42 U.S.C. § 1981 claim. *Id*. The Sixth Circuit therefore directed this Court to "determine in the first instance whether there is a genuine

dispute of material fact regarding whether Ford knew or should have known about Rowan's race-based harassment and failed to act in response." *Id.* The mandate issued on September 24, 2021.

Now before the Court is the Plaintiff's Motion for an Order Vacating Amended Summary Judgment Order with Respect to Declining Supplemental Jurisdiction, filed on October 7, 2021. Defendant filed a Response on October 18, 2021. For the reasons that follow, the Court will deny Plaintiff's present motion.

## II.   ANALYSIS

Plaintiff moves the Court to vacate its Order on Summary Judgment via an improper procedural means because she brings her present motion pursuant to Rule 60(b)(6). Rule 60(b) of the Federal Rules of Civil Procedure "allows a party to seek relief from a final judgment, and request reopening of h[er] case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). The Sixth Circuit has recognized that, "[a]s a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993) (citing *In re Salam Mortgage Co.*, 791 F.2d 456, 459 (6th Cir. 1986)).

Plaintiff brings her motion pursuant to Rule 60(b)(6), which allows relief from judgment "in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989). Relief under Rule 60(b)(6) is "rare." *See McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 595 (6th Cir. 2002). Indeed, the Sixth Circuit Court of Appeals has stressed that "parties may not use a Rule 60(b)(6) motion as a substitute for an appeal or as a technique to avoid the consequences of decisions deliberately made yet later revealed to be unwise." *Hopper*, 867 F.2d at 294. As such, this Court can only "apply Rule 60(b)(6) relief in 'unusual and extreme' situations where principles of equity *mandate* relief." *Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 3645 (6th Cir. 1990)) (emphasis in original).

In this instance, principles of equity do not mandate relief. As the Defendant points out, Plaintiff failed to appeal the Court's decision to decline supplemental jurisdiction. *Johnson*, 2021 U.S. App. LEXIS 26529, at *13 n.4. Thus, the Court's decision cannot be revisited. The "law-of-the-case doctrine bars challenges to a decision made at a previous stage of litigation which could have been challenged in a prior appeal, but were not," and under that doctrine, a "party that fails to appeal an issue waives [her] right to raise the issue before the district court on remand . . .

.” *JGR, Inc. v. Thomasville Furniture Indus., Inc.*, 550 F.3d 529, 532 (6th Cir. 2008).

However, Defendant indicates that it is agreeable to stipulate to an amendment pursuant to Rule 15(a)(2) if certain safeguards are implemented to protect Defendant's interests. *See* Fed. R. Civ. P. 15(a)(2) (allowing amendment after an answer has been filed only if the opposing side provides written consent or the court grants leave to amend). Rule 15(a) provides that "[t]he [C]ourt should freely give leave when justice so requires." *Id.* Rule 15 "reinforce[s] the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Moore v. Paducah*, 790 F.2d 557, 559 (6th Cir. 1986).

The United States Court of Appeals for the Sixth Circuit has identified various factors that this Court must consider when determining whether to grant leave to amend:

> Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision. Delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted.

*Brooks v. Celeste*, 39 F.3d 125, 129 (6th Cir. 1994) (citing *Head v. Jellico Housing Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989)). "[W]hen there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous or

4

made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny the motion." *U.S. v. Marsten Apartments, Inc.*, 175 F.R.D. 257, 260 (E.D. Mich. 1997).

Here, the Court finds the interests of justice support Plaintiff's requested relief. Namely, that Plaintiff's state and federal claims be tried in the same venue because all of the claims stem from the same common core of operative facts. Plaintiff's state law claims are not frivolous, she has not been dilatory, nor has she shown bad faith in seeking to add these claims at this juncture of the proceedings. Defendant is agreeable to an amendment as long as its interests are protected. Finally, there is no prejudice to Defendant by allowing Plaintiff to file a Second Amended Complaint.

### III. CONCLUSION

Accordingly, for the reasons articulated above, Plaintiff's Motion for an Order Vacating Amended Summary Judgment Order with Respect to Supplemental Jurisdiction [#77] is **DENIED**.

Plaintiff **SHALL** promptly move for voluntary dismissal of her claims in the Wayne County Circuit Court, *Johnson v. Ford*, case number 20-013098, without prejudice.

Plaintiff **SHALL** file her Second Amended Complaint <u>no later than November 3, 2021</u>. Plaintiff's state law claims shall mirror verbatim the language used in Plaintiff's First Amended Complaint (Count I and III).

Defendant **SHALL** file an Answer to Plaintiff's Second Amended Complaint <u>no later than November 17, 2021</u>.

    **SO ORDERED**.

Dated: October 21, 2021                    /s/Gershwin A. Drain
                                                                     GERSHWIN A. DRAIN
                                                                     United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 21, 2021, by electronic and/or ordinary mail.
<u>/s/ Teresa McGovern</u>
Case Manager