UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANNA JOHNSON,

    Plaintiff,

v.

FORD MOTOR COMPANY,
a Delaware corporation,

    Defendant.

Case No. 19-cv-10167

Honorable Gershwin A. Drain

Magistrate Elizabeth A. Stafford

---

| STERLING ATTORNEYS AT LAW, P.C. | KIENBAUM HARDY VIVIANO PELTON & FORREST, P.L.C. |
|---|---|
| Carol A. Laughbaum (P41711) | Elizabeth P. Hardy (P37426) |
| Attorneys for Plaintiff | Thomas J. Davis (P78626) |
| 33 Bloomfield Hills Pkwy., Ste. 250 | Attorneys for Defendant |
| Bloomfield Hills, MI 48304 | 280 N. Old Woodward Ave. |
| (248) 644-1500 | Ste. 400 |
| claughbaum@sterlingattorneys.com | Birmingham, MI 48009 |
| | (248) 645-0000 |
| | ehardy@khvpf.com |
| | tdavis@khvpf.com |

---

**Answer and Affirmative Defenses to
Plaintiff's Second Amended Complaint and Jury Demand**

NOW COMES Defendant Ford Motor Company ("Defendant"), by and through its attorneys, Kienbaum Hardy Viviano Pelton & Forrest, P.L.C., and in answer to Plaintiff's Second Amended Complaint, states the following:

## Jurisdiction and Parties

1. Paragraph 1 is a statement of Plaintiff's legal theories that does not require a response. To the extent that any further response is required, Defendant denies Paragraph 1 as untrue to the extent it purports to state valid claims against Ford or suggests Plaintiff is entitled to any relief.

2. Upon information and belief, admitted.

3. Admitted.

4. Paragraph 4 is a statement of jurisdiction to which no response is required. To the extent any further response is required, Defendant denies as untrue that Plaintiff purports to state valid claims against Ford or is entitled to any relief.

## Background Facts

5. Defendant admits that Plaintiff identifies herself as a black woman. Defendant is without information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 5, and on that basis, denies.

6. Admitted.

7. Admitted only that Johnson's performance was sufficient such that she was never at risk of discipline, let alone termination, based on her performance. Otherwise, Paragraph 7 is denied.

8. Defendant admits only that Process Coach/Production Supervisor Rowan was one of Plaintiff's peers from whom she briefly received some instruction. Defendant denies as untrue the remaining allegations in Paragraph 8.

9. Admitted only that Ford determined, after an investigation, that Rowan engaged in communications with Plaintiff of an inappropriate sexual nature, and that Ford immediately suspended Rowan, and later terminated him, without his ever returning to work. Otherwise, Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 9, and on that basis denies.

10. Denied as untrue.

11. Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 11, and on that basis denies.

12. Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 12, and on that basis denies.

13. Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 13, and on that basis denies.

14. Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 14, and on that basis denies.

15. Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 15, and on that basis denies. Further, Ford denies as untrue the implication that any employee has complained about harassment by Rowan, apart from Plaintiff.

16. Denied as untrue.

17. Denied as untrue.

18. Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18, and on that basis denies.

19. Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19, and on that basis denies.

20. Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20, and on that basis denies.

21. Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21, and on that basis denies.

22. Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22, and on that basis denies.

23. Denied as untrue.

24. Denied as untrue.

25. Defendant admits only that, once it was first alerted to Plaintiff's complaints about Rowan in November 2018, Plaintiff provided a limited number of inappropriate images that she purported to have been sent by Rowan via text, but she declined—after obtaining her current counsel—to provide text messages off of the phone itself. Despite her attorney-driven noncooperation, Defendant nonetheless determined at the end of the investigation that Rowan should be terminated. Otherwise, Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25, and on that basis denies.

26. Defendant is currently without information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26, and on that basis denies.

27. Admitted only that Plaintiff passed out at work on September 19, 2018, that she went to plant medical on that date, and that Beaumont medical records reflect her admission to their facility thereafter, on or about that date. Otherwise, Defendant denies Paragraph 27 as untrue, including the implication that she became ill and passed out due to her receiving a photo that, even assuming that her own purported records are accurate, would have been received by her a week *prior* to her passing out.

28. Defendant admits only that Plaintiff missed numerous work days. Defendant is without information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 28, and on that basis denies.

29. Denied as untrue.

30. Denied as untrue.

31. Defendant admits only that manager Markavich used the "f—k" word once in Plaintiff's presence, for which he apologized the following day. Defendant denies as untrue the remaining allegations in Paragraph 31, including the implication that Markavich used this word in connection with Plaintiff's alleged complaints of sexual or racial harassment by Rowan, because she never raised such complaints to Mahoney or Markavich.

32. Defendant admits only that Markavich apologized the following day. Defendant denies as untrue the remaining allegations in Paragraph 32.

33. Denied as untrue.

34. Denied as untrue.

35. Defendant admits only, on or about November 25, 2018, Plaintiff provided limited information concerning process coach Rowan to LaDawn Clemons, a manager who reports to the Dearborn Truck Assistant Plant Manager. Defendant denies the remaining allegations in Paragraph 35.

36. Admitted.

37. Denied as untrue.

38. Denied as untrue.

39. Denied as untrue.

40. Denied as untrue.

41. Defendant admits only that Plaintiff took a leave of absence, and that the medical certification provided to Defendant justifying Plaintiff's leave expired in April 2019. Defendant is without information sufficient to form a belief as to the truth or falsity of whether Plaintiff is fearful of Rowan, and on that basis denies. Defendant denies as untrue the remaining allegations in Paragraph 41.

42. Defendant admits only that, according to medical records obtained in discovery, Plaintiff appears to have gone to mental-health professionals. Defendant denies as untrue the remaining allegations in Paragraph 42.

43. Defendant admits only that, according to medical records obtained in discovery, one doctor in January 2019 identified a diagnosis of post-traumatic stress disorder for Plaintiff without explanation, but that subsequent treating doctors have *not* given Plaintiff that diagnosis. Defendant denies as untrue the remaining allegations in Paragraph 43.

44. Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 44, and on that basis, denies.

45. Defendant is without information sufficient to form a belief as to the truth or falsity of whether Plaintiff is in severe financial hardship. Defendant denies as untrue that it has cut off pay or other benefits to which she is entitled under Ford's policies and procedure.

# COUNT I
## (Alleged) Sexual Harassment/Quid Pro Quo and Hostile Work Environment In Violation of Michigan's Elliott-Larsen Civil Rights Act

46. Defendant repeats its answers to Paragraphs 1 through 45, as if fully set forth herein.

47. Defendant admits only that Plaintiff had been an employee of Defendant for a short period of time. The remaining allegations in Paragraph 47 set forth a legal conclusion, to which no response is required. Answering further, Defendant denies as untrue any allegation or implication that it engaged in wrongdoing, or that Plaintiff is entitled to any relief.

48. Paragraph 48 sets forth a legal conclusion, to which no response is required. Answering further, Defendant denies as untrue any allegation or implication that it engaged in wrongdoing, or that Plaintiff is entitled to any relief.

49. Denied as untrue.

50. Denied as untrue.

51. Denied as untrue.

52. Denied as untrue.

53. Denied as untrue.

54. Denied as untrue.

## COUNT II
## (Alleged) Racial Harassment/Racially Hostile Work Environment in Violation of 42 USC 1981

55. Defendant repeats its answers to Paragraphs 1 through 54, as if fully set forth herein.

56. Defendant admits only that Plaintiff had been an employee of Defendant for a short period of time. The remaining allegations in Paragraph 56 set forth a legal conclusion, to which no response is required. Answering further, Defendant denies as untrue any allegation or implication that it engaged in wrongdoing, or that Plaintiff is entitled to any relief.

57. Paragraph 57 sets forth a legal conclusion, to which no response is required. Answering further, Defendant denies as untrue any allegation or implication that it engaged in wrongdoing, or that Plaintiff is entitled to any relief.

58. Denied as untrue.

59. Denied as untrue.

60. Denied as untrue.

61. Denied as untrue.

62. Denied as untrue.

63. Denied as untrue.

## COUNT III
## (Alleged) Sexual Assault and Battery

64. Defendant repeats its answers to Paragraphs 1 through 63, as if fully set forth herein.

65. Denied as untrue.

66. Defendant is currently without information sufficient to form a belief as to the truth or falsity of Rowan's alleged state of mind with respect to any alleged conduct that may or may not have occurred. Defendant denies as untrue the remaining allegations in Paragraph 66.

67. Denied as untrue.

68. Denied as untrue.

Defendant acknowledges Plaintiff makes an alleged Request for Relief, but denies as untrue that Plaintiff is entitled to any relief.

WHEREFORE, Defendant Ford Motor Company respectfully requests that the Court dismiss Plaintiff's Second Amended Complaint in its entirety, with prejudice, and award Defendant its costs and attorney's fees in defending this action.

                              Respectfully submitted,

                              KIENBAUM HARDY VIVIANO
                              PELTON & FORREST, P.L.C.

                              By: */s/Elizabeth Hardy*
                                  Elizabeth Hardy (P37426)
                                  Thomas J. Davis (P78626)
                              Attorneys for Defendant
                              280 N. Old Woodward Avenue, Suite 400
                              Birmingham, MI  48009
                              (248) 645-0000
                              ehardy@khvpf.com
                              tdavis@khvpf.com

Dated:  November 8, 2019

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANNA JOHNSON,

    Plaintiff,

v.

FORD MOTOR COMPANY,
a Delaware corporation,

    Defendant.

Case No. 19-cv-10167

Honorable Gershwin A. Drain

Magistrate Elizabeth A. Stafford

| STERLING ATTORNEYS AT LAW, P.C. | KIENBAUM HARDY VIVIANO PELTON & FORREST, P.L.C. |
|---|---|
| Carol A. Laughbaum (P41711) | Elizabeth P. Hardy (P37426) |
| Attorneys for Plaintiff | Thomas J. Davis (P78626) |
| 33 Bloomfield Hills Pkwy., Ste. 250 | Attorneys for Defendant |
| Bloomfield Hills, MI 48304 | 280 N. Old Woodward Ave. |
| (248) 644-1500 | Ste. 400 |
| claughbaum@sterlingattorneys.com | Birmingham, MI 48009 |
| | (248) 645-0000 |
| | ehardy@khvpf.com |
| | tdavis@khvpf.com |

**Affirmative Defenses**

NOW COMES Defendant Ford Motor Company, by and through its attorneys, Kienbaum Hardy Viviano Pelton & Forrest, P.L.C., and for its affirmative defenses, states the following:

1. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to follow statutory procedures, and/or by the doctrine of laches or estoppel.

2. Plaintiff's claims are barred, in whole or in part, by the law of the case doctrine.

3. Plaintiff's claims are barred, in whole or in part, by the doctrines of collateral estoppel or res judicata.

4. Plaintiff's claims are barred by her failure to take advantage of preventive or corrective opportunities, failure to comply with legally mandated processes or procedures, and failure to exhaust administrative remedies.

5. Plaintiff's claims for punitive and exemplary damages are contrary to established law.

6. Plaintiff's claims may be barred, in whole or in part, by her failure to mitigate alleged losses. Alternatively, any claim for relief must be set off and/or reduced by wages, compensation, pay and benefits or other earnings or remunerations, profits, and benefits received by Plaintiff.

7. All of Defendant's actions concerning Plaintiff were for legitimate, non-discriminatory reasons.

8. Plaintiff's damages or losses, if any, are the direct and proximate result of her own actions and omissions.

9. Plaintiff's claims are barred, in whole or in part, by the after-acquired evidence doctrine.

10. Plaintiff's claims are barred, in whole or in part, by worker's compensation exclusivity.

11. Defendant reserves the right to amend, add, or delete affirmative defenses as they become known throughout the course of this lawsuit.

Respectfully submitted,

KIENBAUM HARDY VIVIANO
PELTON & FORREST, P.L.C.

*/s/ Elizabeth Hardy*
Elizabeth Hardy (P37426)
Thomas J. Davis (P78626)
Attorneys for Defendants
280 N. Old Woodward Ave., Suite 400
Birmingham, MI 48009
(248) 645-0000
ehardy@khvpf.com
tdavis@khvpf.com

Dated: November 8, 2021

## Certificate of Service

      I hereby certify that on November 7, 2020, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

                                    */s/ Elizabeth Hardy*
                                    Elizabeth Hardy (P37426)
                                    Kienbaum Hardy Viviano
                                    Pelton & Forrest, P.L.C.
                                    280 N. Old Woodward Ave., Ste. 400
                                    Birmingham, MI  48009
                                    (248) 645-0000
                                    E-mail:  ehardy@khvpf.com

428799