UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DEANNA JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>Defendant. | Case No. 19-cv-10167<br>Honorable Gershwin A. Drain<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL (ECF NO. 103)**

Plaintiff DeAnna Johnson filed this employment discrimination action against Defendant Ford Motor Company, based on alleged sexual harassment by her supervisor Nick Rowan. ECF No. 81. Ford moves to reopen discovery for 30 days and to compel Johnson's production of text messages. ECF No. 103. The Honorable Gershwin A. Drain referred the motion to the undersigned for hearing and determination under 28 U.S.C. § 636(b)(1)(A). ECF No. 104. For the reasons stated on the record during a hearing held on June 13, 2023, the Court **GRANTS IN PART AND DENIES IN PART** the motion.

In November 2019, the parties resolved a discovery dispute by agreeing that Johnson would "fully search for and produce all documents (including text messages) between [herself] and any other person or persons" relating to the allegations made against Ford in this action. ECF No. 103-7, PageID.2043-2044 (cleaned up). Johnson also agreed that her forensic expert N1 Discovery would produce "all text messages related to [her] lawsuit" that had "hits" for search terms specified by Ford. *Id.*, PageID.2047-2049.

In June 2022, N1 produced individual texts with search term hits but did not produce the full text chains. ECF No. 103-9, PageID.2062-2063. Some of the texts that were produced—sent to a contact named "Jody" later identified as Johnson's then-boyfriend—appeared relevant. *Id.*, PageID.2063. The production also revealed 86 deleted texts that appear to have been sent to both Jody and Rowan. *Id.*; ECF No. 107-1. After receiving the production in June 2022, Ford requested the surrounding texts for context and an explanation of the 86 deleted texts. ECF No. 103-9, PageID.2062-2063. But the request remained unresolved until March 2023, when Ford's motion for summary judgment was denied in part. *Id.*; ECF No. 100. Ford then renewed its request for production of more text messages, and Johnson produced the surrounding texts for four

conversations about her work at Ford.  ECF No. 103-9, PageID.2062-2063; ECF No. 103-2.

Because the parties could not agree on the scope of Johnson's supplemental production, Ford moved to compel her to: (1) supplement her response to Interrogatory No. 1 to provide Jody's full name and contact information, and (2) produce all text messages between Johnson and Jody.  ECF No. 103.  Ford also moved to reopen discovery for 30 days to subpoena Jody for documents and a deposition, to re-depose Johnson, and to depose a representative of N1 about its recovery of text messages to Jody and Rowan.

For the reasons stated on the record during the hearing, the Court grants Ford's motion in part.  The following relief is ordered:

- By June 15, 2023, Johnson must supplement her response to Interrogatory No. 1 to identify Jody's full name and contact information;

- By June 20, 2023, N1 must produce all text messages between Johnson and Jody from the date Johnson began working for Ford in June 2018 through the date she filed this action in January 2019;

3

- Ford may depose Jody and an N1 representative by July 14, 2023.

The Court denies Ford's request to depose Johnson for a third time. Ford argues that it should be allowed to confront Johnson with newly produced text messages that contradict her earlier testimony. ECF No. 110, PageID.2280-2281. But Ford shares blame for its late discovery of relevant text messages.

Even after learning in October 2019 that Johnson's self-collection of text messages was incomplete and unreliable, Ford relied on Johnson's continued self-collection for her supplemental production of text messages. ECF No. 26, PageID.203; ECF No. 103-7, PageID.2043-2044. The parties' continued reliance on Johnson's self-collection was not reasonable. *See DR Distribs., LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 920 (N.D. Ill. 2021) ("Courts recognize the common-sense proposition that attorneys should be skeptical of their clients after they have learned that their clients have been less than candid and cannot just blindly rely on clients' say so."); *Herman v. City of New York*, 334 F.R.D. 377, 386 (E.D.N.Y. 2020) ("It is not appropriate to take a client's self-collection of documents, assume it is complete, and not take steps to determine whether significant gaps exist.").

And Ford had more notice that Johnson's self-collection was unreliable in June 2022, when it requested another supplemental production of text messages. ECF No. 103-9, PageID.2062-2063.  Had Ford moved to compel the additional text messages then, the Court would have considered ordering Johnson to sit for another deposition.  But with trial only two months away, and with Ford's need for another deposition being contingent on text messages that have not yet been produced, the Court finds that Ford's request for another deposition of Johnson was made too late.

**IT IS ORDERED.**

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: June 15, 2023

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling**

5

**remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 15, 2023.

                                                    s/Marlena Williams
                                                    MARLENA WILLIAMS
                                                    Case Manager