# EXHIBIT B

## Carol A. Laughbaum

| | |
|---|---|
| **From:** | Thomas Davis <tdavis@khvpf.com> |
| **Sent:** | Wednesday, June 21, 2023 9:49 AM |
| **To:** | Carol A. Laughbaum |
| **Cc:** | Elizabeth Hardy; Michelle Beveridge; Cynthia J. Petty |
| **Subject:** | RE: Johnson v Ford -  NID |

Counsel –

As stated in our Rule 30(b)(6) deposition notice, the topics that N1 Discovery is being asked about pertain to the work that they actually did perform. The spreadsheets that N1 produced, including the one they produced yesterday, *both* have columns that indicate certain text messages were deleted. Some were obviously recovered by N1 (since the text contents were produced, despite the "deleted" tag in the spreadsheet) while others were not recovered (including the 86 Rowan-Jody texts, which have a "deleted" tag but no text content). So it is apparent N1 did *something* with respect to deleted messages—their spreadsheets so indicate—and Ford is entitled to ask N1 about that.

That said, if you are telling us that N1 did not actually make any forensic effort to retrieve the 86 deleted text messages (despite apparently retrieving other deleted messages), then that is highly problematic. We agree with your proposition that N1 needs to turn over the data to a defense expert who can attempt retrieval of the deleted data. We do not agree, however, that N1 or Plaintiff should select that expert. We also will not agree to any limitation on what analysis Ford's expert can conduct on the data. Please advise if you intend to object to such an arrangement. If you do object, we will seek an emergency phone conference with Magistrate Judge Stafford.

Regardless, we will also be moving the N1 deposition up to July 1—but, if what you say is accurate, the deposition will not take particularly long.

Please advise.

Regards,

Thomas J. Davis

 **KIENBAUM HARDY VIVIANO PELTON FORREST**

280 N. Old Woodward
Suite 400
Birmingham, MI 48009
O: (248) 645-0000
C: (248) 972-7760
tdavis@khvpf.com

**From:** Carol A. Laughbaum <claughbaum@sterlingattorneys.com>
**Sent:** Friday, June 16, 2023 4:15 PM
**To:** Thomas Davis <tdavis@khvpf.com>
**Subject:** Johnson v Ford - NID

Tom –
As you know, N1D previously imaged my client's phones, conducted forensic extraction based on search terms provided by the parties (and produced Excel spreadsheets with the results) and is to conduct an additional search for text

1

messages per the recent order.  N1D has not done any forensic analysis, including with respect to the 86 texts listed as deleted. Regarding the 86 text messages, N1D has only validated that the data produced from the forensic tool in the spreadsheet is the data from the forensic image.

N1D has not issued any forensic reports, affidavits, declarations, nor has N1D rendered any opinions, as they have not performed any forensic analysis work.  In short, if Ford wants to proceed with the July 11th deposition of N1D, it is very unlikely to be productive for anyone.  Since Ford's focus is clearly on the 86 texts, I am instead proposing that N1D provide to a 3rd party forensic firm of Ford's choosing the forensic images so that Ford can have that firm conduct whatever analysis Ford deems appropriate specific to those 86 texts, and provide its results, if any, simultaneously to the parties.  Please promptly advise whether Ford is agreeable.



**Carol A. Laughbaum** | Attorney
p: 248.644.1500 x 16 | f: 248.644.1509
a: 33 Bloomfield Hills Pkwy | Ste 250 | Bloomfield Hills, MI 48304
SterlingAttorneys.com | map | vCard | email

This e-mail and any attachments are CONFIDENTIAL, may be protected by legal privilege, and is intended solely for the use of the addressee identified above. If you are not the intended recipient, any use, disclosure, copying, or distribution of this message is UNAUTHORIZED. Nothing in this message or the typed name of the sender is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message.