# EXHIBIT C

## Carol A. Laughbaum

| | |
|---|---|
| **From:** | Carol A. Laughbaum |
| **Sent:** | Tuesday, June 27, 2023 3:10 PM |
| **To:** | 'Thomas Davis' |
| **Cc:** | Elizabeth Hardy; Jill Hall; Michelle Beveridge; Dawn Estes |
| **Subject:** | RE: Johnson v. Ford - forensic exam |



You noticed the dep for July 11th, and are now threatening to proceed with the dep on July 3 when you know I am not available. Are you agreeing to the 11th or requiring me to get a protective order?
These are separate issues – you deposing N1 per court order, vs whether or not the parties can agree on the parameters of a new search by your "vendor."



**Carol A. Laughbaum** | Attorney
p: 248.644.1500 x 16 | f: 248.644.1509
a: 33 Bloomfield Hills Pkwy | Ste 250 | Bloomfield Hills, MI 48304
SterlingAttorneys.com | map | vCard | email

This e-mail and any attachments are CONFIDENTIAL, may be protected by legal privilege, and is intended solely for the use of the addressee identified above. If you are not the intended recipient, any use, disclosure, copying, or distribution of this message is UNAUTHORIZED. Nothing in this message or the typed name of the sender is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message.

**From:** Thomas Davis <tdavis@khvpf.com>
**Sent:** Tuesday, June 27, 2023 3:00 PM
**To:** Carol A. Laughbaum <claughbaum@sterlingattorneys.com>
**Cc:** Elizabeth Hardy <ehardy@khvpf.com>; Jill Hall <jhall@khvpf.com>; Michelle Beveridge <mbeveridge@khvpf.com>; Dawn Estes <destes@sterlingattorneys.com>
**Subject:** RE: Johnson v. Ford - forensic exam

Carol – I don't know what N1 did, and at the hearing you told the Judge that N1's response to your inquiries re: the Jody/Rowan text issue was "weird" or "strange" or something to that effect. Not exactly confidence inspiring. The fact of these 86 missing texts was not something at issue for four years; it's only been at issue post-discovery, and in particular the last few months.

I need to know what N1 did – and I can't wait until the 11th hour to find out what N1 did, especially if it turns out they didn't do what was necessary to recover *these* missing texts, despite recovering others.

I would think it's also in your best interest to let our vendor do everything possible to recover the missing texts as well, which is why I presume you offered this. If the phones are just sitting there anyway, and the vendor isn't going to do anything but try to retrieve the 86 deleted texts, I'm not sure what the good faith reason would be to refuse.

Since issue #2 is resolved, if we can reach agreement on #1 we can move forward. I'm willing to look at any additional language you want to insert regarding the phones to make very clear the narrow, limited scope of what our vendor would do, to the extent that's not already apparent in our draft. Including that the devices would go from you, to the vendor, and back to you ASAP (*i.e.*, we won't get them at all.)

Thomas J. Davis
 KIENBAUM HARDY
VIVIANO PELTON FORREST
280 N. Old Woodward
Suite 400

Birmingham, MI 48009
O: (248) 645-0000
C: (248) 972-7760
tdavis@khvpf.com

**From:** Carol A. Laughbaum <claughbaum@sterlingattorneys.com>
**Sent:** Tuesday, June 27, 2023 2:47 PM
**To:** Thomas Davis <tdavis@khvpf.com>
**Cc:** Elizabeth Hardy <ehardy@khvpf.com>; Jill Hall <jhall@khvpf.com>; Michelle Beveridge <mbeveridge@khvpf.com>; Dawn Estes <destes@sterlingattorneys.com>
**Subject:** RE: Johnson v. Ford - forensic exam

Tom –
Plaintiff proposed this additional forensic review to placate Ford. There is no order or anything else requiring that this happen. As I see it, this situation is akin to Plaintiff offering to pay Defendant money she doesn't owe, and then Defendant coming back and dictating that it must all be in $1 dollar bills.

Re the first issue, my proposal and our follow up communications never included any discussion about turning over the cell phones – just the imaging. In four+ years, Ford has never made any effort to image the phones independently or suggest that the imaging done by N1 might not be adequate. This is overbroad and unnecessary.

Re the 2nd issue, I think we are on the same page – that your expert/vendor is prohibited from any substantive review of any other texts beyond the 86. I think the language I proposed is adequate, but if you believe something else is required, please provide your proposed language.



**Carol A. Laughbaum** | Attorney
p: 248.644.1500 x 16 | f: 248.644.1509
a: 33 Bloomfield Hills Pkwy | Ste 250 | Bloomfield Hills, MI 48304
SterlingAttorneys.com | map | vCard | email

This e-mail and any attachments are CONFIDENTIAL, may be protected by legal privilege, and is intended solely for the use of the addressee identified above. If you are not the intended recipient, any use, disclosure, copying, or distribution of this message is UNAUTHORIZED. Nothing in this message or the typed name of the sender is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message.

**From:** Thomas Davis <tdavis@khvpf.com>
**Sent:** Tuesday, June 27, 2023 2:20 PM
**To:** Carol A. Laughbaum <claughbaum@sterlingattorneys.com>
**Cc:** Elizabeth Hardy <ehardy@khvpf.com>; Jill Hall <jhall@khvpf.com>; Michelle Beveridge <mbeveridge@khvpf.com>; Dawn Estes <destes@sterlingattorneys.com>
**Subject:** RE: Johnson v. Ford - forensic exam

Carol,

I've reviewed this. Two issues and we should be able to resolve. But they're critical.

- First – you indicated on our last phone call that you have the two phones at issue sitting in your office, suggesting they're not in use by Plaintiff anymore. If this is a good-faith attempt to allow us an attempt to recover deleted material, then the phones need to be made available to our vendor for the review. We don't know what N1 did, or whether they did a forensic retrieval sufficient to recover the deleted materials. The other caveats on what may be disclosed/reviewed would remain in place with respect to the phones, as my draft indicated.

2

Absent this agreement, I don't see how we can agree to take the N1 deposition at the tail end of the reopened discovery period. If they testify that they didn't take the necessary/available steps to retrieve the texts (despite retrieving others) then this is a significant problem and one that we will absolutely need to go to the Court over. If our vendor can do their own retrieval attempt, then it's not as major an issue and we can depose N1 on the 11th.

- Second – your restriction in the Scope of Work is potentially problematic. You add "only review." That's fine if you mean the Vendor can't start reading through other text messages. But it needs to be clear that this is all it means. As I understand the forensic process, they're going to have to access the entire image just to locate and analyze the 86. The agreement cannot impinge on their ability to get to the relevant files, even if it requires access to more than the relevant files as part of the process.

Thomas J. Davis


KIENBAUM HARDY
VIVIANO PELTON FORREST

280 N. Old Woodward
Suite 400
Birmingham, MI 48009
O: (248) 645-0000
C: (248) 972-7760
tdavis@khvpf.com

**From:** Carol A. Laughbaum <claughbaum@sterlingattorneys.com>
**Sent:** Tuesday, June 27, 2023 2:09 PM
**To:** Thomas Davis <tdavis@khvpf.com>
**Cc:** Elizabeth Hardy <ehardy@khvpf.com>; Jill Hall <jhall@khvpf.com>; Michelle Beveridge <mbeveridge@khvpf.com>; Dawn Estes <destes@sterlingattorneys.com>
**Subject:** RE: Johnson v. Ford - forensic exam

See attached



**Carol A. Laughbaum** | Attorney
p: 248.644.1500 x 16 | f: 248.644.1509
a: 33 Bloomfield Hills Pkwy | Ste 250 | Bloomfield Hills, MI 48304
SterlingAttorneys.com | map | vCard | email

This e-mail and any attachments are CONFIDENTIAL, may be protected by legal privilege, and is intended solely for the use of the addressee identified above. If you are not the intended recipient, any use, disclosure, copying, or distribution of this message is UNAUTHORIZED. Nothing in this message or the typed name of the sender is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message.

**From:** Thomas Davis <tdavis@khvpf.com>
**Sent:** Tuesday, June 27, 2023 1:25 PM
**To:** Carol A. Laughbaum <claughbaum@sterlingattorneys.com>
**Cc:** Elizabeth Hardy <ehardy@khvpf.com>; Jill Hall <jhall@khvpf.com>; Michelle Beveridge <mbeveridge@khvpf.com>; Dawn Estes <destes@sterlingattorneys.com>
**Subject:** RE: Johnson v. Ford - forensic exam

Carol – let's get this all finalized today then, because if we can't agree on the parameters identified in the revised copy – which are narrowly targeted at getting the 86 deleted texts and related data but no more – then we need to raise that with the Court as well. Seems like we can resolve both issues now or both go to the court.

Can you advise on what issues, if any, you have with our current draft?

Thomas J. Davis


KIENBAUM HARDY
VIVIANO PELTON FORREST

280 N. Old Woodward
Suite 400
Birmingham, MI 48009
O: (248) 645-0000
C: (248) 972-7760
tdavis@khvpf.com

**From:** Carol A. Laughbaum <claughbaum@sterlingattorneys.com>
**Sent:** Tuesday, June 27, 2023 10:11 AM
**To:** Thomas Davis <tdavis@khvpf.com>
**Cc:** Elizabeth Hardy <ehardy@khvpf.com>; Jill Hall <jhall@khvpf.com>; Michelle Beveridge <mbeveridge@khvpf.com>; Dawn Estes <destes@sterlingattorneys.com>
**Subject:** RE: Johnson v. Ford - forensic exam

Tom –


As we work on finalizing an agreement regarding the parameters of the additional forensic analysis you seek, I need Ford to confirm that the deposition of N1 D will proceed on July 11th as you originally scheduled it, and issue a revised subpoena for that date or otherwise confirm that the July 3 date is off. As I told you last week, I am not available July 3. If I do not hear back from you by noon today, I will proceed with an emergency motion for a protective order.

**Carol A. Laughbaum** | Attorney
p: 248.644.1500 x 16 | f: 248.644.1509
a: 33 Bloomfield Hills Pkwy | Ste 250 | Bloomfield Hills, MI 48304
SterlingAttorneys.com | map | vCard | email

This e-mail and any attachments are CONFIDENTIAL, may be protected by legal privilege, and is intended solely for the use of the addressee identified above. If you are not the intended recipient, any use, disclosure, copying, or distribution of this message is UNAUTHORIZED. Nothing in this message or the typed name of the sender is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message.

**From:** Thomas Davis <tdavis@khvpf.com>
**Sent:** Monday, June 26, 2023 3:27 PM
**To:** Carol A. Laughbaum <claughbaum@sterlingattorneys.com>
**Cc:** Elizabeth Hardy <ehardy@khvpf.com>; Jill Hall <jhall@khvpf.com>; Michelle Beveridge <mbeveridge@khvpf.com>
**Subject:** RE: Johnson v. Ford - forensic exam

Here is a revised proposal.

Thomas J. Davis


KIENBAUM HARDY
VIVIANO PELTON FORREST

280 N. Old Woodward
Suite 400
Birmingham, MI 48009
O: (248) 645-0000
C: (248) 972-7760
tdavis@khvpf.com

4

**From:** Carol A. Laughbaum <claughbaum@sterlingattorneys.com>
**Sent:** Monday, June 26, 2023 1:49 PM
**To:** Thomas Davis <tdavis@khvpf.com>
**Cc:** Elizabeth Hardy <ehardy@khvpf.com>; Jill Hall <jhall@khvpf.com>; Michelle Beveridge <mbeveridge@khvpf.com>
**Subject:** RE: Johnson v. Ford - forensic exam

Tom-
Please send over your proposed language re the scope of their review being the 86 texts.



**Carol A. Laughbaum** | Attorney
p: 248.644.1500 x 16 | f: 248.644.1509
a: 33 Bloomfield Hills Pkwy | Ste 250 | Bloomfield Hills, MI 48304
SterlingAttorneys.com | map | vCard | email

This e-mail and any attachments are CONFIDENTIAL, may be protected by legal privilege, and is intended solely for the use of the addressee identified above. If you are not the intended recipient, any use, disclosure, copying, or distribution of this message is UNAUTHORIZED. Nothing in this message or the typed name of the sender is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message.

**From:** Thomas Davis <tdavis@khvpf.com>
**Sent:** Monday, June 26, 2023 1:32 PM
**To:** Carol A. Laughbaum <claughbaum@sterlingattorneys.com>
**Cc:** Elizabeth Hardy <ehardy@khvpf.com>; Jill Hall <jhall@khvpf.com>; Michelle Beveridge <mbeveridge@khvpf.com>
**Subject:** RE: Johnson v. Ford - forensic exam

Carol –

On the first issue, we plan to have our own vendor look at whatever N1 has (I assume it made a forensically-sound image of the phones from which it is drawing the data) and determine 2 things:

- Can the "deleted" Plaintiff/Jody/Rowan texts be recovered, plus whatever metadata or other information about those texts that can be recovered; and
- Even if they cannot be recovered, what metadata/information *can* be recovered, including but not limited to what N1 identified in their spreadsheet.

That's it. But it will be our vendor, not some independent expert. We can have an agreement that they can't look at texts beyond the 86 and so forth, and if you want that in a writing we can put one together.

On the second issue, it's a 30(b)(6) deposition. We are deposing N1 the entity, not an individual expert. Scott Pilat wasn't identified as an expert. We didn't get an expert report from him (or anyone at N1) under Rule 26(2)(B). We didn't get the disclosure required of non-reporting experts under Rule 26(2)(C). And expert discovery ended years ago, so it's too late for him to send one now. The purpose of this deposition is to have N1 describe a document N1 itself produced in response to a subpoena sent to N1 directly. It's not to testify about some non-existent expert report or non-existent written expert disclosure. Rule 26 doesn't apply.

Finally, Judge Stafford did not rule that we had to pay for N1's testimony at expert rates. You could have raised that at the time, you didn't. We are not paying Scott Pilat for him to testify. But N1 has been duly noticed for a deposition pursuant to a Court order, so some representative from N1 ready to testify under the Court rule needs to appear—whether Pilat or whoever.

Let me know if we can resolve #1 quickly so we can get data to our vendor before July 3—I anticipate we'd have it sent directly from N1 to our vendor—and if so we can reschedule the deposition back to July 11. As of now it remains scheduled for July 3.

Finally, please copy Liz Hardy on all communications; I've noted that even when I copy her on my emails to you, she's always removed when you respond. Just respond all please.

Thomas J. Davis

 KIENBAUM HARDY
VIVIANO PELTON FORREST

280 N. Old Woodward
Suite 400
Birmingham, MI 48009
O: (248) 645-0000
C: (248) 972-7760
tdavis@khvpf.com

**From:** Carol A. Laughbaum <claughbaum@sterlingattorneys.com>
**Sent:** Monday, June 26, 2023 10:07 AM
**To:** Thomas Davis <tdavis@khvpf.com>
**Subject:** RE: Johnson v. Ford - forensic exam

Tom –
Attached is a proposal with the parameters for the forensic exam with your expert. Please sign and return, or call me to discuss any areas of disagreement.

With respect to the July 11th deposition of N1 D, assuming you still wish to proceed with it, the deponent will be N1 Discovery Director of eDiscovery Scott Pilat. In that N1 D is Plaintiff's expert, FRCP 26 (b)(4), and not FRCP 30(b)(6), applies. Under Rule 26(b)(4), Ford as the party seeking to depose the opposing party's expert is required to pay that expert a reasonable fee for his or her time. Mr. Pilat's hourly rate is $325. N1 Discovery will waive prepayment of expert fees and will invoice your firm, provided that your firm agrees to pay the invoice within 30 days. Please confirm your agreement, as well as the July 11th date.



**Carol A. Laughbaum** | Attorney
p: 248.644.1500 x 16 | f: 248.644.1509
a: 33 Bloomfield Hills Pkwy | Ste 250 | Bloomfield Hills, MI 48304
SterlingAttorneys.com | map | vCard | email

This e-mail and any attachments are CONFIDENTIAL, may be protected by legal privilege, and is intended solely for the use of the addressee identified above. If you are not the intended recipient, any use, disclosure, copying, or distribution of this message is UNAUTHORIZED. Nothing in this message or the typed name of the sender is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message.

**From:** Carol A. Laughbaum
**Sent:** Thursday, June 22, 2023 10:34 AM
**To:** 'Thomas Davis' <tdavis@khvpf.com>
**Cc:** Cynthia J. Petty <CPetty@khvpf.com>; Michelle Beveridge <mbeveridge@khvpf.com>; Elizabeth Hardy <ehardy@khvpf.com>
**Subject:** RE: Johnson v. Ford - Deposition



Plaintiff remains agreeable to her proposal that Ford can choose an expert to analyze, at Ford's expense, the forensic images re the 86 deleted texts. I do not anticipate that the July 3 date for turning over this data will be a problem, provided that Ford identifies its expert in a timely way and that parameters are agreed to with respect to the scope of its analysis – the 86 deleted texts. Please confirm, and confirm that the N1 dep, if you choose to go forward with it, will be July 11th or later.



**Carol A. Laughbaum** | Attorney
p: 248.644.1500 x 16 | f: 248.644.1509
a: 33 Bloomfield Hills Pkwy | Ste 250 | Bloomfield Hills, MI 48304
SterlingAttorneys.com | map | vCard | email

This e-mail and any attachments are CONFIDENTIAL, may be protected by legal privilege, and is intended solely for the use of the addressee identified above. If you are not the intended recipient, any use, disclosure, copying, or distribution of this message is UNAUTHORIZED. Nothing in this message or the typed name of the sender is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message.

**From:** Thomas Davis <tdavis@khvpf.com>
**Sent:** Wednesday, June 21, 2023 4:55 PM
**To:** Carol A. Laughbaum <claughbaum@sterlingattorneys.com>; Cynthia J. Petty <CPetty@khvpf.com>
**Cc:** Michelle Beveridge <mbeveridge@khvpf.com>; Elizabeth Hardy <ehardy@khvpf.com>
**Subject:** RE: Johnson v. Ford - Deposition

Our position is that the data should be turned over to an expert of our choosing for forensic retrieval attempts. But we will not agree to forego the N1 deposition because we are entitled to know what they did, and to have them testify as to what they've produced.

If you're in accord with that, and will turn over the data by July 3, then please advise and we will likely be able to work out a later date for the N1 deposition.

Otherwise, we cannot delay given the apparent contradictions between your representations as to what N1 did and what their spreadsheet indicates. If that's the position you want to take, we will need to raise that issue with Judge Stafford so we'll have a joint call.

Thomas J. Davis

KIENBAUM HARDY
VIVIANO PELTON FORREST

280 N. Old Woodward
Suite 400
Birmingham, MI 48009
O: (248) 645-0000
C: (248) 972-7760
tdavis@khvpf.com

**From:** Carol A. Laughbaum <claughbaum@sterlingattorneys.com>
**Sent:** Wednesday, June 21, 2023 4:47 PM
**To:** Thomas Davis <tdavis@khvpf.com>; Cynthia J. Petty <CPetty@khvpf.com>; Scott.wrobel@n1discovery.com
**Cc:** Michelle Beveridge <mbeveridge@khvpf.com>; Elizabeth Hardy <ehardy@khvpf.com>
**Subject:** RE: Johnson v. Ford - Deposition

Tom –

Your position is completely unreasonable. You originally scheduled this deposition for July 11. While you did not bother to check with me, I can make that date work. I am traveling/on vacation July 1-10. If you do not agree to July 11 as originally noticed, I will contact Judge Stafford's office.

As far as your email from earlier today, it appears you are now agreeing to the very proposal I made last week, after originally rejecting it. So I am not sure what your point is.



**Carol A. Laughbaum** | Attorney
p: 248.644.1500 x 16 | f: 248.644.1509
a: 33 Bloomfield Hills Pkwy | Ste 250 | Bloomfield Hills, MI 48304
SterlingAttorneys.com | map | vCard | email

This e-mail and any attachments are CONFIDENTIAL, may be protected by legal privilege, and is intended solely for the use of the addressee identified above. If you are not the intended recipient, any use, disclosure, copying, or distribution of this message is UNAUTHORIZED. Nothing in this message or the typed name of the sender is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message.

**From:** Thomas Davis <tdavis@khvpf.com>
**Sent:** Wednesday, June 21, 2023 4:37 PM
**To:** Carol A. Laughbaum <claughbaum@sterlingattorneys.com>; Cynthia J. Petty <CPetty@khvpf.com>; Scott.wrobel@n1discovery.com
**Cc:** Michelle Beveridge <mbeveridge@khvpf.com>; Elizabeth Hardy <ehardy@khvpf.com>
**Subject:** RE: Johnson v. Ford - Deposition

The court gave us a short window to complete discovery. We are not going to accept bare statements that you're unavailable except in the last days of the period the Court permitted—especially with your recent claims about a lack of forensic retrieval efforts contrary to what the evidence suggests. You've also failed to address our earlier email today about the purported lack of forensic retrieval and our proposed solution.

The current notice for July 3 will stand. You're free to try and show good cause for a protective order, if you have good cause—but I'll note that you have other attorneys at your firm who can handle a straightforward deposition defense. Barring that, we've properly noticed the deposition and it's going forward as noticed.

Thomas J. Davis

 KIENBAUM HARDY
VIVIANO PELTON FORREST

280 N. Old Woodward
Suite 400
Birmingham, MI 48009
O: (248) 645-0000
C: (248) 972-7760
tdavis@khvpf.com

**From:** Carol A. Laughbaum <claughbaum@sterlingattorneys.com>
**Sent:** Wednesday, June 21, 2023 4:13 PM
**To:** Thomas Davis <tdavis@khvpf.com>; Cynthia J. Petty <CPetty@khvpf.com>; Scott.wrobel@n1discovery.com
**Cc:** Michelle Beveridge <mbeveridge@khvpf.com>
**Subject:** RE: Johnson v. Ford - Deposition

I am not available prior to July 11



**Carol A. Laughbaum** | Attorney
p: 248.644.1500 x 16 | f: 248.644.1509
a: 33 Bloomfield Hills Pkwy | Ste 250 | Bloomfield Hills, MI 48304
SterlingAttorneys.com | map | vCard | email

This e-mail and any attachments are CONFIDENTIAL, may be protected by legal privilege, and is intended solely for the use of the addressee identified above. If you are not the intended recipient, any use, disclosure, copying, or distribution of this message is UNAUTHORIZED. Nothing in this message or the typed name of the sender is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message.

**From:** Thomas Davis <tdavis@khvpf.com>
**Sent:** Wednesday, June 21, 2023 4:10 PM
**To:** Carol A. Laughbaum <claughbaum@sterlingattorneys.com>; Cynthia J. Petty <CPetty@khvpf.com>; Scott.wrobel@n1discovery.com
**Cc:** Michelle Beveridge <mbeveridge@khvpf.com>
**Subject:** RE: Johnson v. Ford - Deposition

We'll re-notice for June 30.

Thomas J. Davis


KIENBAUM HARDY
VIVIANO PELTON FORREST

280 N. Old Woodward
Suite 400
Birmingham, MI 48009
O: (248) 645-0000
C: (248) 972-7760
tdavis@khvpf.com

**From:** Carol A. Laughbaum <claughbaum@sterlingattorneys.com>
**Sent:** Wednesday, June 21, 2023 4:08 PM
**To:** Cynthia J. Petty <CPetty@khvpf.com>; Scott.wrobel@n1discovery.com
**Cc:** Thomas Davis <tdavis@khvpf.com>; Michelle Beveridge <mbeveridge@khvpf.com>
**Subject:** RE: Johnson v. Ford - Deposition
**Importance:** High

I am not available the week of July 3.

**Carol A. Laughbaum** | Attorney
p: 248.644.1500 x 16 | f: 248.644.1509
a: 33 Bloomfield Hills Pkwy | Ste 250 | Bloomfield Hills, MI 48304
SterlingAttorneys.com | map | vCard | email

This e-mail and any attachments are CONFIDENTIAL, may be protected by legal privilege, and is intended solely for the use of the addressee identified above. If you are not the intended recipient, any use, disclosure, copying, or distribution of this message is UNAUTHORIZED. Nothing in this message or the typed name of the sender is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message.

**From:** Cynthia J. Petty <CPetty@khvpf.com>
**Sent:** Wednesday, June 21, 2023 3:10 PM
**To:** Scott.wrobel@n1discovery.com
**Cc:** Carol A. Laughbaum <claughbaum@sterlingattorneys.com>; Thomas Davis <tdavis@khvpf.com>; Michelle Beveridge <mbeveridge@khvpf.com>
**Subject:** Johnson v. Ford - Deposition

Mr. Wrobel,

We would like to move N1's deposition date forward one week. Please see attached notice with the revised date.

If you have any questions, please contact Tom Davis at (248) 645-0000 or tdavis@khvpf.com.

Thank you,

9

**Cynthia Petty** | Paralegal

 KIENBAUM HARDY
VIVIANO PELTON FORREST

280 North Old Woodward Avenue, Suite 400
Birmingham, Michigan 48009
(248) 458-4581 (fax)
(248) 723-2416 (direct)
(248) 982-8258 (cell)
cpetty@khvpf.com