UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————

DEANNA JOHNSON

    Plaintiff,

vs.

FORD MOTOR COMPANY,
*a Delaware corporation;*

    Defendant.

Case No. 2:19-cv-10167
Hon. Gershwin A. Drain
Mag. Judge Elizabeth A. Stafford

_____/

| | |
|---|---|
| Carol A. Laughbaum (P41711)<br>STERLING ATTORNEYS AT LAW, P.C.<br>Attorneys for Plaintiff<br>33 Bloomfield Hills Pkwy., Ste. 250<br>Bloomfield Hills, Michigan 48304<br>(248) 644-1500<br>claughbaum@sterlingattorneys.com | Elizabeth P. Hardy (P37426)<br>Thomas J. Davis (P78626)<br>KIENBAUM, HARDY, VIVIANO,<br>PELTON &<br> FORREST, P.L.C.<br>Attorneys for Defendant<br>280 N. Old Woodward Ave., Ste.400<br>Birmingham, MI 48009<br>(248) 645-0000<br>ehardy@khvpf.com<br>tdavis@khvpf.com |

_____/

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO
PLAINTIFF'S EMERGENCY MOTION FOR A PROTECTIVE
ORDER REGARDING JULY 3, 2023 DEPOSITION; AND
RESPONSE TO DEFENDANT FORD'S "CROSS MOTION"
FOR AN ADDITIONAL FORENSIC EXAM**

Plaintiff Responds to Ford's filing (ECF 113) as follows:

1.    Plaintiff, and her expert N1 Discovery, are in full compliance with this Court's June 15, 2023 Order. Plaintiff provided Ford the contact information for "Jody"; N1 produced all text messages between Johnson and

"Jody" for the specified time period; and the depositions of N1- Discovery and "Jody" have been scheduled.

2.  Plaintiff additionally made a proposal to Defendant Ford she had no obligation to make: Plaintiff offered to have N1 Discovery deliver the imaging of Plaintiff's cell phones to an expert of Ford's choosing so that Ford could conduct its own analysis of the "86 deleted texts" at issue.

3.  Importantly, over four years ago, Plaintiff offered Ford the ability to conduct its own analysis of Plaintiff's cell phones, with its own expert, provided a protocol for that review could be agreed up. See **Ex A**, Plaintiff's Response to Defendant's Request for Documents dated April 3, 2019, Request No. 2 ("… Plaintiff is also in the process of compiling copies of text messages …and/or Defendant can inspect her cell phone for relevant communications assuming terms of that review can be agreed upon").

4.  For over four years, Ford failed and refused to follow up on conducting the analysis offered by Plaintiff, despite claiming it would (**Ex B**, 4/11/19 letter from Ford, p 2).

5.  Fast forward to 2023, weeks before trial, and Ford now claims foul and demands its own exam, amid false allegations that Plaintiff is withholding information.

6.  With respect to Plaintiff's most recent (June 2023), and wholly voluntary, proposal, Plaintiff made this proposal after informing Defendant that

2

the N1 Discovery deposition would likely not be productive for anyone. As Plaintiff advised Ford, N1 Discovery, using its forensic tools and expertise, imaged Plaintiff's cell phones, extracted data, and produced spreadsheets containing the "hits" it was able to extract given the search criteria provided by the parties. To Plaintiff's understanding, that is the extent of N1 Discovery's forensic work. Ford is obviously free to explore at deposition with N1 Discovery what N1 Discovery did and did not do.

7. Initially, Ford rejected Plaintiff's proposal. Subsequently, Ford apparently changed its mind, but wanted to dictate conditions, including that Plaintiff additionally had to turn over her cell phones to Ford's expert/vendor. While Plaintiff, in good faith, attempted to work out the parameters of a new search, that process broke down. Nor did Plaintiff ever receive sufficient assurances that there were safeguards in place to prevent Ford's forensic vendor from providing the defense with information outside the scope of the 86 deleted messages.

8. As the parties attempted to work out the terms of a new search, Ford took the opportunity to hold Plaintiff hostage with respect to the N1 deposition date, proposing a quid pro quo: if and only if Plaintiff agrees to Ford's demand for this eleventh hour search with terms dictated by Ford, Ford will move the N-1 Discovery deposition back to its original date, July 11, 2023; if Plaintiff

does not agree, Ford will proceed with the N1 D deposition on July 3, 2023, knowing full well that Plaintiff's counsel is on vacation and unavailable.

Plaintiff respectfully requests the protective order sought in her underlying motion - that the July 3, 2023 deposition not go forward; and an order denying Ford's cross motion for another forensic exam; and providing any other relief deemed appropriate by the Court.

| PROOF OF SERVICE | Respectfully submitted, |
|---|---|
| I certify that on June 29, 2023, I filed the foregoing paper with the Clerk of the Court using the ECF system, which will electronically send notification to all counsel of record.<br><br>/s/Carol A. Laughbaum<br>Sterling Attorneys at Law, P.C.<br>33 Bloomfield Hills Pkwy., Ste. 250<br>Bloomfield Hills, MI 48304<br>(248) 644-1500<br>claughbaum@sterlingattorneys.com | STERLING ATTORNEYS AT LAW, P.C.<br><br>By:/s/Carol A. Laughbaum<br>    Carol A. Laughbaum (P41711)<br>    Attorneys for Plaintiff<br>    33 Bloomfield Hills Pkwy., Ste. 250<br>    Bloomfield Hills, MI 48304<br>    (248) 644-1500 |