UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————

DEANNA JOHNSON

    Plaintiff,

vs.

FORD MOTOR COMPANY,
*a Delaware corporation;*

    Defendant.

_____/

Case No. 2:19-cv-10167
Hon. Gershwin A. Drain
Mag. Judge Elizabeth A. Stafford

| | |
|---|---|
| Carol A. Laughbaum (P41711)<br>STERLING ATTORNEYS AT LAW, P.C.<br>Attorneys for Plaintiff<br>33 Bloomfield Hills Pkwy., Ste. 250<br>Bloomfield Hills, Michigan 48304<br>(248) 644-1500<br>claughbaum@sterlingattorneys.com | Elizabeth P. Hardy (P37426)<br>Thomas J. Davis (P78626)<br>KIENBAUM, HARDY, VIVIANO,<br>PELTON &<br> FORREST, P.L.C.<br>Attorneys for Defendant<br>280 N. Old Woodward Ave., Ste.400<br>Birmingham, MI 48009<br>(248) 645-0000<br>ehardy@khvpf.com<br>tdavis@khvpf.com |

_____/

**PLAINTIFF'S MOTION *IN LIMINE***

Plaintiff DeAnna Johnson by her attorneys Sterling Attorneys at Law, P.C., moves *in limine* to exclude at trial any mention of or reference to: (1) errors on Plaintiff's resume with respect to her pre-Ford employment; (2) the graphic lyrics of Plaintiff's ex-husband, a rapper; and (3) personal, including sexual, texts sent to Plaintiff by a former boyfriend.

Pursuant to LR 7.1(a)(2)(A), there was a conference between attorneys in which Plaintiff explained the nature of the motion and its legal basis. With respect to item (1) Plaintiff requested but did not obtain concurrence from Ford. With respect to item (2) Ford appears to have given at least preliminary concurrence, but Plaintiff requests an order on this point in that this issue was raised by a third party who Ford does not represent (the harasser, Mr. Rowan) who will be called to testify at trial. With respect to item (3), Ford has agreed to exclude at least some of these texts, but there appears to be disagreement over others.

Wherefore, and as set forth in the accompanying brief, Plaintiff respectfully requests an order granting Plaintiff's motion and excluding reference or mention of the above matters at trial.

> Respectfully submitted,
>
> STERLING ATTORNEYS AT LAW, P.C.
>
> By: /s/Carol A. Laughbaum
> Carol A. Laughbaum (P41711)
> Attorneys for Plaintiff
> 33 Bloomfield Hills Pkwy., Ste. 250
> Bloomfield Hills, MI 48304
> (248) 644-1500

Dated:  June 29, 2023

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————

DEANNA JOHNSON

    Plaintiff,

vs.

FORD MOTOR COMPANY,
*a Delaware corporation;*

    Defendant.

Case No. 2:19-cv-10167
Hon. Gershwin A. Drain
Mag. Judge Elizabeth A. Stafford

_____/

| | |
|---|---|
| Carol A. Laughbaum (P41711)<br>STERLING ATTORNEYS AT LAW, P.C.<br>Attorneys for Plaintiff<br>33 Bloomfield Hills Pkwy., Ste. 250<br>Bloomfield Hills, Michigan 48304<br>(248) 644-1500<br>claughbaum@sterlingattorneys.com | Elizabeth P. Hardy (P37426)<br>Thomas J. Davis (P78626)<br>KIENBAUM, HARDY, VIVIANO,<br>PELTON &<br> FORREST, P.L.C.<br>Attorneys for Defendant<br>280 N. Old Woodward Ave., Ste.400<br>Birmingham, MI 48009<br>(248) 645-0000<br>ehardy@khvpf.com<br>tdavis@khvpf.com |

_____/

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE***

## TABLE OF CONTENTS

STATEMENT OF ISSUE PRESENTED ....................................................... ii

CONTROLLING OR MOST APPROPRIATE AUTHORITY ................... iii

INDEX OF AUTHORITIES ........................................................................ iv

OVERVIEW ................................................................................................. 1

PERTINENT FACTS, LAW AND ANALYSIS ............................................ 1

RELIEF REQUESTED ................................................................................ 8

## STATEMENT OF ISSUE PRESENTED

Whether Plaintiff's Motion *in Limine* to exclude reference to: (1) errors on Plaintiff's resume regarding her pre-Ford employment; (2) the graphic lyrics of Plaintiff's rapper ex-husband; and (3) personal including sexual texts sent to Plaintiff by a former boyfriend, should be granted because this evidence is irrelevant, and its probative value substantially outweighed by the danger of unfair prejudice, confusion of issues, and wasting time?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

FRE 401-403

*Stokes v Xerox Corporation*, 2008 WL 275672 (ED Mich 2008)

# INDEX OF AUTHORITIES

## Case Law

*Bickford v Life Care Ctr of Am*, 2008 WL 5378076, at *1 (ED Tenn, 2008).......... 3
*Indiana Ins v General Electric Co,* 326 F Supp 2d 844 (ND Oh 2004) .................. 1
*Luce v United States,* 469 US 38 (1984)................................................................. 1
*McKennon v Nashville Banner Pub Co,* 13 US 352, *cited in Lankford v Reladyne, LLOC*, 2016 WL SD 1337293 (SD Ohio 2016).............................................. 5
*Moos v Square D Co,* 72 F3d 39 (6th Cir 1995)..................................................... 5
*Stokes v Xerox Corporation*, 2008 WL 275672 (ED Mich 2008)....................... 3-4
*United States v Jakits*, 2023 WL 3370236, at *2 (SD Ohio, May 11, 2023)......... 7
*United States v Seago*, 930 F2d 482 (6th Cir 1991).............................................. 1

## Statutes, Court Rules, Misc.

FRE 103(c) ............................................................................................................ 1
FRE 402 ................................................................................................................ 2
FRE 403 ............................................................................................................. 2, 5
FRE 608 ................................................................................................................ 3

# OVERVIEW

This is a sexual and racial harassment case arising out of Plaintiff's employment at Defendant Ford's Dearborn Truck Plant. Trial is scheduled for August 22, 2023.

Plaintiff seeks to exclude any reference at trial to (1) errors on Plaintiff's resume with respect to her pre-Ford employment; 2) the graphic lyrics of Plaintiff's rapper ex-husband; and (3) personal including sexual texts sent to Plaintiff by a former boyfriend.

This evidence is irrelevant and inadmissible; or at a minimum would be unfairly prejudicial to Plaintiff and should be excluded.

## LAW, PERTINENT FACTS AND ANALYSIS

District courts have broad discretion over matters involving the admissibility of evidence at trial. *United States v Seago*, 930 F2d 482, 494 (6th Cir 1991). Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to a trial court's inherent authority to manage the course and direction of the trial before it, including the power to exclude irrelevant, inadmissible, or prejudicial evidence through its *in limine* rulings. *Luce v United States,* 469 US 38, 41, n 4 (1984), citing FRE 103(c). Motions *in limine* promote "evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible for any purpose." *Indiana Ins v General Electric Co*, 326 F Supp 2d 844, 846 (ND Oh 2004).

1

"Irrelevant evidence is not admissible." FRE 402. And even relevant evidence, which is generally admissible, is properly excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FRE 403.

Plaintiff submits that the above issues are classic examples of evidence that should be excluded via a motion *in limine,* and as set forth below.

### Errors on Plaintiff's Resume

Defendant Ford did whatever pre-hire due diligence it deemed appropriate with respect to verifying the contents of Plaintiff's job application/resume, and made the decision to hire her. During this case (September 2019) Ford subpoenaed employment records from several of Plaintiff's pre-Ford employers. At Plaintiff's deposition (second day) Ford spent considerable time questioning Plaintiff about her prior employers (2004-2018), and the dates of her prior jobs, focusing on discrepancies between the subpoenaed records, and Plaintiff's resume/job application submitted to Ford. At her deposition, Plaintiff acknowledged that her resume is embellished and inaccurate.[1]

The embellishments on Plaintiff's resume are flatly irrelevant to any issue the jury will be required to decide in this matter – whether Mr. Rowan subjected

---

[1] Plaintiff relied on a friend of an acquaintance to draft the resume, and admitted at deposition that she failed to properly review it for accuracy.

2

Plaintiff to a sexually and racially hostile work environment, whether Ford failed to take prompt, remedial action upon notice of Rowan's conduct, and whether Plaintiff is entitled to damages. While Defendant will likely argue that the resume errors are relevant and admissible because they bear on Plaintiff's credibility, Plaintiff's resume puffery does not make it any more or less likely that Ford violated Plaintiff's rights under Elliott-Larsen and Section 1981. See *Bickford v Life Care Ctr of Am*, 2008 WL 5378076, at *1 (ED Tenn, 2008) (court agreeing evidence of the plaintiff's prior bad acts were not relevant to the issue of whether defendants violated her rights under the FMLA, even though they could be relevant to credibility, noting FRE 608 excludes evidence of specific instances of conduct).

And, the probative value of this evidence is substantially outweighed by the danger of unfair prejudice. *Stokes v Xerox Corporation,* 2008 WL 275672 (ED Mich 2008), **Exhibit A**, is directly on point. In that gender and race discrimination case, the court granted the plaintiff's motion *in limine* to exclude all evidence of her previous employment. In her motion, the plaintiff anticipated that her former employer, Xerox, would argue that she falsified her application for employment by stating she had resigned from a prior job, as opposed to having been fired. Xerox responded by arguing that the plaintiff's employment had been "predicated on a blatant misrepresentation." *Id* at *9.

The *Stokes* court held:

> The Court does not believe it must address the merits, if any, of Xerox's contention that Stokes had engaged in "resume fraud." Therefore, the Court will grant Stokes' motion to exclude all evidence of her previous employment pursuant to Fed. R. Evid. 401 and 403. Her previous employment, which occurred most recently over nine years ago, is not relevant to her present claim against Xerox. Moreover, the Court notes that Xerox's stated reason for firing Stokes is poor sales performance – not resume fraud. Finally, even if evidence of Stokes' prior employment was relevant to her present claim against Xerox, any probative value would be greatly outweighed by the danger of unfair prejudice and confusion of the issues and would likely mislead the jury. Fed. R. Evid. 403.

Here, Plaintiff's argument is even stronger for excluding the evidence of her application/resume inaccuracies. Unlike in *Stokes* where the plaintiff sought to exclude *all* evidence of her prior employment, Plaintiff's motion is not so broad. Plaintiff seeks to exclude evidence of the errors on her job application/resume (which include incorrect dates of employment and other embellishments) but does not argue that Defendant cannot question Plaintiff about her pre-Ford work experience.

In addition, this case presents no "after acquired evidence." The after-acquired evidence doctrine, when applicable, limits a plaintiff's ability to recover damages resulting from an illegal termination when an employer discovers evidence of prior employee misconduct after the employee's discharge, if that misconduct "is of such severity that the employee would have been terminated on those grounds alone if the employee had known of it at the time of

4

discharge." *McKennon v Nashville Banner Pub Co,* 13 US 352, 360-363, *cited in Lankford v Reladyne, LLOC*, 2016 WL SD 1337293 (SD Ohio 2016). If such evidence of serious pre-termination conduct exists, an employee can only recover back pay from the point of termination until the "discovery" of the evidence of wrongdoing. *Id; Moos v Square D Co,* 72 F3d 39, 43 (6th Cir 1995). Here, Plaintiff does not even have a claim based on an illegal termination. Instead, she alleges her work environment was so hostile that she was unable to work from a mental health standpoint, and was forced off on an (unpaid) medical leave, and eventually fired by Ford when she did not return. Even if the after-acquired-evidence defense could be applicable to a hostile work environment scenario, the doctrine, at worst for a plaintiff, cuts off economic (wage) damages from the point the employer "discovered" the resume fraud. But Plaintiff Johnson does not even intend to claim economic damages beyond September 2019 – the earliest date Ford could have "discovered" the resume errors.

In addition to this evidence being properly excludable under a probative vs prejudicial analysis, it would also result in a time-consuming mini-trial regarding various other employers, undue delay, and potential juror confusion, and is properly excludable on those bases under FRE 403.

5

## Lyrics of Plaintiff's Rapper Ex-Husband

Plaintiff's ex- husband, a professional musician/rapper has put out music with graphic, including graphic sexual, content. Upon information and belief, Defendant Ford concurs that any reference to this "evidence" is properly excluded. Plaintiff requests an order on point in that Plaintiff's harasser, Mr. Rowan, who will be a trial witness, made reference to it at his deposition.

## Personal, Including Sexual, Texts Between Plaintiff and an Ex-Boyfriend

Following recent motion practice, Magistrate Judge Stafford ordered Plaintiff, through her expert N1 Discovery, to produce text messages between Plaintiff and her then-boyfriend ("Jody") for an approximately 7-month time period from 2018-2019 (ECF 111 at PageID 2285). Over 1600 text messages were produced as ordered. Close to 100% of those texts have nothing to do with Plaintiff's workplace or allegations in this lawsuit. They do include, however, some personal, including sexual, texts sent by "Jody" to Plaintiff. And, a prior N1 Discovery search utilizing search terms provided by Ford (including sexual terms) also resulted in a handful of "hits"/sexual texts sent by "Jody" to Plaintiff. Plaintiff seeks to exclude any mention of these texts at trial. This includes both sexual texts sent by "Jody" and any arguably responsive sexual texts, or other suggestive texts sent between Plaintiff and "Jody."

6

At Ford's request, Plaintiff sent Defendant a list of the text messages she seeks to exclude. As of the time Plaintiff prepared this motion, Ford indicated it would agree to exclude some, but apparently not all, of the texts at issue.

To the extent Ford does not concur, Ford may be prepared to argue that if Plaintiff was in a dating relationship with someone who sent her R-rated and x-rated texts, then she could not have been troubled by sexual texts and nude and semi-nude pictures texted to her by the individual who sexually harassed her in her workplace (Mr. Rowan). The only reason Ford could have for wanting the jury to know about these text messages is to improperly attempt to portray Plaintiff negatively by suggesting she may be promiscuous, etc. and/or to suggest that her workplace harassers' actions could not have been unwelcome. These text messages, however, are flatly irrelevant to any issue the jury will be required to decide in this matter – whether Mr. Rowan subjected Plaintiff to a sexually and racially hostile work environment, whether Ford failed to take prompt, remedial action upon notice of Rowan's conduct, and whether Plaintiff is entitled to damages. And, even if there was some marginal relevance (and there is not), any such relevance is substantially outweighed by the risk of undue prejudice. *See United States v Jakits*, 2023 WL 3370236, at *2 (SD Ohio, May 11, 2023)(court agreeing text messages at issue were not relevant to any issue the jury would be asked to decide, and that any arguable relevance was

"substantially outweighed by the risk of undue prejudice, confusion, misleading the jury, and wasting it and the Court's time").

## RELIEF REQUESTED

Plaintiff respectfully requests an Order granting her motion *in limine* to exclude mention at trial of (1) errors on Plaintiff's resume with respect to her pre-Ford employment; 2) the graphic lyrics of Plaintiff's rapper ex-husband; and (3) personal including sexual texts between Plaintiff and an ex-boyfriend.

Respectfully submitted,

STERLING ATTORNEYS AT LAW, P.C.

By:  /s/Carol A. Laughbaum
　　　Carol A. Laughbaum (P41711)
　　　Attorneys for Plaintiff
　　　33 Bloomfield Hills Pkwy., Ste. 250
　　　Bloomfield Hills, MI 48304
　　　(248) 644-1500

**PROOF OF SERVICE**

I certify that on June 29, 2023, I filed the foregoing paper with the Clerk of the Court using the ECF system which will electronically send notification to all counsel of record.

/s/Carol A. Laughbaum
Sterling Attorneys at Law, P.C.
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500
claughbaum@sterlingattorneys.com

8