UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————

DEANNA JOHNSON

    Plaintiff,

vs.

FORD MOTOR COMPANY,
*a Delaware corporation;*

    Defendant.

Case No. 2:19-cv-10167
Hon. Gershwin A. Drain
Mag. Judge Elizabeth A. Stafford

_____/

| | |
|---|---|
| Carol A. Laughbaum (P41711)<br>STERLING ATTORNEYS AT LAW, P.C.<br>Attorneys for Plaintiff<br>33 Bloomfield Hills Pkwy., Ste. 250<br>Bloomfield Hills, Michigan 48304<br>(248) 644-1500<br>claughbaum@sterlingattorneys.com | Elizabeth P. Hardy (P37426)<br>Thomas J. Davis (P78626)<br>KIENBAUM, HARDY, VIVIANO,<br>PELTON &<br> FORREST, P.L.C.<br>Attorneys for Defendant<br>280 N. Old Woodward Ave., Ste.400<br>Birmingham, MI 48009<br>(248) 645-0000<br>ehardy@khvpf.com<br>tdavis@khvpf.com |

_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE CLAIMS AND EVIDENCE RELATED TO PLAINTIFF'S SEPARATION FROM FORD AND ASSOCIATED LOST-PAY DAMAGES**

Plaintiff Responds to Ford's filing (ECF 119) as set forth in the accompanying brief, and request an order denying that motion.

                    Respectfully submitted,

                    STERLING ATTORNEYS AT LAW, P.C.

                    By:/s/Carol A. Laughbaum
                          Carol A. Laughbaum (P41711)
                          Attorneys for Plaintiff
                          33 Bloomfield Hills Pkwy., Ste. 250
                          Bloomfield Hills, MI 48304
Dated: July 17, 2023          (248) 644-1500

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————

DEANNA JOHNSON

      Plaintiff,

vs.

FORD MOTOR COMPANY,
*a Delaware corporation;*

      Defendant.
_____/

Case No. 2:19-cv-10167
Hon. Gershwin A. Drain
Mag. Judge Elizabeth A. Stafford

| | |
|---|---|
| Carol A. Laughbaum (P41711)<br>STERLING ATTORNEYS AT LAW, P.C.<br>Attorneys for Plaintiff<br>33 Bloomfield Hills Pkwy., Ste. 250<br>Bloomfield Hills, Michigan 48304<br>(248) 644-1500<br>claughbaum@sterlingattorneys.com | Elizabeth P. Hardy (P37426)<br>Thomas J. Davis (P78626)<br>KIENBAUM, HARDY, VIVIANO,<br>PELTON &<br> FORREST, P.L.C.<br>Attorneys for Defendant<br>280 N. Old Woodward Ave., Ste.400<br>Birmingham, MI 48009<br>(248) 645-0000<br>ehardy@khvpf.com<br>tdavis@khvpf.com |

_____/

**BRIEF IN SUPPORT OF
PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE
TO EXCLUDE CLAIMS AND EVIDENCE RELATED TO
PLAINTIFF'S SEPARATION FROM FORD AND ASSOCIATED
LOST-PAY DAMAGES**

## STATEMENT OF ISSUES PRESENTED

Whether Defendant's motion to preclude Plaintiff from claiming economic losses should be denied, where the law allows a successful plaintiff in a hostile work environment case to recover all damages, including economic damages, that flow from that hostile work environment and where here, Plaintiff was forced off work on an unpaid medical leave and thus incurred significant economic losses flowing from her hostile work environment.

Whether Defendant's motion to exclude evidence relating to Plaintiff's separation from Ford should be denied, where the evidence is relevant, and its absence would be a glaring omission which would only confuse the jury.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Betts v Costco Wholesale Corp*, 558 F3d 461 (6th Cir 2009)

*Schafke v Chrysler Corp,* 147 Mich App 751; 383 NW2d 141 (1985)

# INTRODUCTION

Plaintiff's claims include that her work environment was so hostile and untenable that she was forced to take an unpaid medical leave in November 2018, resulting in financial losses (lost wages, lost benefits).

Plaintiff incurred these economic losses regardless of whether or not Ford later terminated her employment (it did – in August 2019) or whether Plaintiff has a viable discriminatory or retaliatory discharge claim.

Plaintiff suffered wage loss as a result of her forced unpaid medical leave, and intends to claim economic damages through September 2019.

In addition, there exists no reason to preclude Plaintiff from putting in proofs as to her termination by Ford. Plaintiff is not required to present her claims to the jury in a Ford-created vacuum.

# LAW AND ANALYSIS

Despite Defendant Ford's argument and obfuscation, *Betts v Costco Wholesale Corporation*, 558 F3d 461 (6th Cir 2009) does *not* say that a plaintiff in a hostile work environment claim can never obtain economic damages unless she can prove she was illegally fired. Instead, it distinguishes the situation where, as here, a plaintiff is unable to work due to her hostile work environment, in which cases an award of lost wages would be permissible. In *Betts*, the plaintiffs neither had viable discriminatory termination claims (as the jury ruled against them) nor alleged they otherwise lost time from work as a result of their hostile

work environments. Under those facts, the trial and appellate court agreed that there was no basis for the jury to have awarded them any damages for lost wages. But, the Sixth Circuit specifically contemplated that an employee who did lose time from work due to her hostile work environment – as did Johnson- *could* recover for those lost wages:

> D. **Lost wages**
>
> Based upon Costco's motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, the district court vacated the employees' award of lost wages. The employees argue on appeal that the court erred because (1) Michigan law permits recovery of lost wages for a hostile-work-environment claim even where those lost wages resulted from a lawful discharge, (2) the court impermissibly reweighed the evidence, and (3) the jury instructions allowed for such a recovery. (…)
>
> Recovery of "damages for injury or loss caused by each violation of [the] act" is permitted under the ELCRA. Mich. Comp. Laws § 37.2801. Claims for damages under the ELCRA may thus include a loss of wages. *Schafke v. Chrysler Corp.,* 147 Mich.App. 751, 383 N.W.2d 141, 143 (1985). But such damages must "flow from the violation [of the ELCRA]." *Id.*
>
> Applying these standards, the district court analyzed the issue of lost

wages as follows:

> In its evaluation of Costco'[s] motion, the Court concludes that damages, which are based on a loss of wage claim, do not naturally flow from a hostile work environment claim. In this case, a loss of wage award is not the natural consequence of the Plaintiffs' hostile work environment claims, in that the jury determined that Costco did not racially discriminate against them. Therefore, inasmuch as it was the judgment of the jury that Lewis, Amour and Thomas had been lawfully discharged, the Court *475 must, and does, conclude

> that race was not a factor in Costco's decision to terminate them. **The Court also notes that there were no allegations by the Plaintiffs that they missed work as a result of the hostile work environment at the Costco warehouse. Since there is no evidence that the Plaintiffs missed time from work, it is illogical to conclude that they can recover for lost wages.**
>
> Consequently, it would be erroneous for the Court to permit these three Plaintiffs to recover lost wages when their termination was deemed lawful. Since they were not wrongfully terminated, Costco has correctly identified a clear error of law in the jury's award for lost wages.
>
> (…)
>
> We uphold the jury's finding that Amour, Lewis, and Thomas were subjected to a racially hostile work environment while employed at Warehouse 390 with Sullivan as the Warehouse's manager. **But the three employees are not entitled to recover damages for lost wages (because they did not lose any wages as a consequence of the unlawful conduct attributable to Costco) …**

*Id* at 474-475 (emphasis added).

Finally, there exist no basis to hide from the jury the fact that Ford terminated Plaintiff. Doing so would be illogical and confusing. The jury instructions can be tailored in a way to make clear that the jury may award the plaintiff damages, including wage loss, flowing from her hostile work environment and resulting inability to work, but may not award damages based on a theory that Ford firing her was illegal.

3

Respectfully submitted,

STERLING ATTORNEYS AT LAW, P.C.

By: /s/Carol A. Laughbaum
    Carol A. Laughbaum (P41711)
    Attorneys for Plaintiff
    33 Bloomfield Hills Pkwy., Ste. 250
    Bloomfield Hills, MI 48304
    (248) 644-1500

**PROOF OF SERVICE**

I certify that on July 17, 2023, I filed the foregoing paper with the Clerk of the Court using the ECF system, which will electronically send notification to all counsel of record.

/s/Carol A. Laughbaum
Sterling Attorneys at Law, P.C.
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500
claughbaum@sterlingattorneys.com