UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————

DEANNA JOHNSON

       Plaintiff,

vs.

FORD MOTOR COMPANY,
*a Delaware corporation;*

       Defendant.

Case No. 2:19-cv-10167
Hon. Gershwin A. Drain
Mag. Judge Elizabeth A. Stafford

———————————————/

| | |
|---|---|
| Carol A. Laughbaum (P41711) | Elizabeth P. Hardy (P37426) |
| STERLING ATTORNEYS AT LAW, P.C. | Thomas J. Davis (P78626) |
| Attorneys for Plaintiff | KIENBAUM, HARDY, VIVIANO, |
| 33 Bloomfield Hills Pkwy., Ste. 250 | PELTON & |
| Bloomfield Hills, Michigan 48304 |  FORREST, P.L.C. |
| (248) 644-1500 | Attorneys for Defendant |
| claughbaum@sterlingattorneys.com | 280 N. Old Woodward Ave., Ste.400 |
| | Birmingham, MI 48009 |
| | (248) 645-0000 |
| | ehardy@khvpf.com |
| | tdavis@khvpf.com |

———————————————/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE
CONCERNING MISCELLANEOUS EVIDENTIARY MATTERS**

Plaintiff Responds to Ford's filing (ECF 122) as set forth in the

accompanying Brief.

Respectfully submitted,

STERLING ATTORNEYS AT LAW, P.C.

By:/s/Carol A. Laughbaum
        Carol A. Laughbaum (P41711)
        Attorneys for Plaintiff
        33 Bloomfield Hills Pkwy., Ste. 250
        Bloomfield Hills, MI 48304
        (248) 644-1500

Dated: July 17, 2023

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————

DEANNA JOHNSON

      Plaintiff,

vs.

FORD MOTOR COMPANY,
*a Delaware corporation;*

      Defendant.

Case No. 2:19-cv-10167
Hon. Gershwin A. Drain
Mag. Judge Elizabeth A. Stafford

_____/

| | |
|---|---|
| Carol A. Laughbaum (P41711) | Elizabeth P. Hardy (P37426) |
| STERLING ATTORNEYS AT LAW, P.C. | Thomas J. Davis (P78626) |
| Attorneys for Plaintiff | KIENBAUM, HARDY, VIVIANO, |
| 33 Bloomfield Hills Pkwy., Ste. 250 | PELTON & |
| Bloomfield Hills, Michigan 48304 | FORREST, P.L.C. |
| (248) 644-1500 | Attorneys for Defendant |
| claughbaum@sterlingattorneys.com | 280 N. Old Woodward Ave., Ste.400 |
| | Birmingham, MI 48009 |
| | (248) 645-0000 |
| | ehardy@khvpf.com |
| | tdavis@khvpf.com |

_____/

**BRIEF IN SUPPORT OF
PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE
CONCERNING MISCELLANEOUS EVIDENTIARY MATTERS**

## STATEMENT OF ISSUES PRESENTED

I.    Whether Defendant's motion to exclude evidence of Mr. Rowan's "alleged consensual relationships at Ford" or more accurately, his serial womanizing and pursuit of workplace sexual relationships, should be denied where: 1) Ford Crew Operations Manager LaDawn Clemons, a trial witness, documented Ford's knowledge of Rowan's multiple alleged relationships with women at the plant ("6-7 girlfriends") and confirmed that Ford management discussed those allegations and repeatedly moved Rowan because of them; 2) where Plaintiff's proofs include Rowan repeatedly flashing Plaintiff cell phone videos of Rowan engaged in sex acts with various women (subordinates of Rowan and Plaintiff), which Plaintiff reported; 3) where Mr. Rowan himself admits to having a sexual relationship with a line employee; and 4) where this Court in its summary judgment opinion   viewed this evidence as probative of the issue of "notice"?

II.    Whether Defendant's motion to exclude evidence of Mr. Rowan's violent workplace behavior (including punching and denting metal furniture) should be denied where the evidence is highly probative on the issue of Plaintiff's fearfulness of Rowan and trepidation regarding crossing him ("I did not want to look like one of his file cabinets"), and where according to Plaintiff this behavior was frequent and done out in the open revealing, at a minimum, that Ford knew or should have known it employed a violent, erratic supervisor who violated its corporate conduct policies and should have been disciplined?

III.    Whether Defendant's motion in limine regarding Plaintiff's use of highly relevant trial exhibits in which Defendant seeks to preclude graphic photos from being shown to the jury in the ordinary course and to dictate the timing of when Plaintiff can and cannot display those exhibits to the jury, should be denied, particularly where the Court can make its own determination at the time of trial as to whether Plaintiff is or is not presenting those photos in an unduly "inflammatory" manner?

IV.    Whether Defendant's motion to exclude basic facets of Plaintiff's life including family members with disabilities who she has helped out financially and otherwise cared for, should be denied?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Barclay v Mercy Health Servs-Iowa Corp*, 2009 WL 2462296, at *10-13 (ND Iowa, August 12, 2009)

*Moore v Metro Water Reclamation Dist of Greater Chicago*, 2005 WL 2007291 (ND Ill, August 12, 2005)

*Robinson v Runyon*, 149 F3d 507 (6th Cir 1998)

*US v Bonds*, 12 F3d 540 (6th Cir 1993)

*Zucchella v Olympusat, Inc*, 2023 WL 2633947, at *16 (CD Cal, January 10, 2023)

*Jackson v Quanex Corp*, 191 F3d 647 (6th Cir 1999)

*Radtke v Everett*, 442 Mich 368 (1993)

FRE 611(a)

FRE 401-402

# TABLE OF CONTENTS

STATEMENT OF ISSUES ............................................................... i

CONTROLLING OR MOST APPROPRIATE AUTHORITY .................... ii

INDEX OF AUTHORITIES ........................................................... iv

INTRODUCTION ....................................................................... 1

LEGAL STANDARD ................................................................... 1

ARGUMENT ............................................................................ 4

    I.    The Court Should Deny Defendant's Motion to Exclude Evidence of Mr. Rowan's Sexual Relationships at Ford .............. 4

    II.    The Court Should Deny Defendant's Motion to Exclude Evidence of Mr. Rowan's Punching and Denting Metal Furniture at Work ...................................................................... 9

    III.    The Court Should Deny Defendant's Pre-Trial Attempt to Dictate and Control Plaintiff's Presentation of Evidence Because it is Inflammatory and Damaging to Ford ................... 10

    IV.    The Court Should Deny Defendant's Attempts to Preclude Plaintiff from Discussing Basic Aspects of her Life, Including her Family Responsibilities ....................................................... 12

RELIEF REQUESTED ............................................................... 13

# INDEX OF AUTHORITIES

## Case Law

*Barclay v Mercy Health Servs-Iowa Corp*, 2009 WL 2462296, at \*10–13
  (ND Iowa, August 12, 2009)............................................................. 7
*Branham v Thomas Cooley Law Sch*, 689 F3d 558 (6th Cir 2012)........................ 2
*Brown v Oakland County*, 2015 WL 5317194 (ED Mich 2015) .......................... 1
*Gaines v FCA US LLC*, 522 F Supp 3d 295 (ED Mich, 2021).......................3, 11
*Indiana Ins Co v General Elec Co*, 326 F Supp 2d 844 (ND Ohio 2004).............. 1
*Jackson v Quanex Corp*, 191 F3d 647 (6th Cir 1999) ......................................... 10
*Johnson v Ford Motor Co*, 13 F4th 493 (2021) ................................................. 4
*Koloda v Gen Motors Parts Div, Gen Motors Corp*, 716 F2d 373 (6th Cir 1983)....... 3
*Louzon v Ford Motor Co*, 718 F3d 556 (6th Cir 2013) ........................................ 1
*Moore v Metro Water Reclamation Dist of Greater Chicago*, 2005 WL 2007291
  (ND Ill, August 12, 2005) ........................................................... 6, 7
*Plott v Advanced Comfort*, 2020 WL 375604 (D UT 2020) ................................. 9
*Radtke v Everett*, 442 Mich 368 (1993) ........................................................ 10
*Reed v National Linen Service*, 1999 WL 407463 at \*7 (6th Cir, June 2, 1999)
  ....................................................................................... 6, 7
*Robinson v Runyon*, 149 F3d 507 (6th Cir 1998) ................................................ 3
*Sperberg v Goodyear Tire & Rubber Co*, 519 F2d 708 (6th Cir 1975)..................... 2
*Stephens v Rheem,* 220 F3d 882 (8th Cir 2000)................................................ 8, 9
*United States v Akers*, 2020 WL 1923179, at \*2 (ED Ky, April 21, 2020)........... 2
*US v Bonds*, 12 F3d 540 (6th Cir 1993) .......................................................... 2
*Woods v Dept of Corr*, 2018 WL 1611444 at \*4 (Mich Ct App, Apr 3, 2018)
  ........................................................................................... 7
*Zucchella v Olympusat, Inc*, 2023 WL 2633947, at \*16
  (CD Cal, January 10, 2023) ....................................................... 9

## Statutes, Court Rules, Misc.

FRE 401 ...........................................................................................2, 12
FRE 402 ............................................................................................. 2
FRE 801(d)(2)(D)................................................................................ 4

## INTRODUCTION

Defendant Ford's flurry of motions *in limine* (ECF Nos. 118, 119, 120,123) are a transparent attempt to gut Plaintiff's case and prevent her from fairly presenting her proofs to a jury. It is also an effort to relitigate its prior summary judgment motions a third time. Both uses of a motion *in limine* are improper. *Brown v Oakland County*, 2015 WL 5317194 (ED Mich 2015)(the denial of a motion *in limine* is warranted where the moving party seeks to argue the merits of its case and preclude the non-moving party from presenting its case); *Louzon v Ford Motor Co*, 718 F3d 556 (6th Cir 2013)(motions *in limine* should not be used as disguised motions for summary judgment.)

Plaintiff requests an Order denying Defendant's motions, or deferring rulings until trial so that any issues regarding admissibility can be resolved in their proper context.

## LEGAL STANDARD

The purpose of a motion *in limine* is to ensure the evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible on all potential grounds. *Indiana Ins Co v General Elec Co*, 326 F Supp 2d 844, 846 (ND Ohio 2004) (additional citations omitted). The moving party has the burden of showing that the evidence in question is clearly inadmissible. *Id.* When a court is unable to determine whether or not certain evidence is clearly

1

inadmissible, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in the proper context. *Id.* As a general rule "[o]rders in limine which exclude broad categories of evidence should rarely be employed. A better practice is to deal with questions of admissibility of evidence as they arise." *Sperberg v Goodyear Tire & Rubber Co,* 519 F2d 708, 712 (6th Cir 1975); *United States v Akers,* 2020 WL 1923179, at *2 (ED Ky, April 21, 2020). Whether or not to grant a motion *in limine* falls within the sound discretion of the trial court. *Branham v Thomas Cooley Law Sch*, 689 F3d 558, 560 (6th Cir 2012).

Relevant evidence that is not unfairly prejudicial is generally admissible. *Reed v National Linen Service,* 1999 WL 407463 at *7 (6th Cir, June 2, 1999). However, the fact that evidence may be harmful to a party's position does not render it unfairly prejudicial. "Unfair prejudice does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest a decision on an improper basis." *US v Bonds*, 12 F3d 540, 567 (6th Cir 1993). Rules 401 and 402 of the Federal Rules of Evidence permit the admission of relevant evidence. Evidence is relevant if it has any tendency to make the existence of a material fact more or less probable than it would be without the evidence. *See* FRE 401. Evidence that is irrelevant is inadmissible. *See* FRE 402. Under Rule 403, relevant

2

evidence may be excluded "if its probative value is substantially outweighed by a danger of ... unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

The Sixth Circuit has confirmed the common-sense principle that evidence in a race or sex harassment case is by definition likely to be inflammatory and prejudicial, but that does not mean it is *unfairly* prejudicial such that it should be limited or excluded. In fact, such evidence is often at the core of a plaintiff's case:

> Evidence is inadmissible "if there is a danger of *unfair* prejudice, not mere prejudice." *Robinson*, 149 F.3d at 514-15 (emphasis in original) (citing Fed. R. Evid. 403). "'Virtually all evidence is prejudicial or it isn't material.'" *Id.* at 515 (quoting *Koloda v. Gen. Motors Parts Div., Gen. Motors Corp.*, 716 F.2d 373, 378 (6th Cir. 1983)) (additional citation omitted). That evidence in a case involving racial animus may be racially inflammatory "is clearly [an] insufficient [reason] to exclude [it] under Rule 403." *Robinson*, 149 F.3d at 515. This is because "the racially inflammatory nature of the evidence ... is precisely why it is probative ...." *Id.* "[I]n nearly every discrimination case there are often instances of extremely offensive remarks, caricatures, and jokes. These shocking messages, offensive though they may be to the court and to the jury, comprise the signature element of a discrimination case."

*Gaines v FCA US LLC*, 522 F Supp 3d 295, 300 (ED Mich, 2021), citing

*Robinson v Runyon*, 149 F3d 507 (6th Cir 1998).

3

# ARGUMENT

## I. The Court Should Deny Defendant's Motion to Exclude Evidence of Mr. Rowan's Sexual Relationships at Ford

Defendant's motion to exclude evidence of Rowan's "alleged consensual relationships" with females, including subordinates, in the workplace – or more aptly Rowan's serial womanizing and pursuit of workplace sexual relationships – should be denied for numerous reasons. Contrary to Ford's claim, it was not merely Plaintiff who testified that Rowan's sexual relationships with female plant employees was well known. Ford's own documents and testimony (Crew Operations Manager LaDawn Clemens) confirm that, for years, Ford had reports that Rowan maintained sexual relationships with women in the plant, including hourly women who reported to him ("6 or 7 girlfriends"), which Ford apparently never asked Rowan about, but for which they relocated him numerous times (ECF 55-5, PageID 1317-1318).[1]

First, Rowan's open and serial pursuit of workplace sexual relationships was not merely rumor. The record is replete with evidence of Rowan's open, sexual talk directed at female employees, see *Johnson v Ford Motor Co*, 13 F4th

---

[1] Clemons' statements are admissions and as such, non hearsay, FRE 801(d)(2)(D) ("statement is not hearsay if ... [t]he statement is offered against a party and is ... a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship").

493, 497 (2021); see also ECF 55-3, PageID 1236 ("I started complaining to Billy [Markavich]... very early [on][that]... [Nick's] over there [talking to the other women] about his genitals and saying really nasty things"). And, not only does Rowan admit to one such sexual relationship, he repeatedly displayed to Plaintiff lewd videos on his cell phone showing himself engaged in sex acts with various women, who Plaintiff recognized as Ford employees; and lamented to Plaintiff about the deficiencies in his list of workplace conquests, advising Plaintiff that he did not yet have a black woman in his "collection" (ECF 55-3 at PageID 1226, 120-1231; ECF 55-4 at PageID 1293 and discussed by Sixth Circuit, 13 F4th at 497).[2]

Second, this evidence clearly goes to Ford's notice of Rowan's behavior, as Plaintiff specifically told Mahoney (1st line boss) about Rowan showing her his sex videos:

```
12   Q.   Did you ask how he got such a video?
13   A.   I didn't care how he got a video.  The only part I
14        cared about was that that was one of our subordinates
15        on his phone that he was having sex with.
16   Q.   When did he show you that photo or video?  I'm sorry.
17   A.   I don't quite remember when the date was of that.  But
18        that day –
19   Q.   Okay.  Well, can you give me a month?
20   A.   I don't remember when it was, but I can tell you this.
21        That's the day that I went also to Rich Mahoney and I
```

[2] Plaintiff also testified that she was hoping to enlist some of the women she observed in Rowan's graphic sex videos to accompany her to HR, but when she approached one of them, was told by Rowan, "This is my girl, don't talk to her, don't say anything to her" (ECF 55-03, PageID 1287).

5

| 22 | told him exactly what I seen.  I told him exactly what |
|----|----|
| 23 | I seen.  I said if you go now and ask Nick for his |
| 24 | phone.  Ask him for his phone and take him to HR. |
| 25 | That never happened. |

(ECF 55-3, PageID 1286).

In *Moore v Metro Water Reclamation Dist of Greater Chicago*, 2005 WL 2007291 (ND Ill, August 12, 2005), **Exhibit A**, the trial court was initially presented with a motion in limine similar to Defendant Ford's, which it denied. The defendant, seeking a new trial, argued that the trial court should not have allowed the plaintiff to testify about a consensual workplace sex act she witnessed. The court agreed the evidence was probative, and not unduly prejudicial, and was properly admitted both pursuant to the required "totality of the circumstances" analysis applicable to hostile work environment claims, and to show the dismissive attitude of plaintiff's supervisor upon notice of the incident:

> In seeking a new trial, the District further maintains that the court should not have allowed Moore to testify that she observed Ricky Allen and Sophia Evans engaging in oral sex in the women's locker room at work. The court previously addressed this issue when it denied the District's motion *in limine* (…) [to exclude testimony regarding the] consensual sex act between Evans and Allen)…. [E]vidence regarding the locker room incident was relevant, both because it was part of the totality of the circumstances and because it was relevant to Moore's claim that the District failed to adequately respond to complaints about sexual harassment. Moore testified that she reported the incident to Wysocki, who laughed and asked if she had pictures, but otherwise took no action. (…) Such evidence is probative of Wysocki's attitude regarding complaints of sexual

6

> misconduct in the workplace, whether or not the misconduct was
> actionable sexual harassment. The court therefore stands by its
> ruling that evidence regarding the locker room incident was
> relevant, and that the probative value was not substantially
> outweighed by the prejudicial value.

*Id.,* at *9 (additional cites omitted).

Third, this Court in its most recent summary judgment order agreed that Rowan's womanizing, and Ms. Clemon's testimony on that point, was probative on the issue of Ford's constructive notice of harassment, finding from this and other evidence:

> [T]here is at least a genuine issue of fact whether Defendant was on
> constructive notice of a 'substantial probability that sexual
> harassment was occurring.' *Woods v Dept of Corr*, 2018 WL 1611444
> at *4 (Mich Ct. App. Apr 3, 2018)(finding issue of fact as to
> constructive notice where defendant knew of employee's sexually
> harassing behavior before plaintiff even began working with him
> due to prior complaints and employee's reputation as a
> "womanizer" who violates boundaries with women).

(ECF 100, PageID 1943 –1944, 1955 – 1956).

This Court was not alone in so ruling. As in *Moore*, other courts have agreed that "consensual" sexual relationships can be probative in sexual harassment cases. In *Barclay v Mercy Health Servs-Iowa Corp*, 2009 WL 2462296, at *10–13 (ND Iowa, August 12, 2009), **Exhibit B**, a sexual harassment case, the employer moved to exclude evidence of sexual conduct and rumors regarding consensual sexual behaviors occurring at the defendant hospital, ranging from flirting to sexual intercourse. The court rejected the employer's

7

argument that the evidence was irrelevant, or properly excludable under Rule
403, and distinguished the case from another case where "general rumors of
affairs" – without any evidence that the plaintiff had knowledge of same – had
been properly excluded.

> Here, the defendants argue, in essence, that, "because consensual
> affairs and unwelcome sexual harassment are entirely separate
> exploits, with distinct motivations and underlying conduct,"
> evidence consisting of rumors about such consensual conduct are
> irrelevant to a sexual harassment claim. (…) The court agrees with
> the plaintiffs that they have shown a likely connection between the
> rumors of sexual activity and affairs and the existence and
> perception of a sexually hostile workplace that was missing in, or
> missing from the discussion in, the *Stephens* case. Rumors of sexual
> activity, even of management employees, standing alone may well
> do nothing to prove a sexually hostile environment. On the other
> hand, the allegations here are that the rumors of sexual activity were
> rampantly discussed and apparently participated in or condoned by
> management, thus contributing to a sexually hostile environment
> and the perception of the environment as sexually hostile, even if
> the consensual sexual activity giving rise to such discussions was
> otherwise entirely separate from and had distinct motivations from
> alleged harassment directed specifically at the plaintiffs. (…) [T]he
> court concludes that the potential for prejudice, confusion, or waste
> of time do not outweigh the probative value of the evidence in
> question to show the nature of the environment at the hospital, the
> plaintiffs' perceptions of that environment, and the reasonableness
> of the plaintiffs' decisions to quit and not return to their jobs.
> Moreover, the court will not allow such "rumor" or "consensual
> sexual activity" evidence to overshadow evidence of harassing
> conduct directed at the plaintiffs and will instruct the jury on the
> proper purposes for which such evidence may be considered. (…)
> Thus, the defendants' third motion in limine will also be denied.

*Id* at *10-13.

See also **Exhibit C**, *Zucchella v Olympusat, Inc*, 2023 WL 2633947, at *16 (CD Cal, January 10, 2023)(court declining to impose a blanket prohibition on the admission of evidence related to Mohler's [alleged harasser's] consensual relationships, out of context, and agreeing that Mohler's discussions with plaintiff about his relationships with certain women in the workplace were relevant to her hostile work environment claims).

None of the cases cited by Ford are on point, as none involve evidence of an employee, known by the employer to openly engage in lewd workplace behavior directed at women, or serially pursuing sexual workplace relationships.[3]

## II.   The Court Should Deny Defendant's Motion to Exclude Evidence of Mr. Rowan's Punching and Denting Metal Furniture at Work

The evidence that Mr. Rowan angrily punched and dented metal furniture at work – evidence acknowledged both by this Court in its summary judgment opinion, while citing Plaintiff's testimony that "everyone saw him act this way"

---

[3] E.g., in *Stephens v Rheem,* 220 F3d 882 (8th Cir 2000), an appeal of a jury verdict in favor of an employer, the court found that trial court had not abused its discretion in excluding evidence of workplace affairs having nothing to do with the harasser and that regardless, admission of the evidence would not have affected the jury's verdict. In *Plott v Advanced Comfort*, 2020 WL 375604 (D UT 2020), also cited by Ford, the court quashed a subpoena issued by the plaintiff to her former employer's CEO seeking all his private communications through two dating websites as irrelevant and seeking to embarrass him. The case is wholly inapposite.

(ECF 100 at PageID 1939-1940) and by the Sixth Circuit in its ruling – is probative and highly relevant evidence regarding Plaintiff's fearfulness of Rowan and understandable trepidation regarding crossing him ("I did not want to look like one of his file cabinets" – ECF 55-3; PageID 1277). The evidence may help a jury understand why Plaintiff did not more aggressively challenge Rowan with respect to his disgusting behavior. The evidence also goes to the issue of Ford failing to discipline Rowan or hold him accountable for conduct that violated Ford's workplace conduct policies.

Defendant has cited no case law in support of its terse argument on this point, and its attempt to exclude this probative and relevant evidence is contrary to the "totality of the evidence" standard which govern hostile work environment claims *Radtke v Everett*, 442 Mich 368, 372 (1993), *Jackson v Quanex Corp*, 191 F3d 647 (6th Cir 1999).

### III.   The Court Should Deny Defendant's Pre-Trial Attempt to Dictate and Control Plaintiff's Presentation of Evidence Because it is Inflammatory and Damaging to Ford

Plaintiff intends to present the graphic exhibits at issue in the same manner as she will present all her trial exhibits – projected from a laptop onto the court's computer screen, and submitted to the jury in an exhibit binder when the jury begins its deliberations. Plaintiff has no plan to display, for example, the photo

of the "erect penis" in any manner different than, or any longer than, her other exhibits, and presumes doing so would only annoy the jury.[4]

With respect to the erect penis photo "it is what it is." While it may be offensive, shocking and graphic, there exists no basis for the pre-trial and out of context ruling Ford seeks simply because Ford would prefer to minimize and limit the jury's view of this damaging evidence. It will be made clear to the jury, by Ford and likely also by Plaintiff, what should already be obvious – that the texts messages and images they will be shown as exhibits were originally viewed on cell phone screens.

Judge Parker's discussion of "inflammatory" evidence in *Gaines v FCA, 522 F Supp 2d 295, 300 (2021)*, where she denied a motion in limine to exclude offensive evidence in a race case, is apt here:

> In nearly every discrimination case there are often instances of extremely offensive remarks, caricatures, and jokes. These shocking images, offensive though they may be to the court and to the jury, comprise the signature element of a discrimination case.

*Id*, brackets and internal citation omitted.

---

[4] Ironically, it has been Defendant Ford who has insisted that the penis picture be produced, again and again, in discovery (in text, email, and full-page format) and Ford who produced the full-page version of this and other lewd exhibits, which were apparently generated by Ford HR (Harris) after Mr. Harris took Plaintiff's cell phone and emailed images to his Ford email account.

**IV.    The Court Should Deny Defendant's Attempts to Preclude Plaintiff from Discussing Basic Aspects of her Life, Including her Family Responsibilities**

Ford next asserts that Plaintiff should be precluded from testifying to basic facts about her family and responsibilities, including the fact that she has an autistic granddaughter, and an elderly mother with disabilities who she cares for (see, e.g., ECF 55-3, PageID 1285)( "my whole family depends on me").

This is not the type of evidence typically excluded via a motion in limine or a FRE 401-403 analysis as unfairly prejudicial, nor has Defendant cited any case law excluding similar evidence. The jury will receive the standard instructions forbidding them from basing a verdict on sympathy or other improper bases, see M Civ JI 3.02 ("Facts to Be Determined from Evidence. It is your duty to determine the facts from evidence received in open court. You are to apply the law to the facts and in this way decide the case. Sympathy must not influence your decision. Nor should your decision be influenced by prejudice regarding race, sex, religion, national origin, age, handicap, or any other factor irrelevant to the rights of the parties"). This will obviate any arguable prejudice.[5]

Finally, Plaintiff stipulates to exclude evidence that Plaintiff's condo was destroyed by a fire after she left Ford.

---

[5] Ironically, while taking the position that evidence regarding Plaintiff's family should be mostly off-limits, Ford insists that evidence of Plaintiff's ex-husband's lewd rap lyrics is be fair game (ECF 126, PageID 2770-2771).

## RELIEF REQUESTED

For all the above reasons, Plaintiff respectfully request an Order denying

Defendant's motion, except as set forth in the preceding paragraph.

**PROOF OF SERVICE**

I certify that on July 17, 2023, I filed the foregoing paper with the Clerk of the Court using the ECF system, which will electronically send notification to all counsel of record.

/s/Carol A. Laughbaum
Sterling Attorneys at Law, P.C.
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500
claughbaum@sterlingattorneys.com

Respectfully submitted,

STERLING ATTORNEYS AT LAW, P.C.

By: /s/Carol A. Laughbaum
     Carol A. Laughbaum (P41711)
     Attorneys for Plaintiff
     33 Bloomfield Hills Pkwy., Ste. 250
     Bloomfield Hills, MI 48304
     (248) 644-1500