UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANNA JOHNSON,

    Plaintiff,

v.

FORD MOTOR COMPANY,
a Delaware corporation,

    Defendant.

Case No. 19-cv-10167

Honorable Gershwin A. Drain

Magistrate Elizabeth A. Stafford

---

STERLING ATTORNEYS AT LAW, P.C.
Carol A. Laughbaum (P41711)
Attorneys for Plaintiff
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500
claughbaum@sterlingattorneys.com

KIENBAUM HARDY VIVIANO
PELTON & FORREST, P.L.C.
Elizabeth P. Hardy (P37426)
Thomas J. Davis (P78626)
Attorneys for Defendant
280 N. Old Woodward Ave.
Ste. 400
Birmingham, MI 48009
(248) 645-0000
ehardy@khvpf.com
tdavis@khvpf.com

---

**Defendant's Reply in Support of Its Motion in Limine Concerning Miscellaneous Evidentiary Matters**

## Argument

**I. The marginal relevance of Rowan's consensual workplace sexual relationships is far outweighed by its substantial prejudicial effect on the jury's deliberations.**

Ford moved in limine to exclude evidence of Rowan's *consensual* relationships with co-workers. That evidence is irrelevant because it has no tendency to show that Rowan engaged in *unwelcome* sexual conduct. *See* ECF No. 122, PageID.2593-94; *cf. Elezovic v. Ford Motor Co.*, 472 Mich. 408, 429 n.28 (2005) (rejecting argument that nonsexual workplace harassment would be relevant to showing an employer had notice of sexual harassment). Rather than respond to Ford's actual argument, Plaintiff raises and attacks a strawman—claiming that Ford is seeking to preclude alleged "open sexual talk" by Rowan on the plant floor. PageID.2904. And Plaintiff's attempt to spin evidence of consensual relationships to establish "serial womanizing and pursuit of workplace sexual relationships," *id.*, only confirms that her intent is to confuse and mislead the jury into thinking Rowan's alleged consensual relationships are proof of his allegedly *unwelcome* sexual harassment towards Plaintiff.

Plaintiff also fails to rebut Ford's argument that the "rumors" evidence is hearsay, which Plaintiff intends to offer as proof of the truth of the matters asserted in those rumors (*i.e.*, that Rowan was a "womanizer" and so forth). Contrary to Plaintiff's suggestion, the fact that Ford party witness LaDawn Clemons testified

-1-

that she *heard* the unproven rumors does not solve the hearsay problems. Clemons merely repeated what she heard from other people. *See* Clemons Dep., ECF No. 55-5, PageID.1317 ("Q. . . . So, on what basis did you know that he had had relationships with hourly women across crews? A. Hearsay, no complaints. Q. How did you hear it? A. Just random shop talk, people having conversations throughout the plant"). And when a statement contains hearsay upon hearsay, the proponent must establish that each level of hearsay is admissible or the *entire* statement is inadmissible. *Back v. Nestlé USA, Inc.*, 694 F.3d 571, 578 (6th Cir. 2012). Thus, while Clemons' portion of the statement may be that of a party opponent, Plaintiff offers no explanation as to why the (unnamed) rumormongers' statements would fall into a hearsay exception or exclusion. The testimony is inadmissible. *Id*.

Also short of the mark is Plaintiff's suggestion that evidence of Rowan's consensual sexual relationships "clearly goes to Ford's notice of Rowan's behavior" since Plaintiff testified that she notified one of her supervisors that Rowan showed her a video of him having sex. But, as Ford made clear in its motion, "Ford is not seeking to exclude evidence that inappropriate videos were displayed in the workplace[.]" ECF No. 122, PageID.2594. Plaintiff's testimony that she reported Rowan displaying sexual images in the workplace does not fall within the scope of Ford's motion. But what is highly prejudicial and irrelevant—and should be excluded—is the fact that Plaintiff recognized one of the individuals in the video as

a Ford employee. The identity of the woman in the alleged video is irrelevant to whether Rowan's act of showing the video to Plaintiff constitutes sexual harassment or whether Ford was notified of Rowan's sexual harassment.

## II. Evidence of Rowan allegedly punching things in the workplace is irrelevant and highly likely to mislead the jury.

Plaintiff argues that evidence that Rowan punched objects in the plant is relevant for two reasons. Both are misguided.

First, Plaintiff suggests that this evidence "may help a jury understand why Plaintiff did not more aggressively challenge Rowan with respect to his disgusting behavior." ECF No. 131, PageID.2910. But that is irrelevant to the disputed issues at trial. At trial, the jury will decide (1) as a matter of historical fact, when Ford was first aware of Rowan's alleged harassment of Plaintiff and, depending on the answer to that question, (2) whether she suffered ongoing harassment because of Ford's alleged failure to appropriately respond. Whether or not she confronted her co-worker *Rowan* is not relevant; what is relevant is whether she told *Ford* of the co-worker harassment. *See Chambers v. Trettco, Inc.*, 463 Mich. 297, 319 (2000) ("an employer cannot be expected to correct such harassment unless the employer has reason to know that it is occurring.") (quoting *Perry v Harris Chernin, Inc*, 126 F.3d 1010, 1014 (7th Cir. 1997)). The evidence of Rowan allegedly punching things is thus irrelevant to the issue of notice, which is the central legal issue in this case.

Second, Plaintiff argues that this evidence shows that "Ford fail[ed] to discipline Rowan or hold him accountable for conduct that violated Ford's workplace conduct policies." But this response completely ignores the rationale for excluding the evidence—and disregards the Court's earlier ruling explicitly rejecting Plaintiff's attempt to conflate Ford's purported notice of non-sexual workplace violence and sexual harassment. *See* Opinion, ECF No. 100, PageID.1953-1954 ("violent actions do not inevitably lead to acts of criminal sexual conduct"). Even if Ford had notice that Rowan punched things—something there is no evidence of—that would not be not notice that he sexually or racially harassed Plaintiff. There is no logical connection between punching inanimate objects and harassment. Simply put, even if Rowan punched objects in the plant, that has no tendency to make it more likely that he engaged in sexual or racial harassment. And even if it had some marginal relevance, it would be overshadowed by the potential to mislead the jury.

### III. The parties agree that the alleged photo of Rowan's penis should not be shown to the jury in a manner that will inflame their prejudice.

Plaintiff has stated that she does not intend to repeatedly display to the jury the photo of an erect penis that she allegedly received from Rowan, or present it to the jury in a manner any differently or for a longer duration than any other exhibit, consistent with the relief sought in Ford's motion. *See* PageID.2910. But insofar as Plaintiff refused to consent to this relief, the Court should reduce this agreement to an order consistent with Ford's requested relief.

-4-

### IV. Plaintiff provides no reason not to exclude evidence that she tacitly concedes is irrelevant and is highly prejudicial.

Plaintiff does not dispute Ford's assertion that evidence pertaining to her collateral personal hardships is irrelevant. In fact, she now stipulates not to present evidence pertaining to a fire at her condo after she left Ford.[1] The same rationale applies to the other evidence relating to her personal life, which should also be kept out at trial. Plaintiff's suggestion that this evidence is "not the type of evidence typically excluded via a motion in limine" because the Court will instruct the jury not to base its decision on sympathy, *see* PageID.2912, misses the point. If evidence is irrelevant—as she now tacitly concedes—and is highly prejudicial in any event, it is not admissible at trial. No instruction can justify admitting evidence that should not be admitted in the first place.

### Conclusion

The Court should grant the relief requested in Ford's Motion in Limine Concerning Miscellaneous Evidentiary Matters.

---

[1] Notwithstanding her stipulation, Plaintiff has included photos of her burned-down condo door, with fire-scene tape visible in the photo, on her pretrial exhibit list. *See* JFPTO Proposed Exhibit 84; Reply Ex. A. This exhibit should be stricken from the order, in light of Plaintiff's written stipulation.

Dated: July 24, 2023

/s/ *Thomas J. Davis*
Elizabeth Hardy (P37426)
Thomas J. Davis (P78626)
Attorneys for Defendants
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI 48009
(248) 645-0000
ehardy@khvpf.com
tdavis@khvpf.com

## Certificate of Service

I hereby certify that on July 24, 2023, I electronically filed this document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

*/s/ Thomas J. Davis*
Thomas J. Davis (P78626)
Kienbaum Hardy
Viviano Pelton & Forrest, P.L.C.
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI  48009
(248) 645-0000
tdavis@khvpf.com