UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANNA JOHNSON,

    Plaintiff,

v.

FORD MOTOR COMPANY,
a Delaware corporation,

    Defendant.

Case No. 19-cv-10167

Honorable Gershwin A. Drain

Magistrate Elizabeth A. Stafford

---

| STERLING ATTORNEYS AT LAW, P.C. | KIENBAUM HARDY VIVIANO |
|---|---|
| Carol A. Laughbaum (P41711) | PELTON & FORREST, P.L.C. |
| Attorneys for Plaintiff | Elizabeth P. Hardy (P37426) |
| 33 Bloomfield Hills Pkwy., Ste. 250 | Thomas J. Davis (P78626) |
| Bloomfield Hills, MI 48304 | Attorneys for Defendant |
| (248) 644-1500 | 280 N. Old Woodward Ave. |
| claughbaum@sterlingattorneys.com | Ste. 400 |
| | Birmingham, MI 48009 |
| | (248) 645-0000 |
| | ehardy@khvpf.com |
| | tdavis@khvpf.com |

---

**Defendant's Reply Brief in Support of its Motion in Limine to Exclude Claims and Evidence Related to Plaintiff's Separation from Ford and Associated Lost-Pay Damages**

## Introduction

Plaintiff's response to Ford's motion in limine confirms that she wants to circumvent this Court's earlier orders precluding a termination-based claim, and inject improper legal and factual theories into this trial. She announces her intent to argue a constructive-discharge theory of termination not pled in her complaint: that between November 2018 and September 2019, Ford "forced" Plaintiff from the job based on its response to Rowan's alleged harassment. PageID.2890. And she asserts she was terminated "in August 2019," *id.*, when in fact her medical leave expired in April 2019 and she was considered a voluntary resignation after having not returned.

Plaintiff may not make these arguments. In October 2019, Plaintiff sought to amend her complaint to add a termination claim, acknowledging she was "processed as a 'quit' effective on April 16, 2019" but claiming that this was part of a retaliatory termination scheme. *See* ECF 45, PageID.649, Order & Opinion. The Court denied the motion, holding among other things that this new theory was unduly prejudicial having been raised 30 days before the end of fact discovery. *Id.* at PageID.651-654. She now wants to raise the same arguments, recast as a constructive discharge theory, some 30 days *from trial*. Because no constructive discharge count was alleged, and because she cannot recover lost pay without a constructive-discharge or actual-discharge claim, Ford's motion to exclude this lost-pay damages and termination evidence should be granted.

## Argument

Plaintiff does not dispute that she has no right to seek lost pay absent "viable discriminatory termination claims." PageID.2890. Yet she still claims that she is entitled to wages she lost while on medical leave, and announces her intent to seek lost wages through September 2019. *Id.* Why she chooses September 2019 is unclear; she otherwise claims her employment ended in August 2019.[1] *See id.* But what Plaintiff ignores is that any lost-wage theory of recovery requires proof of constructive discharge—*i.e.*, that the harassing conduct *forced* the job abandonment in question. And she has no such claim here.

### I. Plaintiff misreads the Sixth Circuit's *Betts* case, which *confirms* that a constructive discharge or actual discharge theory is needed to recover lost wages in a harassment case.

In *Betts v. Costco*, the Sixth Circuit held that lost wage damages are unavailable without a finding of wrongful termination—adopting the reasoning of two other courts that "a hostile-work-environment claim alone *in the absence of a successful constructive-discharge claim* is insufficient to support an award for lost

---

[1] Plaintiff, indeed, has failed to provide a computation of her damages, either in her disclosures or in her draft pretrial order, as required by federal and local rules. *See* Fed. R. Civ. P. 26(a)(1)(A)(iii) (stating that party "must" provide "a computation of each category of damages); E.D. Mich. Local Rule 16.2(b)(10) (stating that in pretrial order, the "parties shall itemize all claimed damages and shall specify damages that can be calculated from objective data"). This procedural failure is yet another reason to preclude evidence and argument on this damages theory.

wages." 558 F.3d 461, 475 (6th Cir. 2009) (emphasis added) (citing *Spencer v. Wal–Mart Stores, Inc.*, 469 F.3d 311 (3d Cir. 2006) and *Mallinson–Montague v. Pocrnick*, 224 F.3d 1224 (10th Cir. 2000)). In both cases, the plaintiff sought back pay because of sexual harassment—and in both cases, the courts of appeal held that the plaintiff was required to prove constructive discharge before recovering lost wages. *Spencer*, 469 F.3d at 316-17; *Mallinson*, 224 F.3d at 1236. As *Spencer* further explained, (1) a hostile-environment claim is not co-extensive with a constructive discharge claim; and (2) "[p]ut simply, if a hostile work environment does not rise to the level where one is forced to abandon the job, loss of pay is not an issue." 469 F.3d at 316-17. Wage loss claims thus require proof of a constructive discharge. *Id.*

Plaintiff ignores this, instead seizing on other language in *Betts* recounting the district court's *additional* ground for denying relief. The first reason the *Betts* district court gave for denying a lost-wage theory was based on the legal theory identified above: that "loss of wage" damages "do not naturally flow from a hostile work environment" and cannot proceed without a viable termination theory. *Betts*, 558 F.3d at 474 (quoting district court opinion). The district court then gave a *second* reason for denying such damages in that case, stating that "Court *also notes* that there were no allegations by the Plaintiffs that they missed work" due to the hostile environment. *Id.* at 475 (emphasis added). In other words, *Betts* requires two things in order to recover lost wages in a hostile environment case: (1) an allegation that

-3-

the plaintiff missed work and lost wages; and (2) that the reason the employee missed work was due to a constructive discharge.

*Betts* is thus fatal to Plaintiff's attempt to recover lost wages. Her complaint does not allege a termination claim—constructive or actual. This Court *rejected* Plaintiff's attempt to add a termination claim to her complaint because it was 30 days before the close of discovery. The Court should likewise reject Plaintiff's efforts to inject yet another termination claim into this case 30 days before the start of trial. Plaintiff should be precluded from introducing lost wage evidence.

And even if *Betts* left room for Plaintiff's "unpaid leave" theory—as shown above, it does not—she would still be precluded from recovering any lost wages for the period after her leave (and thus her employment) ended in April 2019. Thus, at minimum, the Court should preclude Johnson from offering any evidence of lost wages that post-dates the end of her unpaid medical leave.

II. **Plaintiff's brief—and proposed pretrial order exhibits—confirms that her purpose in introducing evidence of "termination" is meant to prejudicially and falsely tell the jury that Ford "fired her."**

Plaintiff's response to Ford's argument re: termination is a single paragraph containing no citation to authority or developed argument. She should be considered to have waived a response, and all evidence of Plaintiff's termination should be excluded. *See, e.g.*, *Harwood v. N. Am. Bancard LLC*, No. 18-CV-12567, 2022 WL

-4-

2467722, at *5 (E.D. Mich. July 6, 2022) (holding that a plaintiff's perfunctory response to a motion in limine argument waives opposition to the motion).[2]

Moreover, Plaintiff's brief confirms precisely why this motion in limine is necessary: she intends to argue that Ford "fired" her. *See* PageID.2890 (claiming Ford "did" terminate her "in August 2019"); PageID.2892 (referencing "Ford firing her"). This is false; in fact, Plaintiff's medical leave expired in April 2019, she did not renew her leave, and her failure to return to work was classified as a voluntary quit under Ford policy. *See, e.g.*, Ford's Opp. to Motion to Amend, ECF No. 38, PageID.496-497 (citing evidence); Order & Opinion, ECF No. 45, PageID.649-650. But Plaintiff still wants to litigate this irrelevant issue, including several exhibits in her proposed JFPTO that pertain solely to this question—including the very evidence she cited in her earlier-rejected motion to amend her complaint to add a wrongful termination claim.[3] And as Ford explained, not only is the termination irrelevant, it would be highly prejudicial and inflammatory to insinuate to the jury

---

[2] Ford offered, as part of a package of proposed stipulations in the proposed joint final pretrial order, to include a jury stipulation that Plaintiff "no longer works for Ford Motor Company." Plaintiff, however, refused to agree to Ford's proposed stipulations unless it deleted all stipulations potentially helpful to Ford's defense (like Rowan's suspension and termination date) and retained only those potentially helpful to Plaintiff. A jury instruction that Plaintiff no longer works for Ford and that the jury should not concern itself with the reasons for her departure because they are not relevant to the case would potentially be appropriate instead.

[3] Among other things, she includes photos of her burned-down condominium's door with a letter notification sticker on it, which she cited as proof that she never received Ford's letters indicating her leave expired. *See* Pl's Proposed Exhs. 84, 87-88.

that Plaintiff was fired when the most plausible explanation for Plaintiff's refusal to return to Ford was a litigation tactic to try to increase the value of her damages claim. *See* ECF No. 38, PageID.497. There is no reason for Plaintiff to go into her separation from Ford, and no reason to force Ford to rebut Plaintiff's false claims that it fired her. The issue is irrelevant, prejudicial, and a waste of time, and evidence and argument of termination issues should be excluded.

## Conclusion

The Court should exclude all evidence or argument related to Plaintiff's purported lost wages and her separation from Ford.

*/s/ Thomas J. Davis*
Elizabeth Hardy (P37426)
Thomas J. Davis (P78626)
KIENBAUM HARDY
VIVIANO PELTON & FORREST, P.L.C.
Attorneys for Defendants
280 N. Old Woodward Ave., Suite 400
Birmingham, MI 48009
(248) 645-0000
ehardy@khvpf.com
tdavis@khvpf.com

Dated: July 24, 2023

489501

-6-

## Certificate of Service

      I hereby certify that on July 24, 2023, I electronically filed this document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

                                        */s/ Thomas J. Davis*
                                        Thomas J. Davis (P78626)
                                        Kienbaum Hardy
                                        Viviano Pelton & Forrest, P.L.C.
                                        280 N. Old Woodward Ave., Ste. 400
                                        Birmingham, MI 48009
                                        (248) 645-0000
                                        tdavis@khvpf.com

446228