UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANNA JOHNSON,

    Plaintiff,

v.

FORD MOTOR COMPANY,
a Delaware corporation,

    Defendant.

Case No. 19-cv-10167

Honorable Gershwin A. Drain

Magistrate Elizabeth A. Stafford

---

STERLING ATTORNEYS AT LAW, P.C.
Carol A. Laughbaum (P41711)
Attorneys for Plaintiff
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500
claughbaum@sterlingattorneys.com

KIENBAUM HARDY VIVIANO
PELTON & FORREST, P.L.C.
Elizabeth P. Hardy (P37426)
Thomas J. Davis (P78626)
Attorneys for Defendant
280 N. Old Woodward Ave.
Ste. 400
Birmingham, MI 48009
(248) 645-0000
ehardy@khvpf.com
tdavis@khvpf.com

---

**Defendant's Brief in Support of Motion in Limine to Preclude Evidence or Argument of Harassment Allegations Not Involving Plaintiff**

**Argument**

Plaintiff concedes that evidence related to alleged harassment in other cases is irrelevant, including evidence related to alleged harassment in Chicago. The Court should thus grant Ford's motion in limine and order that Plaintiff may not mention, introduce evidence of, or make arguments related to harassment in other cases—including in Chicago. The Court should also order Plaintiff's counsel to instruct her client not to slip in mentions of alleged harassment at Chicago in her testimony.

Plaintiff nonetheless claims that she wants to introduce evidence that LaDawn Clemons showed Johnson of "a file of materials related to Ford sexual harassment cases." PageID.2988-2989 ¶ 2. However, she does not dispute that Plaintiff's actual testimony was that she did *not* know what the alleged file contained, and that it contained no names—so her assertion that it was a "sexual harassment" file is baseless. *See* PageID.2462.

Regardless, she does not claim that the file related to Rowan, or that the allegations reflected her own hostile environment (which she could not; she never learned of this mystery document, even in her retelling, until the day before Rowan was suspended). *See id*. She offers no material response to Ford's argument that she cannot establish a hearsay exception to prove the truth of the contents of the purported document. That is a separate level of hearsay from anything LaDawn Clemons might have said (and Plaintiff's response doesn't allege that Ms. Clemons

*said* anything about the alleged file.) *See* PageID.2469. And Plaintiff offers no argument whatsoever to rebut Ford's argument that unspecified allegations of sexual harassment, *unrelated* to Rowan or Plaintiff, would be both irrelevant and highly prejudicial to Ford. *See* PageID.2467-2468. Instead, she effectively concedes that unrelated harassment allegations are irrelevant and prejudicial. The Court should hold that Plaintiff may not offer evidence or argument regarding any alleged "sexual harassment" file related to the Dearborn Truck Plant.

Contrary to Plaintiff's Response, this would not preclude Plaintiff "from testifying as to her interaction with Ms. Clemons that day." PageID.2990. Plaintiff just can't use that testimony as a ruse to slip in hearsay evidence concerning "accusations" in a mystery document that have nothing to do with the alleged harassment in *this* case. At minimum, the probative evidence of those unspecified accusations would be substantially outweighed by the risk of unfair prejudice because the assertion that Ford has a "file" of allegations by non-parties would improperly embellish Plaintiff's own evidence and confuse the jury by focusing their attention on unrelated acts. *See* Ford's Br., PageID.2468-2470 (citing, among other cases, *Schrand v. Fed. Pac. Elec. Co.*, 851 F.2d 152, 156 (6th Cir. 1988)).

## Conclusion

The Court should grant Ford's motion in limine in full, and hold that Plaintiff may not introduce evidence, argue, or otherwise mention alleged harassment in other

cases, including in Chicago or involving alleged harassment unrelated to Plaintiff, including the purported "sexual harassment file" she raises in her response brief. Plaintiff's counsel should likewise be instructed to inform her client that she may not slip in references to these forbidden matters (or anything else excluded *in limine*) in her trial testimony.

                Respectfully submitted,

                KIENBAUM HARDY
                VIVIANO PELTON & FORREST, P.L.C.

                */s/ Thomas J. Davis*
                    Elizabeth Hardy (P37426)
                    Thomas J. Davis (P78626)
                Attorneys for Defendants
                280 N. Old Woodward Ave., Suite 400
                Birmingham, MI 48009
                (248) 645-0000
                ehardy@khvpf.com
Dated: July 24, 2023        tdavis@khvpf.com

489611

## Certificate of Service

      I hereby certify that on July 24, 2023, I electronically filed this document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

                                      */s/ Thomas J. Davis*
                                      Thomas J. Davis (P78626)
                                      Kienbaum Hardy
                                      Viviano Pelton & Forrest, P.L.C.
                                      280 N. Old Woodward Ave., Ste. 400
                                      Birmingham, MI  48009
                                      (248) 645-0000
                                      tdavis@khvpf.com

489611