UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANNA JOHNSON,

     Plaintiff,

v.

FORD MOTOR COMPANY,
a Delaware corporation,

     Defendant.

Case No. 19-cv-10167

Honorable Gershwin A. Drain

Magistrate Elizabeth A. Stafford

---

STERLING ATTORNEYS AT LAW, P.C.
Carol A. Laughbaum (P41711)
Attorneys for Plaintiff
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500
claughbaum@sterlingattorneys.com

KIENBAUM HARDY VIVIANO
PELTON & FORREST, P.L.C.
Elizabeth P. Hardy (P37426)
Thomas J. Davis (P78626)
Attorneys for Defendant
280 N. Old Woodward Ave.
Ste. 400
Birmingham, MI 48009
(248) 645-0000
ehardy@khvpf.com
tdavis@khvpf.com

---

**Defendant's Reply Brief in Support of its Motion under Rule 42(b) to
Bifurcate Trial, With Issues of Notice to be Tried First**

## Argument

**I.    Plaintiff concedes the Court's broad discretion to bifurcate a trial, and her strawman arguments against bifurcation should be disregarded.**

Plaintiff's opposition to the motion to bifurcate does not address—let alone dispute—case law providing that in a co-worker harassment case, an employer *is not responsible* for harassment unless it occurs after notice was given. *See, e.g.*, PageID.2539-2540 (citing cases). And she admits that her intention is to do precisely what Ford anticipated: overwhelm the jury with lewd photos and graphic alleged sex talk *before* there is any legal basis to hold Ford responsible for any of it. Indeed, Plaintiff falsely suggests that she has a *right* to confuse the jury in this manner, claiming that the jury should assess the harassment claims under the "totality of the circumstances." ECF No. 128, PageID.2862; *see also id.* at PageID.2854-56 (commingling alleged facts related to notice issues and separate facts related to Rowan's alleged harassment issues in a single, three-page long paragraph).

Plaintiff's "totality of the circumstances" argument entirely misses the point. At best, her authority stands for the unexceptional proposition that a jury should consider substantive evidence of harassment as a whole. But Ford's motion is directed at ensuring that it is not unduly prejudiced by the admission of substantive harassment evidence that Ford *is not* legally responsible for. As a matter of law, the dividing line between relevant and irrelevant substantive harassment is the moment Ford was on notice of the harassment. Bifurcation will allow the jury to determine

when notice occurred, and thus what substantive evidence is admissible. And once it is determined what substantive evidence of harassment is admissible, Plaintiff may present that evidence, as a whole, in the second phase.

Plaintiff's opposition, then, rests on strawman arguments and reflects a serious misunderstanding of the distinction between the summary-judgment stage of a lawsuit and the trial stage. Ford is not trying to "re-litigate adverse summary judgment rulings" against it; at this stage, the Plaintiff must *convince a jury* that the latest of her ever-shifting stories about notice is accurate. The jury might believe her latest story. But it might instead find that she never gave notice until November 25, 2018 (in which case Ford prevails). It might find, as Plaintiff originally alleged, she first gave notice in October 2018 (in which case the September 2018 penis photo would be pre-notice). Or it might find some other notice date. Bifurcating notice will ensure that the scope of the substantive harassment claim is properly defined.

Likewise, Plaintiff's claim that a notice phase will be confusing or prejudicial *to her* is nonsense. At phase one, she may offer evidence of harassment that (1) Ford allegedly had constructive notice of; or (2) that she allegedly brought to the attention of Ford's higher management. The only restriction Ford requested of notice-related evidence was to limit the use of inflammatory language or photos. *See* PageID.2451-2543. But if a jury finds Ford was on notice, then Plaintiff may display the inflammatory photos at a second stage dedicated to her substantive harassment case.

She will be able to present that substantive harassment relevant to Ford's liability as a whole. But she is not entitled to ask this Court for the right to present *more* than the whole, including evidence of harassment that Ford is not responsible for.

Factually, this is a highly unusual harassment trial. Plaintiff was employed only for a few months. There is no dispute that when Plaintiff notified HR of her allegations on November 26, the harasser was immediately suspended and then terminated—which even Plaintiff has never disputed throughout this litigation would immunize Ford from liability as a matter of law. Plaintiff has continuously backdated her claims of notice as the case has progressed: Her Complaint says one thing, her deposition another, and her post-discovery affidavit another. *See* PageID.2538-2539. Plaintiff believes that if she can only show the jury a photo of an erect penis, the jury will ignore the law and award her a jackpot verdict. If a jury finds that Ford knew of harassment before that photo was sent, so be it. But Plaintiff should not be entitled to a highly-prejudicial shortcut that will encourage the jury to avoid scrutinizing the predicate question of notice that controls the photo's admissibility. The Court should exercise its discretion to bifurcate the notice issue.

## II.    Plaintiff concedes the Court likewise has discretion to impose considerable conditions on her use of evidence—and it should do so.

Plaintiff concedes that the Court has other tools to address prejudicial evidence, including jury instructions. ECF No. 128, PageID.2860. Ford agrees that the Court should give strong limiting instructions—regardless of bifurcation—at the

-3-

outset of the case that any substantive harassment evidence it hears is only conditionally relevant and must be disregarded if it finds (1) that Ford was not on notice of harassment, or (2) that Ford was not on notice when the event described occurred. But given the highly inflammatory nature of the conditional evidence, jury instructions would not be sufficient. *See United States v. Balthazard*, 360 F.3d 309, 313–14 (1st Cir. 2004) (noting "acute" risk of unfair prejudice arising from misuse of conditionally relevant evidence). Bifurcation is the only solution to this problem.

That said, Rule 104(b) provides that when "the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist." Under this rule, before allowing conditional evidence to be introduced, the Court should "consider all evidence presented to the jury" and decide "whether the jury could reasonably find the conditional fact" by "a preponderance of the evidence." *Huddleston v. United States*, 485 U.S. 681, 690-91 (1988). And if this showing is made, the jury may then "be instructed to determine whether the evidence is relevant by deciding whether the condition is fulfilled, and to ignore or employ the evidence accordingly." 2 Handbook of Fed. Evid. § 104:2 (9th ed.). Regardless of the Court's bifurcation ruling, Plaintiff should *not* be allowed to introduce any substantive harassment evidence until she makes an evidentiary showing of notice sufficient to satisfy the Court under Rule 104(b)—meaning that she should not be permitted to show inflammatory evidence during counsel's

opening statements as no admissible evidence will have yet been submitted on the issue. *See United States v. Greer*, 958 F. Supp. 192, 196 (D. Vt. 1997) (excluding Rule 104(b) conditional evidence from use in opening statements).

## Conclusion

The Court should bifurcate the notice issue and take other steps to prevent the misuse of highly prejudicial conditional evidence against Ford, as described above.

Respectfully submitted,

KIENBAUM HARDY
VIVIANO PELTON & FORREST, P.L.C.

/s/ Thomas J. Davis
   Elizabeth Hardy (P37426)
   Thomas J. Davis (P78626)
Attorneys for Defendants
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI 48009
(248) 645-0000
ehardy@khvpf.com
Dated: July 24, 2023     tdavis@khvpf.com

489644

-5-

## Certificate of Service

I hereby certify that on July 24, 2023, I electronically filed this document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

*/s/ Thomas J. Davis*
Thomas J. Davis (P78626)
Kienbaum Hardy
Viviano Pelton & Forrest, P.L.C.
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI  48009
(248) 645-0000
tdavis@khvpf.com

489644