UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

――――――――――

DEANNA JOHNSON

      Plaintiff,

vs.

FORD MOTOR COMPANY,
*a Delaware corporation;*

      Defendant.

Case No. 2:19-cv-10167
Hon. Gershwin A. Drain
Mag. Judge Elizabeth A. Stafford

_____/

| | |
|---|---|
| Carol A. Laughbaum (P41711) | Elizabeth P. Hardy (P37426) |
| STERLING ATTORNEYS AT LAW, P.C. | Thomas J. Davis (P78626) |
| Attorneys for Plaintiff | KIENBAUM, HARDY, VIVIANO, |
| 33 Bloomfield Hills Pkwy., Ste. 250 | PELTON & |
| Bloomfield Hills, Michigan 48304 | FORREST, P.L.C. |
| (248) 644-1500 | Attorneys for Defendant |
| claughbaum@sterlingattorneys.com | 280 N. Old Woodward Ave., Ste.400 |
| | Birmingham, MI 48009 |
| | (248) 645-0000 |
| | ehardy@khvpf.com |
| | tdavis@khvpf.com |

_____/

**PLAINTIFF'S SUPPLEMENTAL BRIEF RE:  ECF 120 –
DEFENDANT'S MOTION IN LIMINE AS TO "HARASSMENT
ALLEGATIONS NOT INVOLVING PLAINTIFF"**

At the August 1, 2023 Final Pretrial Conference in this matter, the Court made rulings from the bench regarding the parties' various pre-trial motions. Defendant sought clarification with respect to the Court's ruling regarding ECF #120- *Defendant's Motion in Limine to Preclude Evidence or Argument of Harassment Allegations Not Involving Plaintiff*.[1] The Court indicated that it would accept additional, limited briefing.

With the exception of the harassment cases at Ford's Chicago plants, which Plaintiff "almost by stipulation" agreed not to introduce or mention at trial, the Court denied ECF 120 without prejudice. To the extent Ford raises any confusion as to the Court's ruling, it apparently concerns the documents that Ms. Clemons showed to Plaintiff when they met in her office on November 25, 2018. But the Court specifically ruled that Ford's motion as to the contents of those files was denied (without prejudice), that evidence of other harassment cases was not offered for the truth (no hearsay issues), and that Plaintiff's description of her interaction with Ms. Clemons that day was relevant.

The pertinent facts are as follows. As briefed elsewhere, during that November 25, 2018 meeting, Plaintiff advised Clemons, among other things, that she was coming to Clemons with her sexual harassment complaints about Rowan because her prior complaints about him to her supervisors (Mahoney,

---

[1] ECF 120 (motion); ECF 132 (response); ECF 141 (reply).

1

Markavich) had not worked and only made her situation worse (ECF 55, PageID 1147-1148). At some point, Ms. Clemons went to her file cabinet and took out and handed to Ms. Johnson a stack of materials related to sexual harassment allegations at Ford, *id.* Clemons also provided Plaintiff with websites where she could find additional information, told Johnson she needed to be a "whistleblower" with respect to sexual harassment at Dearborn Truck, and provided her with attorney information, *id.*

Clemons admits that she showed Plaintiff a paper about reporting sexual harassment, and Ford's anti-harassment policy, and mentioned to her a New York Times article "because it related to sexual harassment" (ECF 55-5, PageID 1311). It is uncontested that Ms. Clemons showed Plaintiff materials, but did not give her copies (to keep) of anything.[2]

The Court correctly refused to exclude this material, highly relevant evidence of what transpired at the November 25, 2018 meeting where Plaintiff reported her sexual harassment allegations to Clemons.

---

[2] While Ford denied it at the August 1, 2023 hearing, both Plaintiff and Clemons confirm that these materials were specific to **sexual harassment** (ECF 55-3, PageID 1185-186)("It [the file] was in regards to a sexual harassment claim.... It said that there had been sexual harassment in the company of Ford and she just wanted me to read over those things.... It was different articles and different things that she had written down....They were in her handwriting as well as typed-up papers that were laminated"); ECF 55-5, PageID 1311.

**PROOF OF SERVICE**

I certify that on August 8, 2023, I filed the foregoing paper with the Clerk of the Court using the ECF system, which will electronically send notification to all counsel of record.

/s/Carol A. Laughbaum
Sterling Attorneys at Law, P.C.
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500

Respectfully submitted,

STERLING ATTORNEYS AT LAW, P.C.

By:/s/Carol A. Laughbaum
    Carol A. Laughbaum (P41711)
    Attorneys for Plaintiff
    33 Bloomfield Hills Pkwy., Ste. 250
    Bloomfield Hills, MI 48304
    (248) 644-1500

3