UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANNA JOHNSON,

     Plaintiff,

v.

FORD MOTOR COMPANY,
a Delaware corporation,

     Defendant.

Case No. 19-cv-10167

Honorable Gershwin A. Drain

Magistrate Elizabeth A. Stafford

---

STERLING ATTORNEYS AT LAW, P.C.
Carol A. Laughbaum (P41711)
Attorneys for Plaintiff
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500
claughbaum@sterlingattorneys.com

KIENBAUM HARDY VIVIANO
PELTON & FORREST, P.L.C.
Elizabeth P. Hardy (P37426)
Thomas J. Davis (P78626)
Attorneys for Defendant
280 N. Old Woodward Ave.
Ste. 400
Birmingham, MI 48009
(248) 645-0000
ehardy@khvpf.com
tdavis@khvpf.com

---

**Defendant's Response in Opposition to Plaintiff's Motion for Reconsideration**

## Argument

A "motion for reconsideration" is not an "opportunity for a 'second bite at the apple.'" *Causey v. Dore*, No. 2021 WL 1267579, at *3 (E.D. Mich. Apr. 6, 2021) (Drain, J.). Nor is it a "vehicle to re-hash old arguments." *Smith v. Mount Pleasant Pub. Schools*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003). But that is all Plaintiff's motion does: rehash erroneous arguments about the Sixth Circuit's holding in *Betts v. Costco*, 558 F.3d 461, 475 (6th Cir. 2009) regarding constructive discharge, and repeat her unsupported demand that she be able to litigate whether she was *actually* terminated, despite this Court's denial of her motion to amend to add that theory— a ruling she did not appeal. But the Court did not err, and the motion for reconsideration—devoid of authority supporting her position—should be rejected.

## I.    The Court correctly held that Plaintiff may not seek lost-wage damages.

Plaintiff's motion for reconsideration argues, as before, that *Betts* held that the mere allegation of economic loss is sufficient to recover lost-wage damages, even without a wrongful termination or constructive discharge claim. *Compare* ECF No. 152, PageID.3287-3288 *with* ECF No. 130, PageID.2890-2892. As this Court correctly held, "Plaintiff reads Betts too broadly." ECF No. 149, PageID.3252. *Betts* affirmed two reasons given by the district court for denying the plaintiff's lost-wage claim: (1) the plaintiff had not alleged a wrongful termination or constructive discharge claim; *and* (2) the plaintiff did not claim that he had lost any wages. *Betts*, 558 F.3d at 474-75. Both are required, and as this Court held, Plaintiff's complaint

contains neither a termination claim nor a constructive discharge claim. ECF No. 149, PageID.3253.

Plaintiff's incredulity at *Betts*'s holding stems from a basic failure to recognize "that constructive discharge is a claim distinct from" the underlying hostile-environment claim, even when the constructive discharge allegedly stemmed from a hostile environment. *Green v. Brennan*, 578 U.S. 547, 559 (2016). Constructive discharge is a species of wrongful termination and has different elements than a hostile-environment claim, including a requirement that a plaintiff "prove first that he was discriminated against by his employer to the point where a reasonable person in his position would have felt compelled to resign," *and* that he resigned. *Id.*

Thus, as *Betts* held, "a loss of wage award is not the natural consequence of" a hostile-environment claim. 558 F.3d at 474-475. Rather, loss of wages requires a party to plead and prove wrongful termination, through either an actual discharge or a constructive discharge. *Id.* And contrary to what Plaintiff argues, that is precisely what the circuit-court cases relied upon by *Betts* held. *See Spencer v. Wal-Mart Stores, Inc.*, 469 F.3d 311, 317 (3d Cir. 2006) ("We hold that a successful hostile work environment claim alone, without a successful constructive discharge claim, is insufficient to support a back pay award."); *Mallinson-Montague v. Pocrnick*, 224 F.3d 1224, 1237 (10th Cir. 2000) ("Because the jury rejected the Plaintiffs' claims

that they were constructively discharged, the district court did not err in concluding that they were not entitled to back or front pay.")

Here, Plaintiff does not (and could not) dispute the Court's finding that she did not assert a constructive discharge claim. Her complaint contains no constructive discharge count, and it does not assert the constructive discharge elements. This Court already held—when denying Plaintiffs' attempt to amend her complaint a month before the end of discovery—that it would be prejudicial to permit a distinct termination claim.[1] ECF No. 45, PageID.652 (*citing Henkel AG & Co., KGaA*, 930 F.3d 775, 786 (6th Cir. 2019)).

The prejudicial effect of an amendment less than a month before *trial* is even greater, where the defendant "will have begun trial preparation based on the issues aired in the discovery process." *Holland v. Metro. Life Ins.,* 869 F.2d 1490 (6th Cir. 1989); *accord United States v. Midwest Suspension & Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995) (denying motion to amend "about a month before the beginning of trial). But that is what Plaintiff is effectively demanding: a last-second addition of a never-pled theory of recovery, long after discovery has ended and on the eve of trial.

Plaintiff's attempt to shoehorn in a constructive discharge theory of recovery is also highly prejudicial because it was timed to prevent judicial scrutiny of that

---

[1] A ruling that Plaintiff did not appeal, and which is thus law of the case. *See* Order, ECF No. 80, PageID.1798-1799 (holding that Plaintiff may not revisit rulings that she failed to earlier appeal under law-of-the-case doctrine.)

claim, by raising it long after the summary-judgment deadline. Here, Plaintiff did not stop coming to work until after Ford had suspended Rowan. But the Sixth Circuit recently held, as a matter of law, that no reasonable person would feel compelled to resign *after* the employer removed the alleged harasser from the workplace. *See Garcia v. Beaumont Health Royal Oak Hosp.*, No. 22-1186, 2022 WL 5434558, at *7 (6th Cir. Oct. 7, 2022). Thus, had Plaintiff timely pled a constructive discharge claim, it very likely would have been dismissed at the summary judgment stage. It is far too late for Plaintiff to raise this new theory, and it would be far too prejudicial to Ford and confusing to a jury to allow this claim now.

## II.  The Court correctly rejected Plaintiff's efforts to introduce evidence that she was "terminated."

Plaintiff also repeats her original demand—again, without citation to any authority—that she should be permitted to argue to the jury that she was "terminated." ECF No. 152, PageID.3291. And again, she telegraphs an intent to argue that Ford *fired* her so that a jury will suspect retaliation—rather than tell the jury the truth, which is that Plaintiff failed to return from a medical leave and was processed as a voluntary quit under longstanding Ford policy. *See, e.g.*, ECF No. 38, PageID.496-497 (citing evidence); Order & Opinion, ECF No. 45, PageID.649-650.

Plaintiff's sole justification for seeking reconsideration is an alleged concern that the jury might wonder why Plaintiff is no longer at Ford. ECF No. 152, PageID.3291. This excuse is not genuine. In its original briefing on this motion in

limine, Ford stated it would agree to a simple stipulation that "Plaintiff no longer works for Ford Motor Company and the jury need not concern itself with the reasons for her departure." ECF No. 140, PageID.3196 & n.2. Plaintiff ignores this, and instead advances her intent to show the jury documents stating that she was "terminated," with the hopes that the jury will hold this against Ford even if it were not "illegal" to do so. Not only does this seek to contravene the Court's earlier order *rejecting* Plaintiff's claim of retaliatory termination on futility grounds, ECF No. 45, PageID.649-651, it would force Ford to put on witnesses and evidence of its own explaining that Plaintiff quit her job by failing to return to work after her medical leave expired. There is no need to create juror confusion or waste time and effort on this irrelevant issue. The Court did not err in exercising its discretion to exclude evidence related to Plaintiff's "termination."

### Conclusion

The Court should deny Plaintiff's motion for reconsideration.

/s/ Thomas J. Davis
Elizabeth Hardy (P37426)
Thomas J. Davis (P78626)
KIENBAUM HARDY
VIVIANO PELTON & FORREST, P.L.C.
Attorneys for Defendants
280 N. Old Woodward Ave., Suite 400
Birmingham, MI 48009
(248) 645-0000
ehardy@khvpf.com
Dated: August 21, 2023          tdavis@khvpf.com

429071

**Certificate of Service**

I hereby certify that on August 21, 2023, I electronically filed this document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

*/s/ Thomas J. Davis*
Thomas J. Davis (P78626)
Kienbaum Hardy
Viviano Pelton & Forrest, P.L.C.
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI  48009
(248) 645-0000
tdavis@khvpf.com

429071