UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANNA JOHNSON,

    Plaintiff,

v.

FORD MOTOR COMPANY,

    Defendant.
_____/

Case No. 19-cv-10167

U.S. District Court Judge
Gershwin A. Drain

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OR ARGUMENT OF HARASSMENT ALLEGATIONS NOT INVOLVING PLAINTIFF (ECF No. 120) AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION *IN LIMINE* CONCERNING MISCELLANEOUS EVIDENTIARY MATTERS (ECF No. 122)**

## I.  INTRODUCTION

On January 17, 2019, Plaintiff DeAnna Johnson ("Plaintiff" or "Johnson") initiated the instant employment discrimination action against Defendant Ford Motor Company ("Defendant" or "Ford"). ECF No. 1. Plaintiff's currently pending claims are for sexual harassment/quid pro quo and hostile work environment under Michigan's Elliott-Larsen Civil Rights Act ("ELCRA") and for racial

1

harassment/racially hostile work environment under 42 U.S.C. § 1981.[1] *See id.* at PageID.7–9

Presently before the Court are Defendant's Motion *in Limine* to Preclude Evidence or Argument of Harassment Allegations Not Involving Plaintiff (ECF No. 120) and Defendant's Motion *in Limine* Concerning Miscellaneous Evidentiary Matters (ECF No. 122). Both motions are fully briefed, and per the agreement reached at the Final Pretrial Conference on August 1, 2023, the parties have also submitted supplemental briefing on both motions. Upon review of the parties' submissions, the Court concludes that oral argument will not aid in the disposition of these matters. Therefore, the Court will resolve the instant motions on the briefs. *See* E.D. Mich. LR 7.1(f)(2). For the following reasons, and subject to qualifications discussed below, the Court will **GRANT** Defendant's Motion *in Limine* to Preclude Evidence or Argument of Harassment Allegations Not Involving Plaintiff (ECF No. 120) and will **GRANT IN PART AND DENY IN PART** Defendant's Motion *in Limine* Concerning Miscellaneous Evidentiary Matters (ECF No. 122).

---

[1] Plaintiff's Amended Complaint also alleged a sexual assault and battery claim, ECF No. 9–10, but the Court granted summary judgment on that claim, ECF No. 100, PageID.1954.

2

## II. LAW & ANALYSIS

### A. Legal Standard

"A motion *in limine* is 'any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered.'" *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013) (quoting *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984)). Such motions are "designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Id*. (quoting *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990)).

However, the standard for relevancy is "extremely liberal" under the Federal Rules of Evidence.[2] *Dortch v. Fowler*, 588 F.3d 396, 400 (6th Cir. 2009). Rule 401 states that evidence is relevant if "(a) it has *any* tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401 (emphasis added). Relevant evidence is presumptively admissible while irrelevant evidence is not admissible at all. Fed. R. Evid. 402. "[E]ven if a district court believes the evidence is insufficient to prove the ultimate point for which it is offered, it may not exclude the evidence if it has the slightest probative worth." *United States v. Whittington*, 455 F.3d 736, 738–39 (6th Cir. 2006) (alteration in original) (quoting *DXS, Inc. v. Siemens Med. Sys., Inc.*, 100

---

[2] Hereinafter, all reference to a "Rule" or the "Rules" is to the Federal Rules of Evidence unless otherwise stated.

3

F.3d 462, 475 (6th Cir. 1996)). Nevertheless, the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

A district court has "broad discretion in determining the relevancy and admissibility of evidence, and its rulings on evidentiary matters will be reversed only upon a clear showing that it abused its discretion." *United States v. Branch*, 956 F.2d 1164 (6th Cir. 1992); *see also United States v. Drake*, 280 F. App'x 450, 454 (6th Cir. 2008).

## B. Discussion

### 1. Defendant's Motion *in Limine* to Preclude Evidence or Argument of Harassment Allegations Not Involving Plaintiff (ECF No. 120)

Defendant moves to exclude "all references to allegations of harassment that do not pertain to Plaintiff, including allegations relating to Ford plants in Chicago." ECF No. 120, PageID.2455. In response, Plaintiff clarifies that she "has no intention of delving into allegations of harassment in other cases, including those related to Ford's Chicago plants." ECF No. 132, PageID.2988. Instead, consistent with her testimony during her deposition and the declaration she submitted in opposition to summary judgment, Plaintiff plans to testify that Clemons showed her "a file of

4

materials related to Ford sexual harassment cases" during their meeting on November 25, 2018.  *Id.* at PageID.2989.  Defendant argues that "Plaintiff could provide almost no details about the purported [file], other than to concede that it contained no names, and did not mention litigation against Ford," and it has never been produced and is thus inadmissible hearsay as well as irrelevant and substantially more prejudicial than probative.  ECF No. 120, PageID.2455–56.

The Supreme Court has held that "[e]vidence of actual harm to nonparties can help to show that the conduct that harmed the plaintiff also posed a substantial risk of harm to the general public, and so was particularly reprehensible" and supports an award of punitive damages, so long as the jury does not use the evidence to punish the defendant for harm suffered by nonparties.  *Philip Morris USA v. Williams*, 549 U.S. 346, 355 (2007).  However, the Elliot-Larsen Civil Rights Act ("ELCRA"), under which Plaintiff brings her sexual harassment claim, "does not permit punitive damages."  *Hubbell v. FedEx Smartpost, Inc.*, No. 14-13897, 2018 WL 1288988, at *3 (E.D. Mich. Mar. 13, 2018), *aff'd,* 933 F.3d 558 (6th Cir. 2019); *see also Williams v. Dearborn Motors 1, LLC*, No. 17-12724, 2020 WL 1242821, at *6 (E.D. Mich. Mar. 16, 2020) (citing *Gilbert v. DaimlerChrysler Corp.*, 685 N.W.3d 391, 400 (Mich. 2004)).

Plaintiff testified that Clemons "gave [her] literature in regards to several other cases that happened or something that happened at Ford" and that this literature

5

referred to incidents in Chicago and at the Dearborn plant, at which Plaintiff worked. ECF No. 55-3, PageID.1185. When asked about the contents, Plaintiff clarified that "[i]t said that there had been sexual harassment in the company of Ford before" and contained Plaintiff's counsel's information, articles, and Clemons' notes. *Id.* at PageID.1185–86. Likewise, in her affidavit in opposition to summary judgment, Plaintiff stated that the file Clemons provided her "contained various documents related to sexual harassment at Ford." ECF No. 55-4, PageID.1295. Indeed, in her supplemental brief, Plaintiff states that she and Clemons "confirm[ed] that these materials were specific to *sexual harassment*." ECF No. 147, PageID.3233 (emphasis in original) (citations omitted).

Plaintiff cannot seek punitive damages for her sexual harassment claim and she has given no indication that the file at issue relates to incidents of racial harassment at the Dearborn plant or elsewhere at Ford. This evidence is thus irrelevant to the issue of punitive damages and is therefore not admissible for that purpose. *See* Fed. R. Evid. 401 and 402.

To the extent Plaintiff argues that this evidence is relevant to establishing her sexual harassment claim, the probative value of the evidence is substantially outweighed by its undue prejudice and risk of confusing the issues. *See* Fed. R. Evid. 403. Under the ELCRA, a plaintiff may demonstrate that a defendant-employer had constructive knowledge of the harassment, or that the harassment

6

constituted a hostile work environment, by showing that the harassment was pervasive. *Sheridan v. Forest Hills Pub. Sch.*, 247 Mich. App. 611, 621 (2001); *Hawkins v. Anheuser-Busch, Inc.*, 517 F.3d 321, 335 (6th Cir. 2008). In determining pervasiveness, a factfinder "may consider evidence of other acts of harassment of which a plaintiff becomes aware during the period his or her employment, even if the other acts were directed at others and occurred outside of the plaintiff's presence." *Id*. Here, however, Plaintiff learned of these accusations during her report to Clemons and the day before Rowan was suspended. Therefore, they had little, if any, impact on her subjective perception of whether her work environment was hostile.

Additionally, Plaintiff testified that she could not recall what the file Clemons showed her said about the Dearborn plant. ECF No. 55-3, PageID.1186. She also testified that the file did not contain any names and did not reference any litigation. *Id*. Thus, Plaintiff cannot show a nexus between the other allegations of harassment and her own experiences to demonstrate constructive knowledge or that the work environment was objectively hostile. *See McLeod v. Parsons Corp.*, 73 F. App'x 846, 854 (6th Cir. 2003) (affirming district court's finding that evidence of other discrimination lawsuits against defendant-employer was irrelevant "because there was no clear nexus between these lawsuits and this case").

In contrast, evidence of vague and unsubstantiated allegations of sexual harassment would be highly prejudicial to Defendant and confuse the issues. *See Johnson v. Interstate Brands Corp.*, 351 F. App'x 36, 41 (6th Cir. 2009) (citing *Schrand v. Fed. Pac. Elec. Co.*, 851 F.2d 152, 156 (6th Cir. 1988), *abrogated on other grounds by Hazen Paper Co. v. Biggins*, 507 U.S. 604 (1993)). Specifically, there is a risk that the jury will seek to punish Defendant for harm to third parties or use this evidence to "embellish[]" Plaintiff's evidence of her own harassment. *Schrand*, 851 F.2d at 156.

Accordingly, Defendant's motions is **GRANTED**. Plaintiff may testify that Clemons showed her various materials, including, *inter alia*, Ford' sexual assault policy and Plaintiff's counsel's contact information, during their meeting. She may not, however, testify that Clemons provided her a file, document, literature, or materials containing accusations of past incidents of sexual assault at the Dearborn plant.

### 2. Defendant's Motion *in Limine* Concerning Miscellaneous Evidentiary Matters (ECF No. 122)

Defendant moves to exclude:

(a) arguments about Rowan's alleged consensual relationships at Ford; (b) allegations that Rowan punched cabinets and other objects; (c) prejudicial misuse of certain lewd images before the jury; and (d) references to personal hardships in Plaintiff's life unrelated to the case,

8

including a fire at her residence and physical or mental ailments affecting her family members.

ECF No. 122, PageID.2586.

### i. Rowan's alleged consensual relationships at Ford

Defendant moves to preclude Plaintiff "from eliciting testimony about 'rumors' that Nick Rowan had relationships with other employees at the plant." ECF No. 122, PageID.2592. In support, Defendant first contends that evidence of consensual relationships is not relevant to whether Rowan harassed or was likely to harass Plaintiff. ECF No. 122, PageID.2593. The Court disagrees; the evidence is relevant for several reasons. Plaintiff testified that Rowan told her he wanted to add a Black woman to his "collection." ECF No. 55-3, PageID.1230. His relationships with other women at the Dearborn plant are thus probative of harassment because they relate to his motivations for engaging in harassing behavior. Plaintiff also attested that Rowan regularly showed her lewd pictures and videos of himself engaged in sexual acts with other employees, ECF No. 55-4, PageID.1292, so evidence of his relationships is also probative of whether Rowan's actions created a hostile work environment. Furthermore, Plaintiff testified that she told Mahoney about the lewd videos that Rowan showed her, ECF No. 55-3, PageID.1215, so this evidence is also probative of Mahoney's response to Plaintiff's complaints and thus Defendant's notice of the harassment.

9

Defendant also asserts that evidence of Rowan's other relationships is based on rumor and thus inadmissible hearsay. ECF No. 122, PageID.2594. The Court disagrees, in part, with this characterization. As discussed *supra*, Plaintiff testified that Rowan showed her pictures and videos of him engaging in sexual acts with other employees. Plaintiff's testimony regarding her own observations would not be based on rumor; nor would it constitute hearsay. However, although not based on rumor, Plaintiff's testimony regarding what Rowan told her about his relationships with other employees would be hearsay if offered to prove that he, in fact, had relationships with other employees. Plaintiff has not offered any potential hearsay exceptions or exclusions for this evidence if offered for that purpose, and the Court is aware of none.

Likewise, Plaintiff's testimony about Clemons telling her rumors about Rowan's relationships would also be hearsay if offered to prove that Rowan engaged in such relationships. While Clemons' statements to Plaintiff may be admissible as those of an opposing party's employee made in the scope of, and during, her employment, Fed. R. Evid. 801(d)(2)(D), those statements are based on rumors, which are themselves hearsay if offered for the truth of the matter stated in the rumor. *See United States v. Blackwell*, 459 F.3d 739, 755 (6th Cir. 2006) (affirming that witness's statement that he heard there was a rumor about a buyout on a message

board was inadmissible hearsay when offered to prove the existence of the rumor and double hearsay when offered to prove the existence of the buyout).

Clemons' own testimony is a different matter.  Clemons testified that, while resolving Plaintiff's allegations, she reported to HR that she "kn[e]w that [Rowan] has had relationships with hourly women across crews" but that they "ha[d] never been able to prove it."  ECF No. 55-5, PageID.1317.  She testified that she knew about this from "random shop talk, people having conversations throughout the plant."  *Id*.  She also reported to HR that "maybe eight years" before her deposition in November 2019, Terrance Roach, another process coach, told her that Rowan had "six or seven girlfriends," and another process coach stated that Rowan did not want to be moved from his work placement "because of some of the relationships he ha[d] back there."  ECF No. 55-5, PageID.1320.  Clemons' first statement is based on rumor and, because she could not identify the speakers, the Court has no way of knowing if a hearsay exception or exclusion applies.  Her statement that she knew Rowan had relationships with hourly employees is thus inadmissible.  However, her recounting of what Roach and the other process coach told her is admissible as a statement by an opposing party's employee.  Fed. R. Evid. 801(d)(2)(D).

Plaintiff asserts that all of Clemons' testimony is admissible because it would not be elicited to prove that Rowan, in fact, had these relationships but to show that Defendant had "notice of these relationships and the action it chose to take (moving

11

Rowan) or not take (interview/follow up with him) as a result of those allegations." ECF No. 148, PageID.3237. However, the cases on which Plaintiff relies in support of this proposition are distinguishable. In both, the rumors that were admitted were sexual in nature and about the plaintiff, thus constituting part of the sexual harassment the plaintiff faced. *See Targonski v. City of Oak Ridge*, 921 F. Supp. 2d 820, 827–28 (E.D. Tenn. 2013) (noting that "this case is about plaintiff's claim that defendant responded inappropriately to her complaints that a fellow police officer was spreading false sexual rumors about her" and that the admissible rumors were either admissible pursuant to Fed. R. Evid. 801(d)(2)(D) or to demonstrate the existence of workplace rumors and that the employer had knowledge of them); *Southerland v. Sycamore Cmty. Dist. Bd. of Educ.*, 277 F. Supp. 2d 807, 816 (S.D. Ohio 2003) (admitting evidence of rumors where they were not admitted for the truth of the rumors but to show that rumors about the plaintiff were spread and used "as a weapon to create a hostile working environment"), *aff'd,* 125 F. App'x 14, 22 (6th Cir. 2004).

This motion is **GRANTED IN PART AND DENIED IN PART** with respect to evidence of Rowan's relationships with other women. Plaintiff may testify to her own interactions with Rowan that led her to the conclusion that Rowan was having relations with women at the plant. Plaintiff may testify that she recognized these women as other employees, but she may not provide their names or any identifying

information. Further, Plaintiff may not testify regarding anything that Rowan or Clemons told her about these relationships. Clemons may testify to what she was specifically told by other employees. She may not testify regarding any rumors she may have heard around the plant. The parties will jointly craft an appropriate limiting instruction to ensure that the evidence of Rowan's relationships with other women at the Dearborn plant is considered by the jury for the proper purpose.

### ii. Allegations that Rowan punched cabinets and other objects

Defendant argues that evidence that Rowan punched items in the workplace is irrelevant because his violent actions do "not make it more or less likely that Rowan sexually or racially harassed Plaintiff, or whether Ford was on notice of sexual or racial harassment." ECF No. 122, PageID.2595–96. Defendant is correct that "violent actions do not inevitably lead to acts of criminal sexual conduct." *Hamed v. Wayne Cnty.*, 490 Mich. 1, 16 (2011). Nevertheless, this evidence is probative of Plaintiff's subjective feeling that her work environment was hostile and Defendant's notice. Specifically, it is relevant to Plaintiff's responses to Rowan's advances and the timing of her report. *See Wyatt v. Nissan N. Am., Inc.*, 999 F.3d 400, 416 (6th Cir. 2021) (rejecting defendant-employer's affirmative defense to sexual harassment claim because the "evidence demonstrate[d] that [the plaintiff] was under a credible threat of retaliation that alleviated her duty to report [her harasser]'s behavior" (citation and internal quotation marks omitted)).

Defendant also asserts this evidence will confuse the issues by encouraging the jury to equate Rowan's violence with harassment. The Court concludes that any risk of confusing the issues is outweighed by the probative value of the evidence. Furthermore, any confusion can be mitigated by proper limiting instructions.

Accordingly, Defendant's motion is **DENIED WITHOUT PREJUDICE** with respect to evidence of Rowan punching cabinets or other items in the workplace.

### iii. Lewd images

Defendant asks the Court to "limit the use of inflammatory images to moments where it is actively the subject of testimony" and preclude Plaintiff from enlarging or otherwise altering the images. ECF No. 122, PageID.2596. Plaintiff responds that she intends to display the images at issue in the same manner and for the same amount of time as her other exhibits. ECF No. 131, PageID.2910–11. Defendant acknowledges that this is consistent with the relief sought in its motion. ECF No. 139, PageID.3185.

Accordingly, Defendant's motion is **DENIED AS MOOT** with respect to Plaintiff's presentation of the lewd images she received from Rowan. Plaintiff may project the images onto the Court's and jurors' monitors as well as in an exhibit binder for the witnesses and jurors as needed. The images should not be any larger than 8 inches x 10 inches.

### iv.    Plaintiff's personal hardships

Finally, Defendant moves to preclude Plaintiff "from testifying about collateral personal hardships that are irrelevant and would have no purpose but to elicit sympathy from the jury." ECF No. 122, PageID.2600. Plaintiff stipulates to excluding evidence that her condominium was destroyed by a fire but still wants to present evidence regarding the sick or special needs family members for whom she cares. ECF No. 131, PageID.2912. While Plaintiff's situation is sympathetic, her care for her family members is wholly irrelevant to her harassment claims and thus inadmissible under Rule 401.

Accordingly, Defendant's motion is **GRANTED** with respect to Plaintiff's personal hardships.

### III.    CONCLUSION

Accordingly, for the reasons articulated above, and subject to the qualifications above, **IT IS HEREBY ORDERED** that:

- Defendant's Motion *in Limine* to Preclude Evidence or Argument of Harassment Allegations Not Involving Plaintiff (ECF No. 120) is **GRANTED** and

- Defendant's Motion *in Limine* Concerning Miscellaneous Evidentiary Matters (ECF No. 122) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS SO ORDERED**.

/s/ Gershwin Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: August 22, 2023

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 22, 2023, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager