UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

————————

DEANNA JOHNSON,

     Plaintiff,

vs.

FORD MOTOR COMPANY,
*a Delaware corporation,*

     Defendant.

———————————————————/

Case No. 2:19-cv-10167

Hon. Gershwin A. Drain

Mag. Judge Elizabeth A. Stafford

Carol A. Laughbaum (P41711)
STERLING ATTORNEYS AT LAW, P.C.
Attorneys for Plaintiff
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, Michigan 48304
(248) 644-1500
claughbaum@sterlingattorneys.com

Elizabeth P. Hardy (P37426)
Thomas J. Davis (P78626)
KIENBAUM HARDY
VIVIANO PELTON & FORREST, P.L.C.
Attorneys for Defendant
280 N. Old Woodward Ave., Ste.400
Birmingham, MI 48009
(248) 645-0000
ehardy@khvpf.com
tdavis@khvpf.com

———————————————————/

**[DEFENDANT'S PROPOSED] Post-Evidence Jury Instructions
& Verdict Form**

**Instruction No. __**
**Introduction**

Members of the jury, I will now instruct you as to the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every civil case.

Then I will explain the elements of the claim(s) made by Plaintiff.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

I will then explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Then the lawyers for the parties will make their closing arguments.

Please listen very carefully to everything I say.

**Source:** Western District of Michigan Standard Civil Jury Instruction 2.01 (modified to place instructions before closing arguments)

2

**Instruction No. _**
**Jurors' Duties**

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you have seen and heard in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide what claims, if any, Plaintiff has proved by a preponderance of the evidence. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers may talk about the law during their arguments. But if what they say is different from what I say, you must follow what I say. What I say about the law controls.

You should perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

**Source:** Western District of Michigan Standard Civil Jury Instruction 2.02 (modified to add "You should" to first sentence of last paragraph)

**Instruction No. _**
**All Persons Equal Before the Law – Organizations**

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations of life. A corporation is entitled to the same fair trial at your hands as a private individual.

**Source:** Western District of Michigan Standard Civil Jury Instruction 2.03

**Instruction No. _**
**Evidence Defined**

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way. The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; the depositions which were read into evidence or which you watched on the video screen, the stipulations that the lawyers agreed to; and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record or I allowed some evidence to be considered by you for a limited purpose. You must completely ignore all of the things which are not in evidence or which I struck from the record, and you can consider the evidence which was admitted for a limited purpose only in your consideration of the limited purpose for which the evidence was admitted. Do not speculate about what a witness might have said or what an exhibit might

5

have shown. Things that are not evidence are not to influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

**Source:** Western District of Michigan Standard Civil Jury Instruction 2.04

**Instruction No. _**
**Consideration of Evidence**

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

**Source:** Western District of Michigan Standard Civil Jury Instruction 2.05 (second paragraph omitted as not applicable)

**Instruction No. _**
**Direct and Circumstantial Evidence**

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that it is raining outside, and you believed the witness, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, nor does it provide that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

**Source:** Western District of Michigan Standard Civil Jury Instruction 2.06 (slight modification to second sentence of last paragraph for readability)

**Instruction No. _**
**Credibility of Witnesses**

Another part of your duties as jurors is to decide how credible or believable each witness was. This is your duty, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions. Let me suggest some things for you to consider in evaluating each witness's testimony.

Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

Ask yourself if the witness had any relationship to any party in this case, or anything to gain or lose from the case, that might influence the witness's testimony.

Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something or failed to say or do something at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony

you believe, and how much weight you think it deserves.

**Source:** Western District of Michigan Standard Civil Jury Instruction 2.07

**Instruction No. _**
**General Rules - Conclusion**

That concludes the part of my instructions explaining your duties and the general rules that apply in every civil case. In a moment, I will explain the elements of Plaintiff's claims against Defendant.

But before I do that, I want to emphasize that this trial is only on the particular claims alleged in Plaintiff's complaint filed in this case. Your job is limited to deciding whether Plaintiff has proved the claims alleged in this case.

**Source:** Western District of Michigan Standard Civil Jury Instruction 3.01

**Instruction No. _**
**Burden of Proof**

In these instructions you are told that your verdict depends on whether you find certain facts have been proved. The burden of proving a fact is upon the party whose claim depends upon that fact. The party who has the burden of proving a fact must prove it by the preponderance of the evidence, which I have already defined for you.

If a preponderance of the evidence does not support each essential element of a claim, then the jury should find against the party having the burden of proof on that claim.

**Source:** Western District of Michigan Standard Civil Jury Instruction 3.02A

**Instruction No. _**
**Liability Causes of Action and Parties' Theories**

It is unlawful under state and federal law for an employer to intentionally discriminate against any person regarding employment, compensation, terms, conditions, or privileges of employment because of a person's sex or race.

In this case, Plaintiff alleges in Count I that she was intentionally discriminated against on the basis of sex. This claim arises under a state law known as the Elliott-Larsen Civil Rights Act or the ELCRA. In Count II, Plaintiff alleges that she was intentionally discriminated against on the basis of race. This claim arises under a federal law commonly referred to as Section 1981. Count I and Count II are separate claims and you must consider them separately. Defendant denies that it is liable to Plaintiff under either theory, including because it promptly remediated any alleged discrimination as soon as it received notice.

Source: M Civ JI 105.1; O'Malley et al., Fed. Jury Prac. & Instr. § 170:01 (6th ed.) (modified); *Jackson v. Quanex Corp.*, 191 F.3d 647, 658 (6th Cir.1999) ("We review claims of alleged race discrimination brought under § 1981 and the Elliot-Larsen Act under the same standards" as Title VII).

**Instruction No. _**
**Employment Discrimination—Sexual Harassment—Explanation**

I will now give you instructions on Count I. In this count, Plaintiff claims that she was subjected to harassment by coworker Nicholas Rowan and that this harassment was motivated by Plaintiff's sex. Sexual harassment is a type of sex discrimination prohibited by state law. In this case, Plaintiff claims sexually hostile work environment harassment.

Source: M Civ JI 105.10 (modified to case and to remove reference to quid pro quo; this is a co-worker harassment case).

**Instruction No. _**
**Employment Discrimination—Hostile Environment Sexual Harassment—**
**Burden of Proof—Employer Defendant**

Defendant is liable for the actions of coworker Nicholas Rowan in Plaintiff's claim of sexually hostile work environment harassment only if Plaintiff proves all of the following elements by a preponderance of the evidence:

1. That she was subjected to communication or conduct on the basis of gender; and

2. That she was subjected to unwelcome conduct or communication that was inherently sexual; and

3. That she was subjected to a sexually hostile work environment; and

4. That the employer was legally responsible for the sexually hostile work environment; and

5. That she has suffered damages.

Your verdict will be for Plaintiff if Plaintiff has proved all of those elements.

Your verdict will be for Defendant if Plaintiff has failed to prove any one of those elements.

---

Source: M Civ JI 105.14 (modified to include inherently sexual requirement; *see Haynie v. Michigan*, 468 Mich. 302 (2003); *Corley v Detroit Bd Of Ed*, 470 Mich. 274 (2004)).

**Instruction No. _**
**Employment Discrimination—Hostile Environment Sexual Harassment—**
**Burden of Proof—Unwelcome Sexual Conduct or Communication**

When I use the phrase "unwelcome sexual conduct or communications," I mean that Plaintiff is the recipient of unwanted conduct or communication that is inherently sexual.

Source: M Civ JI 105.18

**Instruction No. _**
**Employment Discrimination—Hostile Environment Sexual Harassment—**
**Employer Liability**

When I said the employer must be legally responsible, I mean Plaintiff must

prove that the employer:

(1) had adequate notice that Plaintiff was subjected to sexual harassment, and

(2) after receiving notice, failed to take prompt and adequate remedial action

which reasonably served to prevent future harassment of Plaintiff, and

(3) further sexual harassment of Plaintiff occurred as a result of the employer's

failure to take adequate remedial action.


Source: M Civ JI 105.24 (modified to clarify remedial action is required *after* being

put on notice of harassment; *see Radtke v Everett*, 442 Mich. 368 (1993); *Chambers*

*v Trettco, Inc.*, 463 Mich. 297 (2000))

**Instruction No. _**
**Employment Discrimination—Hostile Environment Sexual Harassment—**
**Notice**

As I just mentioned, one of the elements Plaintiff must prove to hold Defendant legally responsible for a sexually hostile work environment is that Defendant had "adequate notice that Plaintiff was subjected to sexual harassment."

By the term adequate notice, I mean that under the totality of the circumstances either the employer knew, or a reasonable employer should have known, of a substantial probability that Plaintiff was being sexually harassed.

To establish that the "employer knew" of a substantial probability that Plaintiff was being harassed, Plaintiff must prove that she made a report of sexual harassment to someone in higher management—meaning someone with actual authority to effectuate change in the workplace with respect to hiring, firing, and disciplining the offending employee. This is known as "actual notice."

To establish that a "reasonable employer should have known," Plaintiff must prove that the sexual harassment was so pervasive that, by an objective standard and under the totality of the circumstances, someone in higher management would have been aware of a substantial probability that sexual harassment was occurring. This is known as "constructive notice."

Source: M Civ JI 105.26 (modified to add standards for actual notice to higher management and standard for constructive notice); *Sheridan v. Forest Hills Pub. Sch.*, 247 Mich. App. 611, 622 (2001); *Kalich v. AT&T Mobility, LLC*, 679 F.3d 464, 474 (6th Cir. 2012) (recognizing *Sheridan* standard); *Chambers v. Trettco, Inc.*, 463 Mich. 297, 319 (2000); *Diepenhorst v. City of Battle Creek*, 2007 WL 1141492, at *12 (W.D. Mich. Apr. 17, 2007) (confirming that someone in higher management must have "constructive notice" of alleged harassment to attribute knowledge to employer), *aff'd,* 282 F. App'x 412 (6th Cir. 2008) (affirming in full, without panel opinion, "on the grounds identified by the district court"); *accord E.E.O.C. v. Harbert-Yeargin, Inc.*, 266 F.3d 498, 518 (6th Cir. 2001) (rejecting constructive notice argument when there was no proof that witnesses to alleged misconduct were supervisors)

**Instruction No. _**
**Employment Discrimination—Hostile Environment Sexual Harassment—**
**Prompt Remedial Action**

As I mentioned a moment ago in listing the elements that Plaintiff must prove to hold Defendant legally responsible for a sexually hostile work environment, Plaintiff must also prove that Defendant "failed to take prompt and adequate remedial action which reasonably served to prevent future harassment of the plaintiff."

By the term "prompt and adequate remedial action," I mean that the employer must take steps reasonably calculated to stop the harassment of Plaintiff. In determining whether the steps are reasonable, you should consider the totality of the circumstances.

If the remedial action was reasonably calculated to stop the harassment, it does not matter whether you believe, in your judgment, that a different remedy would have been more appropriate.

If the employer's remedial action actually prevented further harassment, you must find that it was prompt and adequate remedial action.

Therefore, if you find that Ford first had notice of sexual harassment on November 25, 2018 (the date both parties agree that Plaintiff reported harassment to LaDawn Clemons), and took prompt and remedial action by immediately separating Plaintiff from Rowan, suspending Rowan, and then ultimately terminating Rowan, then your verdict must be for Defendant on Count I.

Source: M Civ JI 105.28 (modified); *see, e.g.*, *Chambers v. Trettco, Inc.*, 463 Mich. 297, 318–319 (2000) (employer is liable only if it "failed to take prompt and adequate remedial action upon reasonable notice of the creation of a hostile environment."); *Houghtaling v. Bay Med Ctr.*, 1997 WL 33353513, at *1 (Mich. Ct. App., March 14, 1997) (remedial action is effective when the alleged harasser is "thwarted from future misconduct, as evidenced by the fact that he did not harass plaintiff again" after being disciplined"); *Collette v. Stein-Mart, Inc.*, 126 F App'x 678, 688 (6th Cir., 2005) ("Under Michigan law, the critical test of whether the employer's corrective action was adequate is whether it stopped the harassment."); *Garcia v. Beaumont Health Royal Oak Hosp.*, No. 22-1186, 2022 WL 5434558, at *4, *6 (6th Cir. Oct. 7, 2022) (holding, in Title VII and ELCRA case, that "an employer response that *does* prevent harassment precludes liability") (emphasis in original)

**Instruction No. _**
**Count II – Racial Harassment**
**Employment Discrimination—Racial Harassment—Explanation**

I will now give you instructions specific to Count II. In this count, Plaintiff claims that she was subjected to hostile work environment created by Nicholas Rowan and that this harassment was motivated by Plaintiff's race.

Source: Prefatory language modeled on M Civ JI 105.10.

**Instruction No. _**
**Employment Discrimination—Hostile Environment Racial Harassment—**
**Burden of Proof—Employer Defendant.**

Defendant is liable for the actions of coworker Nicholas Rowan in Plaintiff's claim

of racially hostile work environment harassment only if Plaintiff proves all of the

following elements by a preponderance of the evidence:

1. That she belonged to a protected class; and

2. That she was subjected to unwelcome racial harassment; and

3. The harassment was race based; and

4. The racial harassment unreasonably interfered with her work performance
   by creating an environment that was intimidating, hostile, or offensive; and

5. That the employer was legally responsible for the racially hostile work
   environment.

Your verdict will be for Plaintiff if Plaintiff has proved all of those elements.

Your verdict will be for Defendant if Plaintiff has failed to prove any one of those

elements.


Source: Structure from M Civ JI 105.14; modified to confirm to language of Sixth

Circuit, *see Clay v. United Parcel Serv., Inc.*, 501 F.3d 695, 706 (6th Cir. 2007); *Doe*

*v. City of Detroit, Michigan*, 3 F.4th 294, 300 (6th Cir. 2021).

**Instruction No. _**
**Employment Discrimination—Hostile Environment Racial Harassment—**
**Unwelcomed Conduct Based on Race**

I will now explain in greater detail the kind of unwelcome conduct necessary to establish a racially hostile work environment. As I mentioned, the unwelcome conduct or communication must be based on Plaintiff's race. Although communications need not be overtly racial in nature, Plaintiff must prove that any unwelcome conduct or communication complained of would not have occurred but for the fact that she was Black. Stated differently, communications or conduct that would have been directed at Plaintiff even if she were not Black are not based on Plaintiff's race and, thus, do not demonstrate a racially hostile work environment.

Source: *Clay v. United Parcel Serv., Inc.,* 501 F.3d 695, 706 (6th Cir. 2007) ("Conduct that is not explicitly race-based may be illegally race-based and properly considered in a hostile-work-environment analysis when it can be shown that but for the employee's race, she would not have been the object of harassment."); *see also Jackson v. Quanex Corp.*, 191 F.3d 647, 662 (6th Cir. 1999)

**Instruction No. _**
**Employment Discrimination—Hostile Environment Racial Harassment—**
**Racially Hostile Work Environment**

I will now explain to you in greater detail what I mean by "racially hostile work environment." A "racially hostile work environment" means that the unwelcome racial conduct complained of was so severe or pervasive, that, in the totality of the circumstances, it had the purpose or effect of substantially interfering with Plaintiff's employment or created an intimidating, hostile or offensive employment environment.

A racially hostile work environment requires more than simple teasing, offhand comments, the mere utterance of an offensive remark or even a series of offensive remarks. Rather, the conduct complained of must be extreme in nature and not merely rude or unpleasant. You must consider the evidence as a whole and the totality of the circumstances. In considering the totality of the circumstances, you must consider the nature of the conduct, the context in which it occurred, the frequency of the conduct, its severity, whether it was physically threatening or humiliating, and whether it unreasonably interfered with Plaintiff's work performance. If you find that the behavior was bothersome but did not interfere with Plaintiff's work performance, or could be classified as rudeness, occasional teasing, and isolated incidents, then the conduct was not "sufficiently severe" to support a racial harassment claim and you must find in favor of Defendant.

Moreover, you must view the unwelcome racial conduct or communication complained of under both a subjective and objective standard. To prevail, Plaintiff must first demonstrate that, from a subjective standpoint, the racial harassment unreasonably interfered with her ability to perform her work.

Second, you must also consider how a reasonable person would have perceived the racial conduct or communication alleged in this case. This is an objective standard, and you must look at the evidence from the perspective of a reasonable person's reaction to a similar environment under similar circumstances. You cannot view the evidence from the perspective of an overly sensitive person. Rather, you must evaluate the totality of the circumstances and determine whether the alleged harassing behavior could be objectively classified as the kind of behavior that would seriously affect the psychological well-being of a reasonable person. You must find that the conduct in question was more than "merely vulgar" or "mildly offensive." It must have been "deeply offensive."

Source: *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21-23 (1993); *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80-82 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998); *Johnson v. Ford Motor Co.*, 13 F.4th 493, 505 (6th Cir. 2021); *Khalaf v. Ford Motor Co.*, 973 F.3d 469, 483 (6th Cir. 2020)

**Instruction No. _**
**Employment Discrimination—Hostile Environment Racial Harassment—**
**Employer Liability**

I will now explain for you the circumstances under which Defendant, as the employer, can be held legally responsible for the racially hostile work environment created by one of its employees. To hold Defendant legally responsible for Nicholas Rowan's acts, Plaintiff must prove that Defendant:

(1) had adequate notice that Plaintiff was subjected to racial harassment, and

(2) failed to take prompt and adequate remedial action which reasonably served to prevent future harassment of Plaintiff, and

(3) further racial harassment of Plaintiff occurred as a result of Defendant's failure to take adequate remedial action.

Source: Structure of M Civ JI 105.24; same notice standard under federal law as under ELCRA; *see, e.g.*, *Neview v. D.O.C. Optics Corp.*, 382 F. App'x 451, 456 (6th Cir. 2010); *Williams v. Gen. Motors Corp.*, 187 F.3d 553, 561 (6th Cir. 1999).

**Instruction No. _**
**Employment Discrimination—Hostile Environment Racial Harassment—**
**Notice**

As I just mentioned, one of the elements Plaintiff must prove to hold Defendant legally responsible for a racially hostile work environment is that Defendant had "adequate notice that Plaintiff was subjected to racial harassment."

By the term "adequate notice," I mean that under the totality of the circumstances either the employer knew, or a reasonable employer should have known, of a substantial probability that Plaintiff was being racially harassed. An employer has adequate notice of racial harassment by a co-worker only if:

(a)     it becomes known to a supervisor who is sufficiently senior in the employer's governing hierarchy such that he or she has the authority to act on behalf of the employer to stop the racial harassment; or

(b)     a complaint is made to an employee who has been authorized—or is reasonably believed by a complaining employee to have been authorized—to receive and respond to or forward such complaints to management; or

(c)     the harassment was so pervasive and open that it is logical to presume that an objectively reasonable employer would have had to be aware of it.

Source: *E.E.O.C. v. Harbert-Yeargin, Inc.*, 266 F.3d 498, 518 (6th Cir. 2001);

*Gallagher v. C.H. Robinson Worldwide, Inc.*, 567 F.3d 263, 277 (6th Cir. 2009);

*Huston v. Procter & Gamble Paper Prod. Corp.*, 568 F.3d 100, 107 (3d Cir. 2009);

*Thomas v. Athlete's Foot*, 2012 WL 3467410, at *9 (E.D. Mich. July 20, 2012).

**Instruction No. _**
**Employment Discrimination—Hostile Environment Racial Harassment—**
**Prompt Remedial Action**

As I mentioned a moment ago in listing the elements that Plaintiff must prove to hold Defendant legally responsible for a racially hostile work environment, Plaintiff must also prove that Defendant "failed to take prompt and adequate remedial action which reasonably served to prevent future harassment of [P]laintiff."

By the term "prompt and adequate remedial action," I mean that the employer must take steps reasonably calculated to stop the harassment of Plaintiff. In determining whether the steps are reasonable, you should consider the totality of the circumstances. To be held legally responsible, Defendant's response must manifest indifference or unreasonableness in light of the facts it knew or should have known. If remedial action was reasonably calculated to stop the harassment, it does not matter whether you believe, in your judgment, that a different remedy would have been more appropriate.

If the employer's remedial action actually ended the harassment, you must find that it was prompt and adequate remedial action.

Therefore, if you find that Defendant first had notice of racial harassment on or after November 25, 2018 (the date both parties agree that Plaintiff reported harassment to LaDawn Clemons), and that Defendant took prompt and remedial action, then your verdict must be for Defendant on Count II.

31

Source: M Civ JI 105.28; *Garcia v. Beaumont Health Royal Oak Hosp.*, No. 22-1186, 2022 WL 5434558, at *4, *6 (6th Cir. Oct. 7, 2022); *Doe v. City of Detroit, Michigan*, 3 F.4th 294, 301 (6th Cir. 2021); *Fleenor v. Hewitt Soap Co.*, 81 F.3d 48, 51 (6th Cir. 1996)

**Instruction No. _**
**Consider Damages Only If Necessary**

If Plaintiff has proven a claim against Defendant by a preponderance of the evidence, you must determine the damages to which Plaintiff is entitled.

You should not interpret the fact that I am giving instructions about Plaintiff's damages as an indication in any way that I believe that Plaintiff should, or should not, win this case. It is your task first to decide whether Defendant is liable.

I am instructing you on damages only so that you will have guidance in the event you decide that Defendant is liable and that Plaintiff is entitled to recover money from Defendant.


**Source**: Western District of Michigan Model Instruction 3.04 (capitalized Plaintiff and Defendant to be internally consistent)

**Instruction No. __**
**Damages – Economic Damages Not Recoverable**

In this case, Plaintiff has not alleged that she was wrongfully discharged or forced to quit as a result of Defendant's alleged unlawful conduct. Therefore, I am instructing you that, even if you find Defendant liable on either Count I or Count II, Plaintiff is not entitled to any damages relating to any lost compensation.

Source: *Betts v. Costco Wholesale Corp.*, 558 F.3d 461 (6th Cir. 2009)

**Instruction No. _**
**Damages – Emotional Damages Recoverable**

If you find in favor of Plaintiff on either of her harassment claims, you may award her compensation for non-economic or emotional damages she may have experienced as a direct result of the harassment.

The purpose of these non-economic damages is to compensate Plaintiff for the emotional loss, if any, she experienced as a result of the harassment that Defendant did not promptly and adequately remedy, if such conduct occurred.

It is for you to decide whether Plaintiff is entitled to recover such damages and the amount of money, if any, she should be awarded to make her whole.

Source: *Moorer v. Baptist Mem'l Health Care Sys.*, 398 F.3d 469, 485-486 (6th Cir. 2005); *Phinney v. Perlmutter*, 222 Mich. App. 513, 530-531 (1997)

**Instruction No. _**
**Damages – Punitive Damages**

I will now give you an instruction that relates <u>only</u> to Count II, Plaintiff's racial harassment claim. If you find for Plaintiff on Count II, you may—but are not required to—assess punitive damages against Defendant in addition to compensatory damages. The purpose of punitive damages is to punish a defendant for reprehensible conduct and to serve as an example or warning to others not to engage in similar conduct in the future.

You may assess punitive damages against Defendant only if Plaintiff proves by a preponderance of the evidence that they are warranted in this case. An award of punitive damages would be appropriate in this case only if you find for Plaintiff on Count II (the racial harassment claim) and then further find by a preponderance of the evidence:

1.     That individuals employed in a managerial capacity and acting within the scope of their employment for Defendant personally acted with malice or reckless indifference to Plaintiff's federally protected rights, and

2.     That Defendant itself had not acted in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace.

As I mentioned, you may assess punitive damages against Defendant only if you find that the Defendant acted with malice or in reckless disregard of Plaintiff's rights under Section 1981. With respect to an organizational defendant like Ford, its conduct must be assessed through the conduct of its managerial employees. Those managerial employees must have acted with the requisite malice or reckless indifference of Plaintiff's rights—mere negligence or simple failure to report misconduct is not sufficient. To show malice, Plaintiff must show that an employee acting in a managerial capacity knew that federal law prohibits racial discrimination and discriminated against Plaintiff anyway. To show reckless indifference to Plaintiff's rights under Section 1981, Plaintiff must show that an employee acting in a managerial capacity acted with serious disregard for whether the conduct violated federal law. But you may not find there was malice or reckless indifference simply because a supervisor failed to act after Plaintiff complained about discrimination, or if there was merely constructive notice of racial harassment.

Even if you find that a managerial employee acted with malice or reckless disregard, you shall not award Plaintiff punitive damages if you find that Defendant made a good faith effort to comply with the law by adopting policies and procedures designed to stop harassment in the workplace. In assessing whether Defendant made a good faith effort to comply, you may consider whether the Defendant adopted a written anti-harassment policy, conducted trainings on that policy, conducted appropriate investigations of harassment complaints, and responded appropriately to

confirmed instances of harassment. If you find that Defendant made a good faith effort to comply with the law and that the actions of Defendant's agents acting in a managerial capacity were contrary to that effort, you shall not award punitive damages in this case.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount that reflects the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy for or against any party.

Punitive damages must bear a reasonable relationship to plaintiff's actual injury. In determining a reasonable relationship to the actual injury, you must consider all relevant factors. These include:

1. The reprehensibility and duration of Defendant's conduct;

2. The impact of Defendant's conduct on Plaintiff;

3. The amount of compensatory damages.

4. The potential profits Defendant may have made from its conduct.

5. The attitudes and actions of Defendant's top management after the misconduct was discovered.

6. The effect of the damages award on Defendant's financial condition.

Again, you may not award punitive damages against Defendant based on alleged sexual harassment. Punitive damages are not available to Plaintiff on her sexual harassment claim.

**Source**: O'Malley, §§ 170.64, 171.94 (modified); 42 U.S.C. § 1981a(b)(3); *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526 (1999) (setting forth punitive damages standard); *Parker v. Gen. Extrusions, Inc.*, 491 F.3d 596, 602 (6th Cir. 2007) (same); *E.E.O.C. v. Harbert-Yeargin, Inc.*, 266 F.3d 498, 514 (6th Cir. 2001) (good-faith effort to comply with federal law).

For the proposition that a managerial employee's negligence/failure to report is insufficient basis to award punitive damages, *see, e.g., Wiercinski v. Mangia 57, Inc.*, 787 F.3d 106, 115 (2d Cir. 2015) ("The only conduct that can be imputed to [Defendant] that [Plaintiff] alleges was "malicious" or "recklessly indifferent" was [the supervisor's] alleged failure to act after [Plaintiff] complained to her about the discrimination. Even if this fact could establish an employer's liability for co-worker harassment, it does not, by itself, warrant an award of punitive damages."); *Ward v. AutoZoners, LLC*, 958 F.3d 254, 269 (4th Cir. 2020) ("imposing punitive damages in the case of the mere knowledge of [co-worker's] conduct and negligent failure to act would conflate Title VII's carefully crafted standards for liability for compensatory damages and punitive damages, thereby imputing liability to an employer in virtually every hostile work environment case based on a theory of

negligence.”); *cf. Pahssen ex rel. Doe v. Merrill Cmty. Sch. Dist.*, 668 F.3d 356, 365 (6th Cir. 2012) (stating in municipal liability context that “Negligence, however, does not establish deliberate indifference”). For the proposition that constructive notice does not permit award of punitive damages, see *Splunge v. Shoney’s, Inc.*, 97 F.3d 488, 491 (11th Cir. 1996) (punitive damages standard that “refers to malicious or reckless acts, compels the conclusion that [the employer’s] mere “constructive knowledge” of the harassment cannot support punitive damages.”)

**Instruction No. _**
**Punitive Damages – Specific Harm to Plaintiff**

Punitive damages may not be used to punish the Defendant for conduct or harm that was not proven at trial or based on harm to persons other than the Plaintiff.

Rather, punitive damages must be limited to the specific harm suffered by the Plaintiff and that the Plaintiff proved at trial.


**Source:** *Philip Morris USA v. Williams*, 549 U.S. 346, 353 (2007) ("the Constitution's Due Process Clause forbids a State to use a punitive damages award to punish a defendant for injury that it inflicts upon nonparties or those whom they directly represent, *i.e.*, injury that it inflicts upon those who are, essentially, strangers to the litigation"); *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 423 (2003) ("Due Process does not permit courts, in the calculation of punitive damages, to adjudicate the merits of other parties' hypothetical claims against a defendant under the guise of the reprehensibility analysis"); *id.* at 422 ("conduct must have a nexus to the specific harm suffered by the plaintiff").

**Instruction No. _**
**Punitive Damages – Objectively Reasonable Conduct**

Even if you find that punitive damages might otherwise be available, you must not award any punitive damages if you decide that the defendants acted based on an objectively reasonable belief that their conduct was not unlawful.

Source: *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 69-70 (2007)

("disagree[ing]" with defendant's analysis of its legal obligations, but holding that because defendant's interpretation, "albeit erroneous, was not objectively unreasonable," and defendant could not have been said to have acted "willfully" or with "reckless disregard").

**Instruction No. _**
**Punitive Damages – Agency Guidance**

Even if you find that punitive damages might otherwise be available, you

must not award any punitive damages if you decide that the defendants acted based

on an objectively reasonable belief that their conduct complied with any applicable

guidance from a regulatory agency.


Source: *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 70 n.20 (2007) ("Where, as

here, the statutory text and relevant court and agency guidance allow for more than

one reasonable interpretation, it would defy history and current thinking to treat a

defendant who merely adopts one such interpretation as a knowing or reckless

violator.").

**Instruction No. _**
**Punitive Damages – Industry Standards**

Even if you find that punitive damages might otherwise be available, you

must not award any punitive damages if you decide that the Defendant acted

consistent with industry standards or customs.


Source: *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 70 n.20 (2007)

("Where … agency guidance" permits or authorizes a defendant's conduct, "it

would defy history and current thinking to treat [that] defendant … as a knowing

or reckless violator"); *Drabik v. Stanley-Bostitch, Inc.*, 997 F.2d 496, 510 (8th Cir.

1993) ("[c]ompliance with industry standard and custom serves to negate

conscious disregard and to show that the defendant acted with a nonculpable state

of mind" for purposes of punitive damages); *Reed v. Tiffin Motor Homes, Inc.*, 697

F.2d 1192, 1198 (4th Cir. 1982) (holding that industry standards are "[c]learly"

probative of availability of punitive damages).

**Instruction No. _**
**Punitive Damages – Fair Notice**

Even if you find that punitive damages might otherwise be available, you

must not award punitive damages if you decide that at the time of the challenged

conduct the Defendant was not on reasonable and fair notice that its conduct was

unlawful.


Source: *FCC v. Fox Television Stations, Inc.*, 132 S. Ct. 2307, 2317 (2012)

(potential for liability must be clearly established at the time of the challenged

conduct); *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 417 (2003)

("elementary notions of fairness enshrined in our constitutional jurisprudence

dictate that a person receive fair notice … of the conduct that will subject him to

punishment").

**Instruction No. _**
**Punitive Damages – Appropriate Ratio**

Even if you find that punitive damages might otherwise be available, your award must not be excessive.  Although there is no bright-line rule, an award of punitive damages that is more than five times the amount of compensatory damages would ordinarily be excessive.  If you award Plaintiff a large compensatory damages award of more than $100,000, then a punitive damages award that is more than two times that amount would ordinarily be excessive.

Source: *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003) ("an award of more than four times the amount of compensatory damages might be close to the line of constitutional impropriety"); *Bach v. First Union Nat. Bank*, 149 F. App'x 354, 366 (6th Cir. 2005 (overturning a 6.6:1 punitive damages ratio as constitutionally excessive); *Bridgeport Music, Inc. v. Justin Combs Pub.*, 507 F.3d 470, 488 (6th Cir. 2007) (finding a ratio of 9.5:1 too large); *id.* at 490 ("Given the large compensatory damages award of $366,939, a substantial portion of which contained a punitive element, and the low level of reprehensibility of defendants' conduct, a ratio of closer to 1:1 or 2:1 is all that due process can tolerate in this case.").

**Instruction No. _**
**Concluding Comments - Deliberation**

Now let me conclude by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court. Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any question or message, you must write it down on a piece of paper, sign it, and then give it to the jury officer. The officer will give the message to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any question or message normally should be sent to me through your foreperson.

You will be given the documents that were admitted into evidence. If you want to see any of the exhibits that were admitted into evidence and which you do not have, you may send me a message, and those exhibits will be provided to you.

One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split, or whatever your vote happens to be. That should stay secret until you are finished.

Source:  Western District of Michigan Model Instruction 9.01

**Instruction No. _**
**Research and Investigation**

Remember that you must make your decision based only on the evidence that you saw and heard here in court. The instructions I have given you throughout trial also apply to your deliberations. Do not try to gather any information about the case on your own. Do not bring any book, like a dictionary, or anything else with you to help you with your deliberations. Do not conduct any independent research, reading, or investigation about the case.

In addition to not discussing the case with anyone in person or on the telephone, you are not to use electronic communications about this case with anyone until you have reached your final conclusion in the case and you are told that you can discuss the case under the conditions that I will describe to you at that time. It would violate your oath, for example, to try to keep a family member, friend, or the media up-to-date about what is happening during the trial or while you are in the jury room. For example, do not use email, or a site such as Twitter to communicate about the case. Such communications, whether you intend so or not, would involve people who are not jurors in possibly influencing you in your decision at the conclusion of the trial. These people have not taken your oath to make a decision based solely on the evidence that you hear in court. Remember, that both parties are entitled to a fair trial by you and you must follow the instructions as to the law that

I am giving you now and that I gave you throughout the trial. Make your decision based only on the evidence that you saw and heard here in court.

Source:  Western District of Michigan Model Instruction 9.02

**Instruction No. _**
**Duty to Deliberate**

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

Also, be mindful that you each may process information differently or have different approaches to your deliberations. For example, some of you may need to think quietly while others may want to openly discuss their thoughts. It may take more time for some of you, than for others, to reach a decision. Be patient and considerate of each other's needs as you deliberate.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself whether Plaintiff's claims were proved by a preponderance of the evidence.

Source:  Western District of Michigan Model Instruction 9.04 (modified to remove redundant duplicative language in second paragraph)

**Instruction No. _**
**Close of Case Instruction re: Electronic Technology**

Throughout your deliberations, you may discuss with each other the evidence and the law that has been presented in this case, but you must not communicate with anyone else by any means about the case. You also cannot learn from outside sources about the case, the matters in the case, the legal issues in the case, or individuals or other entities involved in the case. This means you may not use any electronic device or media (such as a phone, computer, or tablet), the internet, any text or instant messaging service, or any social media apps (such as Twitter, Facebook, Instagram, LinkedIn, YouTube, WhatsApp, and Snapchat) to research or communicate about what you've seen and heard in this courtroom.

These restrictions continue during deliberations because it is essential, under our Constitution, that you decide this case based solely on the evidence and law presented in this courtroom. Information you find on the internet or through social media might be incomplete, misleading, or inaccurate. Even using your smartphones, tablets, and computers - and the news and social media apps on those devices – may inadvertently expose you to certain notices, such as pop-ups or advertisements, that could influence your consideration of the matters you've heard about in this courtroom.

You are permitted to discuss the case with only your fellow jurors during deliberations because they have seen and heard the same evidence and instructions

on the law that you have, and it is important that you decide this case solely on the evidence presented during the trial, without undue influence by anything or anyone outside of the courtroom. For this reason, I expect you to inform me at the earliest opportunity, should you learn about or share any information about this case outside of this courtroom or the jury room, or learn that another juror has done so.

Source: Proposed Model Jury Instructions, The Use of Electronic Technology to Learn or Communicate about a Case (Prepared by the Judicial Conference Committee on Court Administration and Case Management) (Updated June 2020), *at [www.uscourts.gov/sites/default/files/proposed_model_jury_instructions.pdf](http://www.uscourts.gov/sites/default/files/proposed_model_jury_instructions.pdf)*

**Instruction No. _**
**Notes**

During the trial, I permitted you to take notes and I have noticed that several of you have done so. As I said at the beginning of the trial, there is always a tendency to attach undue importance to matters which one has written down. Some testimony which is considered unimportant at the time presented, and thus was not written down, may have taken on greater importance later in the trial in light of all the evidence presented. Therefore, you are again instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and may not be a complete outline of the proceedings or a list of the highlights of the trial. Above all, your memory should be your greatest asset when it comes time to deliberate and render a decision in this case.

Source:  Western District of Michigan Model Instruction 9.04A

**Instruction No. _**
**Verdict Form**

I have prepared a verdict form for your use. A verdict form is simply the written notice of your decision. Whatever decision you reach in this case must be [the unanimous decision of all of you] [modify as appropriate]. When all of you agree upon a verdict, it will be received as your verdict.

After the verdict form is completed, your foreperson should give a written note to the bailiff. That person will deliver that note to me, you will be called into the courtroom, and your foreperson will deliver the verdict to me in the courtroom. The parties will then be informed of your verdict.

Source:  Western District of Michigan Model Instruction 9.05 (modified for single plaintiff)

**Instruction No. _**
**Court Has No Opinion**

Let me emphasize something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves whether Plaintiff's claims were proved by a preponderance of the evidence.


Source:  Western District of Michigan Model Instruction 9.09

## VERDICT FORM

### A.   SEXUAL HARASSMENT COUNT

1.   Do you find that Richard Mahoney was higher-level management at Ford, meaning that he had actual authority to effectuate change in the workplace with respect to hiring, firing, and disciplining Nicholas Rowan?

   YES _____          NO _____

2.   Do you find that Plaintiff was subjected to sexual harassment by Nicholas Rowan as defined by the jury instructions?

   YES _____          NO _____

   **If your answer is "no," skip ahead to Question No. 7**

3.   Do you find that higher-level management at Ford had adequate notice that Plaintiff was subjected to sexual harassment prior to November 25, 2018? You may not consider notice to Mr. Mahoney (if any) to be adequate notice to Ford if your answer to Question No. 1 was "no."

   YES _____          NO _____

   **If your answer is "no," skip ahead to Question No. 7**

4.   If your answer to Question No. 3 was "yes," provide the date on which higher management at Ford first had adequate notice that Plaintiff was being subjected to sexual harassment by Nicholas Rowan.

   Notice Date (Sexual Harassment): _____

5.    Do you find that Plaintiff was subjected to further sexual harassment after Ford had adequate notice that Plaintiff was being subjected to sexual harassment by Nicholas Rowan?

YES _____          NO _____

**If your answer is "no," skip ahead to Question No. 7.**

6.    Do you find that Plaintiff suffered emotional distress as a result of acts of sexual harassment that occurred <u>after</u> Ford was on adequate notice of sexual harassment?

YES _____NO _____

If yes, state the amount, if any, of emotional distress damages sustained by Plaintiff because of harassment occurring after Ford was on adequate notice of harassment.

AMOUNT OF EMOTIONAL DISTRESS DAMAGES: $_____.

**B.    RACIAL HARASSMENT COUNT**

7.    Do you find that Plaintiff was subjected to racial harassment by Nicholas Rowan as defined by the jury instructions?

YES _____          NO _____

**If your answer is "no," your work is finished. Sign the verdict sheet and return it to the bailiff.  Otherwise, continue.**

8.   Do you find that Ford had adequate notice of racial harassment, as defined in the jury instructions, prior to November 25, 2018?

YES _____          NO _____

**If your answer is "no," your work is finished. Sign the verdict sheet and return it to the bailiff.  Otherwise, continue.**

9.   If your answer to Question No. 8 was "yes," provide the date Ford first had adequate notice that Plaintiff was subjected to racial harassment by Nicholas Rowan?

Notice Date (Racial Harassment): _____

10.   Do you find that Plaintiff was subjected to further racial harassment after Ford had adequate notice of the racial harassment?

YES _____          NO _____

**If your answer is "no," your work is finished. Sign the verdict sheet and return it to the bailiff.  Otherwise, continue.**

11.   Do you find that Plaintiff suffered emotional distress as a result of acts of racial harassment that occurred <u>after</u> Ford was on adequate notice of racial harassment?

YES _____NO _____

If yes, state the amount, if any, of emotional distress damages sustained by Plaintiff because of racial harassment occurring after Ford was on adequate notice of racial harassment. You may not award duplicative damages for emotional distress caused by communications or conduct that you find was both racial *and* sexual in nature if you already awarded emotional distress

damages for those communications or conduct in response to Question No. 6.

AMOUNT OF EMOTIONAL DISTRESS DAMAGES: $_____

12. Do you find that a higher-level management official of Ford personally acted with malice or reckless indifference to Plaintiff's federally protected right to be free from workplace racial harassment?

YES _____    NO _____

**If your answer is "no," your work is finished. Sign the verdict sheet and return it to the bailiff.  Otherwise, continue.**

13. Do you find that Ford itself acted in good faith to attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace?

YES _____    NO _____

**If your answer is "yes," your work is finished. Sign the verdict sheet and return it to the bailiff. Otherwise, continue.**

14. If your answer to Question No. 12 is "yes," and your answer to Question No. 13 is "no," then state the amount of punitive damages, if any, Plaintiff is entitled to because Ford failed to take adequate remedial action once it had adequate notice of the racial harassment.

Remember, you **may not** award punitive damages based on sexual harassment, even if you found Ford liable for sexual harassment.

AMOUNT OF PUNITIVE DAMAGES: _____

## CONCLUDING INSTRUCTION

If you have properly followed the jury instructions that accompany this Verdict Form you will have completed your deliberations when you have reached this point. Please review the Verdict Form once more to make sure that you have answered all the questions that you were called upon to answer by the instructions and that you have recorded no response to the questions that, under the instructions, there was no occasion for you to address. After you have completed your review, your foreperson should place his or her signature, the date, and his or her printed name in the appropriate spaces below.

_____

_____ (print name)

Foreperson

Dated: _____, 2023

490842