UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANNA JOHNSON,

    Plaintiff,

v.

FORD MOTOR COMPANY,
a Delaware corporation,

    Defendant.

Case No. 19-cv-10167

Honorable Gershwin A. Drain

Magistrate Elizabeth A. Stafford

---

| STERLING ATTORNEYS AT LAW, P.C. | KIENBAUM HARDY VIVIANO PELTON & FORREST, P.L.C. |
|---|---|
| Carol A. Laughbaum (P41711) | Elizabeth P. Hardy (P37426) |
| Attorneys for Plaintiff | Thomas J. Davis (P78626) |
| 33 Bloomfield Hills Pkwy., Ste. 250 | Attorneys for Defendant |
| Bloomfield Hills, MI 48304 | 280 N. Old Woodward Ave. |
| (248) 644-1500 | Ste. 400 |
| claughbaum@sterlingattorneys.com | Birmingham, MI 48009 |
| | (248) 645-0000 |
| | ehardy@khvpf.com |
| | tdavis@khvpf.com |

---

**Defendant's Motion for Reconsideration of ECF No. 154
re: Punching Allegations**

Defendant Ford Motor Company moves this Court for reconsideration of one portion of its recent decision on Ford's Motion in Limine Concerning Miscellaneous Evidentiary Matters (ECF No. 122).

In support of the motion, Ford states:

1. On August 22, 2023, the Court issued an opinion and order on Ford's Motion in Limine Concerning Miscellaneous Evidentiary Matters. *See* ECF No. 154.

2. In addressing Ford's motion to exclude allegations about Rowan punching cabinets and other objects, the Court ruled that such evidence was "probative of… Defendant's notice." PageID.3333. In so doing, it cited a Sixth Circuit case (*Wyatt v. Nissan North America, Inc.*) involving *supervisory* harassment and the *Faragher/Ellerth* affirmative defense to vicarious liability for supervisory harassment, which has no legal relevance to this case involving co-worker harassment only.

3. Plaintiff did not argue, in her response to Ford's motion in limine, that allegations of Rowan punching things were relevant to showing Ford's notice of harassment, and she did not cite *Wyatt* in her briefing on this topic. *See* ECF No. 131, PageID.2909-2910. Nor did she mention this topic in the supplemental briefing on the motion in limine. *See generally* ECF No. 148, PageID.3235-3240. Ford thus has not had an opportunity to address this issue prior to the Court's ruling.

1

4. The Court should reconsider its opinion insofar as it suggests that Plaintiff's claim that she was afraid of Rowan as an explanation for the timing of her report has any bearing on Ford's liability. In a case involving co-worker harassment, the trigger for employer liability is the employer's notice—whether actual or constructive—and whether harassment continued after the employer had adequate notice. The employer's notice is an element of Plaintiff's case on which she bears the burden of proof; it is not an affirmative defense. And unlike the Title VII affirmative defense for supervisory liability, it does not matter whether the Plaintiff had a reason not to report harassment. Without notice, an employer cannot be liable for coworker harassment, because liability in such cases flows from employer negligence in responding to coworker harassment for which it has notice.

5. Because the Court made a legal mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision, reconsideration is appropriate. *See* EDMI Local Rule 7.1(h)(2)(A).

6. On August 30, 2023, counsel for Ford explained the nature of the motion and relief sought. Plaintiff did not give concurrence, requiring this motion.

                                                KIENBAUM HARDY VIVIANO
                                                PELTON & FORREST, P.L.C.

                                      By: */s/ Thomas J. Davis*
                                            Elizabeth Hardy (P37426)
                                            Thomas J. Davis (P78626)
                                            Attorney for Defendant
                                      280 N. Old Woodward Ave., Suite 400
                                      Birmingham, MI 48009
                                      (248) 645-0000
                                      ehardy@khvpf.com
                                      tdavis@khvpf.com

Dated: August 31, 2023

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANNA JOHNSON,

    Plaintiff,

v.

FORD MOTOR COMPANY,
a Delaware corporation,

    Defendant.

Case No. 19-cv-10167

Honorable Gershwin A. Drain

Magistrate Elizabeth A. Stafford

| STERLING ATTORNEYS AT LAW, P.C. | KIENBAUM HARDY VIVIANO PELTON & FORREST, P.L.C. |
|---|---|
| Carol A. Laughbaum (P41711) | Elizabeth P. Hardy (P37426) |
| Attorneys for Plaintiff | Thomas J. Davis (P78626) |
| 33 Bloomfield Hills Pkwy., Ste. 250 | Attorneys for Defendant |
| Bloomfield Hills, MI 48304 | 280 N. Old Woodward Ave. |
| (248) 644-1500 | Ste. 400 |
| claughbaum@sterlingattorneys.com | Birmingham, MI 48009 |
| | (248) 645-0000 |
| | ehardy@khvpf.com |
| | tdavis@khvpf.com |

**Defendant's Brief in Support of its Motion for Reconsideration of ECF No. 154 re: Punching Allegations**

## Statement of the Issue Presented

In supervisory harassment cases, a plaintiff's fear of retaliation is relevant to whether she "unreasonably failed" to report harassment—an affirmative defense to employer liability. In a co-worker harassment case, however, an employer is liable only if it had notice of harassment and failed to adequately respond. Should the Court reconsider its recent opinion that Plaintiff's alleged fear of Rowan because he punched cabinets and other objects is relevant to the notice issue in this case?

-ii-

## Controlling Authorities

*Chambers v. Trettco, Inc.*, 463 Mich. 297 (2000)

*E.E.O.C. v. Harbert-Yeargin, Inc.*, 266 F.3d 498 (6th Cir. 2001).

*Elezovic v. Ford Motor Co.*, 472 Mich. 408 (2005)

*Radtke v. Everett*, 442 Mich. 368 (1993)

**Argument**

In its August 22, 2023 opinion on Ford's motion in limine regarding miscellaneous evidentiary matters, the Court held that evidence that Rowan punched items in the workplace "is probative of Plaintiff's subjective feeling that her work environment was hostile and Defendant's notice. Specifically, it is relevant to Plaintiff's responses to Rowan's advances and the timing of her report." ECF No. 154, PageID.3333 (citing *Wyatt v. Nissan N. Am., Inc.*, 999 F.3d 400, 416 (6th Cir. 2021)). Respectfully, this was an error. *Wyatt* involved a legal question unique to federal supervisory harassment cases—specifically, the employer's affirmative defense to vicarious liability for harassment by a supervisor. *Id.* at 413-14. As *Wyatt* noted, in supervisor-harassment cases, the employer can avoid liability if the plaintiff "unreasonably failed" to take advantage of the opportunities to prevent harassment, and a plaintiff's fear of retaliation is relevant to reasonableness. *Id.*

But this is not a Title VII supervisory harassment case; it is a co-worker harassment case under Michigan law and Section 1981. In a co-worker harassment case, employer notice is not an affirmative defense. Rather, as this Court recognized in its summary judgment opinion, employer notice is an element of the plaintiff's case that she must prove. ECF No. 100, PageID.1959-1960 ("In a co-worker harassment case, 'for an employer to be liable… the harassed employee must show that the employer both (1) knew or should have known of the harassment and (2)

-1-

failed to take prompt and appropriate corrective action.'") (quoting *E.E.O.C. v. Harbert-Yeargin, Inc.*, 266 F.3d 498, 518 (6th Cir. 2001)).

Notice is an element of the plaintiff's claim in a co-worker harassment case because the basis for employer liability is not vicarious liability stemming from the harassment itself; rather, liability flows from the employer's negligence in responding to harassment it had adequate notice of. *See, e.g.*, *Chambers v. Trettco, Inc.*, 463 Mich. 297, 318 (2000) ("central question" in coworker harassment case is "whether plaintiff presented sufficient evidence to demonstrate that defendant 'failed to rectify a problem after adequate notice'"); *Blankenship v. Parke Care Centers, Inc.*, 123 F.3d 868, 872 (6th Cir. 1997) ("[i]n co-worker harassment cases, the employer is liable, if at all, directly, not derivatively"). An employer *cannot* be negligent for failing to respond to co-worker harassment for which it lacked adequate notice. *Radtke v. Everett*, 442 Mich. 368, 396–97 (1993) ("An employer, of course, must have notice of alleged harassment before being held liable for not implementing action."). Thus, it does not matter whether the Plaintiff had a good reason not to give notice; without notice, there is no liability, period. *Elezovic v. Ford Motor Co.*, 472 Mich. 408, 427 (2005) ("A plaintiff has no duty under the law to complain about discriminatory harassment, but the employer… will not be liable if it had no reason to know about it."). The holding of *Wyatt*—a supervisory

harassment case involving an affirmative defense resting on a plaintiff's "unreasonableness" in not using corrective opportunities—has no bearing here.

By ruling that Rowan's allegedly punching things is relevant to notice—and by citing the supervisory-harassment case *Wyatt* for that proposition—the Court's opinion suggests that Ford might be liable for coworker harassment that it did not have adequate notice of, based on the theory that Plaintiff did not give Ford notice because she feared Rowan. This was presumably unintentional; after all, not even Plaintiff argued for some fear-based exception to the notice-based employer liability regime in coworker harassment cases. *See* Mot. ¶ 3, *supra*. She did not cite *Wyatt* or related cases in her briefing, and her recently-submitted proposed jury instructions identifies notice as an element of her sexual harassment and racial harassment claims on which she bears the burden of proof. *See id.*; ECF No. 162, PageID.3542, PageID.3553. Nonetheless, if uncorrected, the Court's ruling would prejudicially and erroneously allow Plaintiff to suggest that she may nonetheless bypass a key element of her co-worker harassment case: proving Ford had notice of harassment.

## Conclusion

The Court should reconsider its August 22, 2023 ruling and hold that Plaintiff may not rely on evidence of Rowan allegedly punching items in the workplace as evidence that Ford had notice of sexual or racial harassment, and that Plaintiff may

-4-

not argue to the jury that Ford should be liable for Rowan's harassment even if it had no notice, on the theory that she was afraid to report Rowan's alleged behavior.

                                              Respectfully submitted,

                                              */s/ Thomas J. Davis*
                                                  Elizabeth Hardy (P37426)
                                                  Thomas J. Davis (P78626)
                                              Attorneys for Defendants
                                              280 N. Old Woodward Ave., Suite 400
                                              Birmingham, MI 48009
                                              (248) 645-0000
                                              ehardy@khvpf.com

Dated: August 31, 2023             tdavis@khvpf.com

492576

## Certificate of Service

      I hereby certify that on August 31, 2023, I electronically filed this document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

      */s/ Thomas J. Davis*
      Thomas J. Davis (P78626)
      Kienbaum Hardy Viviano
      Pelton & Forrest, P.L.C.
      280 N. Old Woodward Avenue, Suite 400
      Birmingham, MI  48009
      (248) 645-0000
      Email:  tdavis@khvpf.com

492576