UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANNA JOHNSON,

          Plaintiff,

                                      Case No.: 19-10167
v.                                     Hon. Gershwin A. Drain

FORD MOTOR COMPANY,

          Defendant.
_____/

**<u>ORDER SUSTAINING PLAINTIFF'S OBJECTION TO DEFENDANT'S SUNDAY, SEPTEMBER 10, 2023, DEPOSITION NOTICE FOR A SEPTEMBER 12, 2023, TRIAL DEPOSITION, AND GRANTING MOTION FOR A PROTECTIVE ORDER [#169]</u>**

**I.    INTRODUCTION**

This matter is set to commence trial on September 14, 2023. The Court set the trial date on August 7, 2023. Now before the Court is the Plaintiff Deanna Johnson's Objection to Defendant's Sunday, September 10, 2023, Deposition Notice for a September 12, 2023, Trial Deposition and Motion for a Protective Order, filed on September 10, 2023. ECF No. 169. Defendant Ford Motor Company filed its Response to Plaintiff's Objection and Motion for a Protective Order on September 11, 2023.

Upon review of the parties' filings, the Court concludes that oral argument will not aid in the disposition of this matter. Accordingly, the Court will resolve Plaintiff's Objection and Motion for a Protective Order on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2). Upon review of the parties' submissions and the relevant authority, the Court sustains Plaintiff's objection to Defendant's September 10, 2023, Deposition Notice for a September 12, 2023, Trial Deposition, and grants her Motion for a Protective Order. The trial deposition of Defendant's "may call" witness[1] shall not proceed.

## II.  LAW & ANALYSIS

Defendant Ford's eleventh-hour deposition notice for a trial deposition to take place two days before the start of trial is prejudicial to the Plaintiff and without proper justification. Defendant Ford asserts it only learned of its "may call" witness's September 17, 2023, wedding, and subsequent honeymoon on September 8, 2023. The trial in this matter has been scheduled since August 7, 2023. Defendant does not explain in its briefing or exhibits attached thereto why it has just learned of these facts on the eve of trial. It is extremely likely that a wedding ceremony and honeymoon were booked prior to September 8, 2023, and

---

[1] The Court declines to identify the Defendant's "may-call" witness by name as it is unclear to the Court if she is a female co-worker of the alleged harasser in this matter.

most probably had been scheduled on August 7, 2023, when trial in this matter was set. Defendant fails to advise the Court when the "may-call" witness planned her upcoming nuptials and honeymoon. Nor does Defendant articulate the need for its "may call" witness's testimony. Defendant never took her deposition during the discovery period in this matter. As such, Defendant's assertion that Plaintiff has always known about this witness because she was listed on Defendant's witness list and in the proposed joint final pretrial order does not tip the scales in favor of Defendant's position.

Ford relies on *Benedict v. United States*, to assert that there is nothing unusual about a witness's unavailability on the eve of trial; in fact, Ford maintains such occurrences are commonplace. No. 15-cv-10138, 2016 U.S. Dist. LEXIS 14610, at *2 (E.D. Mich. Oct. 21, 2016). However, *Benedict* is easily distinguishable from the facts present here. In *Benedict*, the plaintiff brought claims under the Federal Tort Claims Act asserting the Defendant, through its agency the Department of Veterans Affairs, breached the standard of care by failing to timely recognize the symptoms of appendicitis. *Id*. at *1-2. Because a physician who treated the plaintiff subsequent to the VA doctor's care, moved to Florida, the *Benedict* defendant provided the plaintiff with notice that it intended to take a second deposition of the doctor for the purposes of trial. *Id*. at *2. The *Benedict* defendant noticed the second deposition to occur six days prior to the

3

final pretrial conference, and twenty days prior to the start of trial. *Id*. Additionally, both parties in *Benedict* listed the treating doctor as a likely trial witness. *Id*. at *3.

Similarly, Defendant cites to *Marmelshtein v. City of Southfield*, where the plaintiff's counsel sought the de bene esse deposition of the plaintiff, Leonid Marmelshtein, because he was seventy-five years old, weighed less than seventy-five pounds and was becoming increasingly more frail with time. No. 07-CV-15063, 2010 U.S. Dist. LEXIS 112162, at *3 (E.D. Mich. Oct. 21, 2010). The *Marmelshtein* court permitted the de bene esse deposition to proceed because the "defendants were notified by Plaintiffs more than one month before the deposition was conducted that Plaintiffs intended to take a video deposition of Leonid Marmeshtein for use in trial in the event the Plaintiff becomes unavailable to testify." *Id.* at *8. Moreover, even though the *Marmelshtein* defendants objected to the de bene deposition on the very day it was scheduled, they had originally "actively participated in setting a mutually agreeable date on which the deposition could take place and did not file a motion to quash the trial deposition." *Id*. Finally, the *Marmelshtein* trial had yet to be scheduled.

The circumstances in *Benedict* and *Marmelshtein* are markedly different than the facts of this matter. Defendant Ford has not previously taken the deposition of its "may-call" witness, has not explained how the testimony is central

4

to Plaintiff's claims or its defense, the final pretrial conference has already been held, and the deposition notice was provided four days prior to trial with the deposition to be held only two days prior to the start of trial.

### III. CONCLUSION

For the reasons articulated above, Plaintiff's Objection is sustained and her Motion for a Protective Order [#169] is GRANTED.

SO ORDERED.

Dated: September 11, 2023 /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

### CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 11, 2023, by electronic and/or ordinary mail.
/s/ Amanda Chubb for Teresa McGovern
Case Manager