UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DEANNA JOHNSON, | |
| *Plaintiff*, | Case No. 2:19-cv-10167 |
| v. | District Judge Gershwin A. Drain |
| FORD MOTOR COMPANY, | Magistrate Judge Elizabeth A. Stafford |
| *Defendant*. | |

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [#152]

Plaintiff Deanna Johnson ("Plaintiff") initiated this employment discrimination action against Defendant Ford Motor Company ("Defendant") on January 17, 2019. ECF No. 1. Plaintiff alleges hostile work environment sexual harassment under Michigan's Elliot-Larsen Civil Rights Act ("ELCRA") and racial harassment/racially hostile work environment under 42 U.S.C. § 1981. *See id.* at PageID.7-9.

On August 9, 2023, the Court entered an Order resolving six of the parties' motions *in limine*. ECF No. 149.[1] Relevantly, the Court granted Defendant's Motion to Exclude Claims and Evidence Related to Plaintiff's Separation from Ford and Associated Lost-Pay Damages (ECF No. 119). In granting the motion, the Court

---

[1] Resolving ECF Nos. 116, 118, 119, 121, 123, and 124

1

ruled that *Betts v. Costco Wholesale Corp.*, 558 F.3d 461 (6th Cir. 2009)) does not permit a plaintiff to recover lost wages in a hostile work environment action without an accompanying wrongful termination or constructive discharge claim. ECF No. 149, PageID.3252-3253. Plaintiff filed a Motion for Reconsideration of that Order on August 14, 2023 (ECF No. 152), arguing that the Court reads *Betts* too narrowly. Defendant submitted its response on August 21, 2023. (ECF No. 153).

## I. ANALYSIS

### A. Legal Standard

To prevail on a motion for reconsideration of a non-final order, the movant must show, as relevant here, that "[t]he court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision." E.D. Mich. LR 7.1(h)(2).

A motion for reconsideration may not merely present the same issues and arguments already ruled upon by the court. "It should not be 'used as a vehicle to re-hash old arguments . . .'". *Exec. Ambulatory Surgical Ctr., LLC v. State Farm Mut. Auto. Ins. Co.*, 492 F. Supp. 3d 728, 731 (E.D. Mich. 2020) (quoting *Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003)). "Old arguments re-presented will not justify reconsideration." *Saltmarshall v. VHS Children's Hosp. of Mich., Inc.*, 402 F. Supp. 3d 389, 393 (E.D. Mich. 2019). "A motion for reconsideration that merely presents 'the same issues ruled upon by the Court, either

expressly or by reasonable implication,' shall be denied." *Howe v. DCC Litig. Facility, Inc.*, No. 05-CV-30326, 2014 U.S. Dist. LEXIS 137340, at *2 (E.D. Mich. Sep. 29, 2014) (citation omitted).

**B.     Discussion**

In its motion for Reconsideration, Plaintiff contends that the Court misread *Betts v Costco Wholesale Corp.*, 558, F3d 461 (6th Cir 2009) "in finding that a plaintiff alleging a hostile work environment can never recover economic losses absent proof that she was illegally fired." ECF No. 152, PageID.3282. According to Plaintiff, "*Betts* stands for the unremarkable proposition that a plaintiff in an employment discrimination case cannot recover economic losses unless she can link those losses to illegal conduct on the part of the employer." *Id*. Plaintiff argues that, unlike in *Betts*, she has "alleged economic losses resulting from her hostile work environment/forced medical leave . . ." ECF No. 152, PageID. This means that "[t]he fact that Plaintiff does not have a retaliatory termination claim . . . does not mean that she did not lose time from work (and lose wages) as a result of her hostile work environment." ECF No. 152, PageID.3290.

The Court finds that Plaintiff merely reasserts the arguments she made in her response to Defendant's motion in limine. *Compare* ECF No. 130, PageID.2890 *with* ECF No. 152, PageID.3282-3283, 3288-3289; *compare* ECF No. 130, PageID.2891-2892 *with* ECF No. 152, PageID.3289-3291. The instant motion is different from

3

Plaintiff's prior brief only in that she now adds illustrative hypotheticals. *See* ECF No. 152, PageID.3282, 3289. Plaintiff's examples do not transform what is otherwise the same argument into a proper motion for reconsideration. *Jaguar Land Rover v. Bombardier Rec. Prods.*, No. 16-cv-13386, 2019 U.S. Dist. LEXIS 239453, at *3 (E.D. Mich. Jan. 9, 2019) ("a motion for reconsideration is not a proper vehicle to advance positions that a party could have argued earlier but did not."). The Court has been given no new facts or legal arguments since its original Order. ECF No. 149.

For the same reasons, the Court also rejects Plaintiff's request to present to the jury evidence of her termination from Ford. Again, the Court has already considered and rejected Plaintiff's argument and declines to reconsider it here. *See* ECF No. 149, PageID.3253; *see Howe*, 2014 U.S. Dist. LEXIS 137340, at *2 ("Although a district court may not have addressed all the arguments raised by a party, there is no palpable defect if the district court's order implicitly rejects such arguments.").

Thus, because Plaintiff "is merely reasserting the same facts and legal arguments that this Court already considered and rejected, [s]he is not entitled to a reconsideration" of the Court's ruling. *Fischer v. United States*, 589 F. Supp. 3d 726, 728 (E.D. Mich. 2022).

## II. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration [#152] is **DENIED**.

**IT IS SO ORDERED**.

Dated:  September 12, 2023                                    /s/ Gershwin A. Drain
                                                              GERSHWIN A. DRAIN
                                                              U.S. DISTRICT JUDGE

### CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 12, 2023, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager