UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

————————

DEANNA JOHNSON

        Plaintiff,

vs.

FORD MOTOR COMPANY,
*a Delaware corporation;*

        Defendant.

Case No. 2:19-cv-10167
Hon. Gershwin A. Drain
Mag. Judge Elizabeth A. Stafford

_____/

| | |
|---|---|
| Carol A. Laughbaum (P41711) | Elizabeth P. Hardy (P37426) |
| STERLING ATTORNEYS AT LAW, P.C. | Thomas J. Davis (P78626) |
| Attorneys for Plaintiff | KIENBAUM, HARDY, VIVIANO, |
| 33 Bloomfield Hills Pkwy., Ste. 250 | PELTON & |
| Bloomfield Hills, Michigan 48304 |  FORREST, P.L.C. |
| (248) 644-1500 | Attorneys for Defendant |
| claughbaum@sterlingattorneys.com | 280 N. Old Woodward Ave., Ste.400 |
| | Birmingham, MI 48009 |
| | (248) 645-0000 |
| | ehardy@khvpf.com |
| | tdavis@khvpf.com |

_____/

**CORRECTED JOINT FINAL PRETRIAL ORDER**

**(1)    Jurisdiction.**

Jurisdiction exists pursuant to 28 USC 1331 (federal question), 28 USC

1343 (civil rights) and 28 USC 1367(a) (supplemental jurisdiction) and is not

contested.

**(2)    Plaintiff's Claims.**

Plaintiff DeAnna Johnson is an African American woman. She alleges

hostile work environment sexual harassment in violation of Michigan's Elliott-Larsen Civil Rights Act, and hostile work environment racial harassment in violation of 42 USC §1981. Ms. Johnson's claims arise out of her treatment at Defendant Ford Motor Company (Dearborn Truck Plant) where she worked as a Production Supervisor.

**(3)     Defendant's Claims and Defenses.**

On November 25, 2018, Plaintiff Deanna Johnson (who had worked at Ford for only a few months) reported that she was being harassed to Ford Crew Operations Manager LaDawn Clemons, claiming that the harasser was her co-worker Nick Rowan. She told Clemons that she had never told anyone about the harassment, fearing she would be called a "snitch." Clemons reported this to Les Harris in Human Resources the next day, November 26, 2018. Harris interviewed Johnson and Rowan, and after the interview, immediately suspended and later terminated Rowan after completing an investigation. This is exactly what an employer is supposed to do when it learns of harassment under the law, and Ford may not legally be held responsible for harassment when it promptly remedies reported harassment.

Plaintiff, however, wants money from Ford even though it did what it was supposed to do. So she has changed her story—again and again—and taken other steps to try and make that possible. She obtained a lawyer almost immediately after Rowan's suspension, and stopped cooperation with Ford's

investigation of Rowan. Had Ford been unable to complete the investigation because of Plaintiff's non-cooperation—and Rowan was not terminated as a result—Plaintiff could have claimed that Ford did not remedy the harassment and could have sought money damages. But Ford was able to complete its investigation without Plaintiff's help.

Plaintiff also changed her story as to notice of harassment. Despite telling Clemons that she was afraid to be a "snitch" and hadn't told anyone, she changed her story and claimed that she'd actually reported Rowan's alleged sexual harassment earlier to Senior Process Coach Richard Mahoney, and that Mahoney told Area Manager William Markavich about it. Details about this have repeatedly changed. In her original complaint, she claimed that happened in October 2018. Then she said it happened in September 2018. Then she said she'd told Mahoney on multiple occasions, on a running basis every time Rowan allegedly harassed her. Finally, she said that she didn't even need to tell Mahoney or Markavich, because Rowan openly harassed her when they were present. The point of all these stories is to claim that Mahoney and Markavich knew about the harassment earlier and didn't do anything—and that she should be awarded money as a result. And she has attacked both men's character, calling Mahoney a thug and Markavich a bully, that is completely contrary to what her own text messages with the two men show. Both Markavich and Mahoney deny that Plaintiff ever reported harassment.

3

Plaintiff also changed her story as to what she reported. Originally, her lawsuit said she reported only sexual harassment to Mahoney and Markavich. Now she claims she reported racial harassment as well. This also has a financial motivation: her sexual harassment claim only allows limited damages, but a racial harassment claim allows her to ask for unlimited punitive damages.

**(4)    Stipulation of Facts.**

None

**(5)    Issues of Fact to be Litigated.**

<u>**Plaintiff:**</u>

1.    The nature and extent/pervasiveness of Nick Rowan's unwanted sexual comments and conduct directed at Plaintiff.

2.    The nature and extent/pervasiveness of Nick Rowan's unwanted racial comments and conduct directed at Plaintiff.

3.    The nature and extent/pervasiveness of Nick Rowan's sexual comments and conduct direct at others, as observed by Plaintiff.

4.    The open nature of Nick Rowan's sexual and racial workplace comments.

5.    Plaintiff's complaints about Rowan's behavior to Rich Mahoney.

6.    Plaintiff's complaints about Rowan's behavior to Billy Markavich.

7.    Ford's knowledge of Rowan's inappropriate relationships with female subordinates.

8.    Facts regarding the training provided/not provided to Plaintiff by Rowan.

9.    Plaintiff's workplace interactions with Rowan.

10.   Plaintiff's workplace interactions with Rich Mahoney.

11.   Plaintiff's workplace interactions with Billy Markavich.

12.   Plaintiff's job performance.

13.   Plaintiff's workplace interactions with LaDawn Clemons.

14.   Plaintiff's workplace interactions with Les Harris.

15.   Defendant's investigation of Rowan.

16.   The facts regarding Plaintiff being forced off work on an unpaid medical leave.

17.   Plaintiff's medical/mental health treatment.

18.   Plaintiff's damages.

**<u>Defendant:</u>**

1.   Whether Ford was on constructive notice of sexual harassment, and if so, when?

2.   Whether Plaintiff provided actual notice of sexual harassment to Richard Mahoney and if so, when?

3.   If Richard Mahoney was "higher management," meaning that he had "actual authority to effectuate change in the workplace" by, for example, firing or disciplining Rowan?

4.   Whether Plaintiff provided actual notice of sexual harassment to William Markavich and if so, when?

5.   Whether Ford was on constructive notice of racial harassment and if so, when?

6.   Whether Plaintiff provided actual notice of racial harassment to Richard Mahoney and if so, when?

7.   Whether Plaintiff provided actual notice of racial harassment to William Markavich and, if so, when?

8.    Whether Plaintiff was, in fact, subjected to sexual conduct or communications that were subjectively offensive to her, and objectively offensive to a reasonable person.

9.    Whether Plaintiff was, in fact, subjected to racial conduct or communications that were subjectively offensive to her, and objectively offensive to a reasonable person.

10.   Whether Plaintiff was subject to non-racial conduct or communications that would not have occurred but for the fact that she was Black.

11.   Whether the sex- or race-based conduct or communications identified by the jury above, if any, were subjectively offensive to Plaintiff, and objectively offensive to a reasonable person.

12.   Whether any sex or race-based conduct or communications identified was severe or pervasive.

13.   Whether the Plaintiff actually believed that her work environment was hostile or abusive because of her sex or race.

14.   Whether a reasonable person in Plaintiff's position would find that her work environment was hostile or abusive because of her sex or race.

15.   Whether any subjectively and objectively offensive sex or race-based conduct was extreme enough to amount to a change in the terms and conditions of Plaintiff's employment.

16.   The amount of Plaintiff's damages, if any.

**(6)   Issues of Law to be Litigated.**

<u>**Plaintiff:**</u>

1.    Whether Plaintiff was subjected to a sexually hostile work environment for which Ford is liable?

2.    Whether Plaintiff was subjected to a racially hostile work environment for which Ford is liable?

3.    The damages Plaintiff is entitled to.

<u>**Defendant:**</u>

6

1.  Whether the evidence presented by Plaintiff at trial on any of the factual issues previously listed herein by Defendants is sufficient, as a matter of law, to allow a verdict in Plaintiff's favor on either the (a) sexual harassment or (b) racial harassment claims in light of the legal standards applicable to such claims, including notice to Ford

2.  Whether Plaintiff has satisfied the legal prerequisites for seeking punitive damages.

**(7)    Evidence Problems Likely to Arise at Trial.**

<u>**Plaintiff:**</u>

The evidentiary issues likely to arise at trial that Plaintiff is currently aware of are set forth in the parties pending pre-trial motions:

Plaintiff filed one motion *in limine* (ECF 116) seeking to exclude at trial any mention of or reference to: (1) errors on Plaintiff's resume with respect to her pre-Ford employment; (2) the graphic lyrics of Plaintiff's ex-husband, a rapper; and (3) personal, including sexual, texts sent to Plaintiff by a former boyfriend.

With respect to issue (3), above, Defendant has "conditionally stipulated" not to use the following texts at trial:

From the June 2022 N1 spreadsheet:

- Control No. MD19110800100006059 (Excel Line Number 5644)
- Control No. MD19110800100006107 (Excel Line Number 5645)
- Control No. MD19110800100006122 (Excel Line Number 5646)

- Control No. MD19110800100006463 (Excel Line Number 5650)

From the June 2023 N1 Spreadsheet:

- Control No. MD19110800100006059 (Excel Line Number 41)
- Control No. MD19110800100006060 (Excel Line Number 42)
- Control No. MD19110800100006061 (Excel Line Number 43)
- Control No. MD19110800100006078 (Excel Line Number 60)
- Control No. MD19110800100006107 (Excel Line Number 89)
- Control No. MD19110800100006122 (Excel Line Number 104)
- Control No. MD19110800100006288 (Excel Line Number 269)
- Control No. MD19110800100006318 (Excel Line Number 299)
- Control No. MD19110800100006395 (Excel Line Number 376)
- Control No. MD19110800100006397 (Excel Line Number 378)
- Control No. MD19110800100006409 (Excel Line Number 390)
- Control No. MD19110800100045098 (Excel Line Number 772)
- Control No. MD19110800100046146 (Excel Line Number 791)
- Control No. MD19110800100046157 (Excel Line Number 793)
- Control No. MD19110800100046254 (Excel Line Number 801)
- Control No. MD19110800100046339 (Excel Line Number 810)
- Control No. MD19110800100046340 (Excel Line Number 811)
- Control No. MD19110800100046471 (Excel Line Number 838)
- Control No. MD19110800100046633 (Excel Line Number 849)
- Control No. MD19110800100048192 (Excel Line Number 960)
- Control No. MD19110800100048537 (Excel Line Number 1006)
- Control No. MD19110800100048551 (Excel Line Number 1015)
- Control No. MD19110800200003295 (Excel Line Number 1197)
- Control No. MD19110800200003298 (Excel Line Number 1200)
- Control No. MD19110800200003299 (Excel Line Number 1201)
- Control No. MD19110800200003300 (Excel Line Number 1202)
- Control No. MD19110800200003301 (Excel Line Number 1203)
- Control No. MD19110800200004197 (Excel Line Number 1327)
- Control No. MD19110800200004199 (Excel Line Number 1329)
- Control No. MD19110800200004200 (Excel Line Number 1330)

But, with respect to item (3) Defendant has refused to stipulate to exclude

two personal /sexual texts sent between Plaintiff and a former boyfriend having

nothing to do with her lawsuit allegations:

- Control No. MD19110800100006328 (June 2023 Spreadsheet, Excel Line Number 309)
- Control No. MD19110800200003739 (June 2023 Spreadsheet, Excel Line Number 1283)

Defendant has filed seven pretrial motions. Defendant filed 1) a motion to "bifurcate" trial seeking a preliminary mini-trial on the issue of "notice" (ECF 121), and 2) a motion to strike the testimony of Ashok Shah, M.D. (ECF 124). Defendant has additionally filed five motions *in limine* covering at least nine separate issues: 1) to preclude reference to the Sixth Circuit Opinion (ECF 118); 2) to exclude claims related to Plaintiff's separation from Ford and lost-pay damages (ECF 119); 3) to preclude evidence of harassment allegations not involving Plaintiff (ECF 120); 4) regarding "miscellaneous evidentiary matters" (four separate issues) (ECF 122); and 5) to exclude evidence "on an amount of punitive damages including Ford's size and wealth" (ECF 123).

As set forth in her responses to those motions, Plaintiff agrees to not mention the existence of the Sixth Circuit opinion (but does not agree to exclude any facts set forth in that opinion), or that her condo was destroyed by fire when she was on an unpaid medical leave, but otherwise opposes the relief sought in the remaining motions.

**Defendant:**

Ford has filed several motions to exclude or otherwise control the

9

presentation of evidence, with reply briefs due on July 24: (1) a Motion in Limine to Preclude Reference to the Sixth Circuit's Opinion (ECF No. 118); (2) a Motion in Limine to Exclude Claims and Evidence Related to Plaintiff's Separation from Ford and Associated Lost-Pay Damages (ECF No. 119); (3) a Motion in Limine to Preclude Evidence or Argument of Harassment Allegations Not Involving Plaintiff (ECF No. 120); (4) a Motion to Bifurcate Trial (ECF No. 121); (5) a Motion in Limine Concerning Miscellaneous Evidentiary Matters (ECF No. 122); (6) a Motion in Limine to Exclude Evidence on an Amount of Punitive Damages (ECF No. 123); and (7) a Motion to Strike Testimony of Dr. Ashok Shah (ECF No. 124).

To the extent that other legal objections stated within this order affect the admissibility of evidence, the parties anticipate raising those objections as appropriate.

Ford anticipates objecting to Plaintiff's exhibits as indicated in the column below of subsection 9, for the reasons identified.

Ford does not currently anticipate other objections, but reserves the right to raise other objections in light of developments at trial.

**(8)    Witnesses.**

**Plaintiff:** (* indicates will call)

    1.    DeAnna Johnson*

    2.    Nicholas Rowan*

3.   LaDawn Clemons*^

4.   William Markavich*^

5.   Richard Mahoney*^

6.   Leslie Harris*^

7.   Kendra Tillman, LMSW

8.   Anthony Petrilli, M.D.

9.   Ashok Shah, M.D.

10.  Stephanie Davis, M.D.

11.  Kara Hunter, M.D.

12.  Any necessary rebuttal witnesses, including but not limited to Donald Lowery; or Scott Pilat, Scott Bailey, Thomas Murphy or another representative from N1-D.

^Witnesses Rowan, Clemons, Markavich, Mahoney and Harris are former or current Ford employees who Plaintiff anticipates questioning as adverse witnesses pursuant to FRE 611.

**Defendant** (* indicates will call) (^ indicates Ford witnesses relevant to Plaintiff's post-discovery affidavit allegations, discussed below; ^^ are substitute witnesses, and ^^^ were identified in paper or depositions, as both parties' witness lists include as potential witnesses)

1.   Deanna Johnson*

2.   LaDawn Clemons*

3. Richard Mahoney*

4. William Markavich*

5. Sean Closurdo*

6. Kathy Baker

7. Chris Burton^^

8. Antwain Clark^^

9. Gerald Clark^^

10. Brandon Clemons^^

11. Dr. Stephanie Davis

12. Aaron Dewalt^^

13. Jonathon Edwards (Avalon Forensics)

14. Wissam Faraj^^

15. Mary Fletcher

16. David Freeman^

17. DeWayne Hall (Z Technologies)^^^

18. Gary Hall^

19. Michael Hall^

20. Leslie Harris

21. Brandee Hughes (in lieu of S. Krus, prior general HR witness no longer at Ford)^^

22. John Hulbert^

23. Dr. Kara Hunter

24. Nick Huff^

25. Dante Irving^^^

26.   Donald Lowery

27.   Jason Mester^

28.   Frank Metoyer^

29.   Don Navigato^

30.   Scott Pilat (N-1 Discovery)

31.   Frank Randazzo^

32.   Nick Rowan

33.   Mario Spadafora

34.   Roderick Taylor^

35.   Brian Watkins^

36.   Steve Wilcox

37.   Darnell Wilson^

38.   Tequila Williams^

39.   A records custodian who can authenticate documents and establish that documents are business records under the Federal Rules of Evidence, if necessary

40.   Any necessary rebuttal witnesses

Plaintiff objects to Defendant calling the following witnesses at trial as Ford never previously identified them as witnesses nor sought leave to amend its August 2019 witness less to include them. Plaintiff would be prejudiced by this 11th hour attempt to add witnesses, in violation of the court's scheduling order:

    Sean Closurdo
    Chris Burton
    Antwain Clark
    Gerald Clark
    Brandon Clemons

Aaron DeWalt
Jonathon Edwards (Plaintiff does not object if Plaintiff is afforded an
opportunity to depose this person in advance of trial)
Wissam Faraj
David Freeman
DeWayne Hall
Gary Hall
Michael Hall
Brandee Hughes
John Hulbert
Nick Huff
Dante Irving
Jason Mester
Frank Metoyer
Don Navigato
Frank Randazzo
Roderick Taylor
Brian Watkins
Darnell Wilson
Tequila Williams

To the extent Plaintiff has objected to witnesses, the witnesses fall within

the scope of the existing witness list—and, even if not, there is good cause to

amend.

*First*, Plaintiff's own witness list included "Any individuals named in
depositions or paper discovery" as did Defendant's list. Ford's witness list
included by category co-workers or subordinates of Plaintiff's, and
Plaintiff's list included anyone named on Ford's witness list. ECF No. 12,
13. Where Ford (1) "merely named specific employees as witnesses who
were initially included on both parties' witness lists by category," *and* both
parties "used similar language in their witness lists to reserve the right to
amend and supplement their lists" with names of discovery witnesses,
Plaintiff has no basis for objection. B*radley v. Rhema-Nw. Operating*, LLC,
No. 14-CV-13364, 2015 WL 5996403, at *3 (E.D. Mich. Oct. 15, 2015),
*objections overruled*, No. 14-13364, 2016 WL 5477147 (E.D. Mich. Sept. 29,
2016), *aff'd*, No. 16-2493, 2017 WL 4804419 (6th Cir. Oct. 3, 2017). The
objected-to witnesses are all either Ford employees or identified in paper
discovery. So they are proper under the existing witness lists.

*Second*, as the Court is aware, Plaintiff raised for the first time in a lengthy post-discovery, post-witness-list declaration new allegations including "constructive notice" claims that sexual jokes were made "out in the open, for everyone around to hear." ECF No. 55-4, PageID.1290-1291, ¶ 7, 8 (filed 2/25/20). The post-discovery affidavit likewise makes specific reference to employee Sean Closurdo (who was identified in Plaintiff's state-court witness list that was effectively consolidated into this lawsuit post-remand). *See id.* ¶ 13. Plaintiff is not entitled to make allegations after the witness lists were due, and then try to prevent Ford from responding. There is good cause to include the witnesses identified with a single ^ symbol, who are either named in the post-discovery affidavit or otherwise would have potentially been "around to hear" on the plant floor what Plaintiff alleges.

*Third*, the witness list deadline was pre-discovery, and almost five years ago. Witness Sandy Krus—who was listed, not deposed by Plaintiff, and not a percipient witness but someone who could testify to policies and so forth—has since retired. A substitute witness is appropriate.

## (9) Exhibits.

**Plaintiff:**

| Ex No. | Description | Defendant's Objections[1] |
|---|---|---|
| 1 | Ford Anti-Harassment Policy At a Glance (Ford/D.Johnson 82-85) | |
| 2 | Johnson Employment Record (Ford/D.Johnson 288-295) | |
| 3 | PL-Rowan texts Part 1 (Ex I to PL's SJ Brief) | The texts are hearsay if offered by Plaintiff to prove truth of matters asserted therein, and in particular her own texts. |
| 4 | PL-Rowan texts Part 2 (Ex J to PL's SJ Brief) | The texts are hearsay if offered by Plaintiff to prove truth of matters asserted |

---

[1] Defendant objects to all exhibits to the extent they contain language that should be omitted/redacted due to rulings on Ford's pending motions in limine, and Defendant further reserves the right to raise Rule 401/402/403 objections once the content/purpose of the exhibits' use becomes clear.

| | | therein, and in particular her own texts. |
|---|---|---|
| 5 | PL-Mahoney texts (Ex K to PL's SJ Brief) | The texts are hearsay if offered by Plaintiff to prove truth of matters asserted therein, and in particular her own texts. |
| 6 | PL-Markavich texts (Ex L to PL's SJ Brief) | The texts are hearsay if offered by Plaintiff to prove truth of matters asserted therein, and in particular her own texts. |
| 7 | PL-Mahoney Markavich texts (Ex M to PL's SJ Brief) | The texts are hearsay if offered by Plaintiff to prove truth of matters asserted therein, and in particular her own texts. |
| 8 | "Nevertheless She Persisted" photo (Ex N to PL's SJ Brief) and item | |
| 9 | Email with Ford Consent to Search Home From (Ex O to Pl's SJ Brief) | |
| 10 | Texts from N-1 June 2023 production – items 763-764/control ##s ending in 44461, 44462 | FRE 401/402/403 irrelevant and prejudicial.<br><br>The texts are hearsay if offered by Plaintiff to prove truth of matters asserted therein, and in particular her own texts.<br><br>Defendant further objects to Plaintiff attempting to use N1's untimely produced spreadsheet for her own benefit when she did not timely disclose that evidence during discovery, precluding cross-examination at deposition. |
| 11 | Texts from N-1 June 2023 production – items 1413-1417/control ##s ending in | Same objections to N1 texts as stated in response to #10 |

| | 5239-5243 | |
|---|---|---|
| 12 | Text from N1 June 2022 production – item/control ## 4083/4338 | Same objections to N1 texts as stated in response to #10 |
| 13 | Text from N1 June 2022 production – item/control## 4627/4883 | Same objections to N1 texts as stated in response to #10 |
| 14 | Text from N1 June 2022 production – item/control## 4956/5212 | Same objections to N1 texts as stated in response to #10 |
| 15 | Text from N1 June 2022 production – item/control## 5633/6007 | Same objections to N1 texts as stated in response to #10 |
| 16 | Text from N1 June 2022 production – item/control## 5670/6659 | Same objections to N1 texts as stated in response to #10 |
| 17 | Text from N1 June 2022 production – item/control## 6643/7744 | Same objections to N1 texts as stated in response to #10 |
| 18 | Text from N1 June 2022 production – item/control## 8305/9793 | Same objections to N1 texts as stated in response to #10 |
| 19 | Text from N1 June 2022 production – item/control## 9645/11215 | Same objections to N1 texts as stated in response to #10 |
| 20 | Text from N1 June 2002 production – item/control# 13430/18752 | Same objections to N1 texts as stated in response to #10 |
| 21 | Text from N1 June 2002 production – item/control# 13431/18753 | Same objections to N1 texts as stated in response to #10 |
| 22 | PL-Rowan texts (PL Dep Ex 1) | FRE 401/402/403. Further, the texts are hearsay if offered by Plaintiff to prove truth of matters asserted therein, and in particular her own texts |
| 23 | Clemons Interview (PL Dep Ex 2; Ford/D.Johnson 106-107) | |
| 24 | Johnson Interview (PL Dep Ex 3; Ford/D.Johnson 104-105) | Ford objects to Plaintiff's use of her own unsworn statement as it is hearsay if offered by Plaintiff. |
| 25 | Harris-PL emails Nov 2018 (PL Dep Ex 4; Ford/D.Johnson 340) | Ford objects to Plaintiff's use of her own unsworn statement as it is hearsay if offered by Plaintiff to prove truth of her own statements asserted therein. |

| | | |
|---|---|---|
| 26 | Harris-PL emails Nov 27, 2018 (PL Dep Ex 5; Ford/D.Johnson 341) | Ford objects to Plaintiff's use of her own unsworn statement as it is hearsay if offered by Plaintiff to prove truth of her own statements asserted therein. |
| 27 | Harris-PL emails Nov 27, 2018 (PL Dep Ex 6; Ford/D.Johnson 344-345) | Ford objects to Plaintiff's use of her own unsworn statement as it is hearsay if offered by Plaintiff to prove truth of her own statements asserted therein. |
| 28 | Markavich/PL texts (PL Dep Ex 7; Ford/D.Johnson 127-131) | The texts are hearsay if offered by Plaintiff to prove truth of matters asserted therein, and in particular her own texts |
| 29 | Drawing (PL Dep Ex 8) | |
| 30 | Medical Certification Form (Pl Dep Ex 9; Ford/D.Johnson 272-274) | 401, 402, 403 & hearsay & subject to Shah MIL |
| 31 | Markavich-PL texts (PL Dep Ex 19; PLTF 2783-2791) | The texts are hearsay if offered by Plaintiff to prove truth of matters asserted therein, and in particular her own texts |
| 32 | Ford Directive- Anti Harassment- Zero Tolerance (Ford/D.Johnson 78-79) | |
| 33 | Johnson Declaration | Ford objects to plaintiff's attempt to use her own declaration; affidavits are hearsay and otherwise inadmissible at trial or other adversarial hearings. *See United States v. Hunt,* 521 F.3d 636, 643 (6th Cir. 2008); *Randall v. Pitzer*, 23 F. App'x 532, 534 (6th Cir. 2001) |
| 34 | Clemons-Pl texts (PLTF 2222-2223/Clemons Dep Ex 2) | The texts are hearsay if offered by Plaintiff to prove |

| | | truth of matters asserted therein, and in particular her own texts |
|---|---|---|
| 35 | Clemons-Harris emails, picture (Ford/D. Johnson 959-960/ Clemons Dep Ex 3) | FRE 401/402/403. Ford objects to Plaintiff's use of her own unsworn statement as it is hearsay if offered by Plaintiff to prove truth of her own statements asserted therein. |
| 36 | Medical Statement (Ford/D. Johnson 1209-1213/ Davis Dep Ex 3) | 401, 402, 403 & hearsay & subject to Shah MIL |
| 37 | Medical Record – Shah/Grace (Ford/D. Johnson 272-287/ Davis Dep Ex 4) | 401, 402, 403 & hearsay & subject to Shah MIL |
| 38 | Summary of Investigation (Ford/D. Johnson 102-187/ Harris Dep Ex 1) | Object to extent not redacted in accordance with MIL rulings; object to Page 136 as 401/403 prejudicial/confusing/waste of time; pages 143-187 include duplicative documents, hearsay, medical records without foundation/authentication, evidence related to MILs on termination and Shah. |
| 39 | Investigation packet (Ford/D. Johnson 299-374/ Harris Dep Ex 2) | Same objections as above; duplicative of other entries as well |
| 40 | Sinai/Ardmore Records (Ford/D. Johnson 1148-1181) | 401, 402, 403 & hearsay & subject to Shah MIL |
| 41 | DMC/Sinai Grace Records – April 2019 (Ford/D. Johnson 1174-1181/ Hunter Dep Ex 3; Hunter Dep Ex 4) | 401, 402, 403 & hearsay & subject to Shah MIL |
| 42 | DMC/Sinai Grace Records – January 2019 (Ford/D. Johnson 1169-1173/Hunger Dep Ex 6) | 401, 402, 403 & hearsay & subject to Shah MIL |
| 43 | DMC/Sinai Grace Records – Nov 2018 (Ford/D. Johnson 1152-1154/Hunter Dep | 401, 402, 403 & hearsay & subject to Shah MIL |

| | | |
|---|---|---|
| | Ex 7) | |
| 44 | Floor drawing (Mahoney Dep Ex 1) | |
| 45 | Mahoney-PL emails, 11/2/18 (Mahoney Dep Ex 2/Ford/D. Johnson 0628) | The portions of the emails written by Plaintiff are hearsay if offered by Plaintiff to prove truth of matters asserted therein |
| 46 | Harris-PL emails 11/27/18 (Ford/D. Johnson 342-343/Mahoney Dep Ex 3) | The portions of the emails written by Plaintiff are hearsay if offered by Plaintiff to prove truth of matters asserted therein |
| 47 | Mahoney interview (Ford/D. Johnson 120-122; Mahoney Dep Ex 4) | |
| 48 | PL-Markavich texts (PLTF 2772-2791/Markavich Dep Ex 1) | The texts are hearsay if offered by Plaintiff to prove truth of matters asserted therein, and in particular her own texts |
| 49 | Text from N1 June 2022 production – item/control ## 10070/11642 | Same objections to N1 texts as stated in response to #10 |
| 50 | Text from N1 June 2022 production – item/control ##11246/12820 | Same objections to N1 texts as stated in response to #10 |
| 51 | Text from N1 June 2022 production – item/control ##12779/14353 | Same objections to N1 texts as stated in response to #10 |
| 52 | Text from N1 June 2022 production – item/control ## 14987/46891 | Same objections to N1 texts as stated in response to #10 |
| 53 | Text from N1 June 2022 production – item/control ## 92441/10816 | Same objections to N1 texts as stated in response to #10 |
| 54 | Text from N1 June 2022 production – item/control ## 9727/11299 | Same objections to N1 texts as stated in response to #10 |
| 55 | Text from N1 June 2022 production – item/control ## 9875/11447 | Same objections to N1 texts as stated in response to #10 |
| 56 | Text from N1 June 2022 production – item/control ##12921/14495 | Same objections to N1 texts as stated in response to #10 |

| 57 | Text from N1 June 2022 production – item/control ##13072/14646 | Same objections to N1 texts as stated in response to #10 |
|----|---|---|
| 58 | Text from N1 June 2022 production – item/control ##4109/4364 | Same objections to N1 texts as stated in response to #10 |
| 59 | Text from N1 June 2022 production – item/control ## 6783/7864 | Same objections to N1 texts as stated in response to #10 |
| 60 | Text from N1 June 2022 production – item/control ## 7037/8139 | Same objections to N1 texts as stated in response to #10 |
| 61 | Text from N1 June 2022 production – item/control ##7514/8617 | Same objections to N1 texts as stated in response to #10 |
| 62 | Text from N1 June 2022 production – item/control ## 8339/9827 | Same objections to N1 texts as stated in response to #10 |
| 63 | Text from N1 June 2022 production – item/control ##4461/4717 | Same objections to N1 texts as stated in response to #10 |
| 64 | Text from N1 June 2022 production – item/control ## 4791/5047 | Same objections to N1 texts as stated in response to #10 |
| 65 | Text from N1 June 2022 production – item/control ## 4788/5044 | Same objections to N1 texts as stated in response to #10 |
| 66 | Text from N1 June 2022 production – item/control ##9385/10957 | Same objections to N1 texts as stated in response to #10 |
| 67 | Text from N1 June 2022 production – item/control ## 9560/11132 | Same objections to N1 texts as stated in response to #10 |
| 68 | Text from N1 June 2022 production – item/control ## 15632/47466 | Same objections to N1 texts as stated in response to #10 |
| 69 | Rowan-PL texts (Rowan Dep Ex 2) | The texts are hearsay if offered by Plaintiff to prove truth of matters asserted therein, and in particular her own texts |
| 70 | Photo (Rowan Dep Ex 3) | Duplicative; subject to MIL re: improper use of evidence |
| 71 | Rowan-Harris emails (Rowan Dep Ex 1; Ford/D. Johnson 373-374) | |
| 72 | Rowan-PL texts (Rowan Dep Ex B) | The texts are hearsay if offered by Plaintiff to prove truth of matters asserted therein, and in particular her own texts |

| 73 | Shah cv (Shah Dep Ex 2) | 401, 402, 403 & hearsay & subject to Shah MIL |
| 74 | DMC Sinai-Grace records (Shah Dep Ex 5; Ford/D. Johnson 1148-1157) | 401, 402, 403 & hearsay & subject to Shah MIL |
| 75 | DMC Sinai-Grace records (Shah Dep Ex 7) | 401, 402, 403 & hearsay & subject to Shah MIL |
| 76 | Mahoney-Markavich-PL texts (PLTF 3275-3276) | The texts are hearsay if offered by Plaintiff to prove truth of matters asserted therein, and in particular her own texts |
| 77 | Offer letter (PLTF 03) | |
| 78 | Petrilli records (PLTF 9-12) | 401, 402, 403 & hearsay, lack of foundation and authentication |
| 79 | Benefits docs (PLTF 58-60) | 401, 402, 403 & hearsay; subject to MIL re: termination related evidence |
| 80 | Ford Retirement docs (PLTF 61-64) | 401, 402, 403 & hearsay; subject to MIL re: termination related evidence |
| 81 | Rebuttal – N1 spreadsheets, redacted as necessary | Same objections to N1 texts as stated in response to #10 |
| 82 | Rowan-PL texts (PLTF 1859-1939) | The texts are hearsay if offered by Plaintiff to prove truth of matters asserted therein, and in particular her own texts |
| 83 | Clemons-PL texts 11.26.18 (PLTF 2163) | The texts are hearsay if offered by Plaintiff to prove truth of matters asserted therein, and in particular her own texts |
| 84 | Condo photos (PLTF 2161-2162) | 401, 402, 403 & hearsay; subject to MIL re: termination related evidence |

| 85 | PL-Mahoney texts (PLTF 2165-2189) | The texts are hearsay if offered by Plaintiff to prove truth of matters asserted therein, and in particular her own texts |
|----|-----------------------------------|---------------------------------------------------------------------------------------------------------------------------|
| 86 | Ford benefits statement (PLTF 2195) | 401, 402, 403 & hearsay; subject to MIL re: termination related evidence |
| 87 | August 6, 2019 letter (PLTF 2197) | 401, 402, 403 & hearsay; subject to MIL re: termination related evidence |
| 88 | August 22, 2019 letter (PLTF 2198-2202) | 401, 402, 403 & hearsay; subject to MIL re: termination related evidence |
| 89 | PL-Harris emails (PLTF 2203-2204) | The portions of the emails written by Plaintiff are hearsay if offered by Plaintiff to prove truth of matters asserted therein |
| 90 | PL-Harris emails w consent form (PLTF 2205-2209) | The portions of the emails written by Plaintiff are hearsay if offered by Plaintiff to prove truth of matters asserted therein |
| 91 | Davis statements (PLTF 2218-2201) | 401, 402, 403 & hearsay; subject to MIL re: termination related evidence |
| 92 | Group texts (PLTF 2224-2251) | The texts are hearsay if offered by Plaintiff to prove truth of matters asserted therein, and in particular her own texts |
| 93 | Group texts (PLTF 2252-2280) | The texts are hearsay if offered by Plaintiff to prove truth of matters asserted therein, and in particular her own texts |

| 94 | Group texts (PLTF 2281-2310) | The texts are hearsay if offered by Plaintiff to prove truth of matters asserted therein, and in particular her own texts |
| --- | --- | --- |
| 95 | Group texts (PLTF 2311-2340) | The texts are hearsay if offered by Plaintiff to prove truth of matters asserted therein, and in particular her own texts |
| 96 | Group texts (PLTF 2341-2369) | The texts are hearsay if offered by Plaintiff to prove truth of matters asserted therein, and in particular her own texts |
| 97 | Group texts (PLTF 2370-2399) | The texts are hearsay if offered by Plaintiff to prove truth of matters asserted therein, and in particular her own texts |
| 98 | Group texts (PLTF 2400-2435) | The texts are hearsay if offered by Plaintiff to prove truth of matters asserted therein, and in particular her own texts |
| 99 | Group texts (PLTF 2436-2467) | The texts are hearsay if offered by Plaintiff to prove truth of matters asserted therein, and in particular her own texts |
| 100 | Group texts (PLTF 2468-2498) | The texts are hearsay if offered by Plaintiff to prove truth of matters asserted therein, and in particular her own texts |
| 101 | Group texts (PLTF 2499-2532) | The texts are hearsay if offered by Plaintiff to prove truth of matters asserted therein, and in particular her own texts |

| 102 | Group texts (PLTF 2533-2562) | The texts are hearsay if offered by Plaintiff to prove truth of matters asserted therein, and in particular her own texts |
| 103 | Group texts (PLTF 2563-2592) | The texts are hearsay if offered by Plaintiff to prove truth of matters asserted therein, and in particular her own texts |
| 104 | Group texts (PLTF 2593-2622) | The texts are hearsay if offered by Plaintiff to prove truth of matters asserted therein, and in particular her own texts |
| 105 | Group texts (PLTF 2623-2652) | The texts are hearsay if offered by Plaintiff to prove truth of matters asserted therein, and in particular her own texts |
| 106 | Group texts (PLTF 2653-2682) | The texts are hearsay if offered by Plaintiff to prove truth of matters asserted therein, and in particular her own texts |
| 107 | Group texts (PLTF 2683-2710) | The texts are hearsay if offered by Plaintiff to prove truth of matters asserted therein, and in particular her own texts |
| 108 | Group texts (PLTF 2711-2740) | The texts are hearsay if offered by Plaintiff to prove truth of matters asserted therein, and in particular her own texts |
| 109 | Group texts (PLTF 2741-2771) | The texts are hearsay if offered by Plaintiff to prove truth of matters asserted therein, and in particular her own texts |

| 110 | Group texts (PLTF 2772-2791) | The texts are hearsay if offered by Plaintiff to prove truth of matters asserted therein, and in particular her own texts |
|-----|------------------------------|------------------------------------------------------------------------------------------------------------------------|
| 111 | Group texts (PLTF 2792-2822) | The texts are hearsay if offered by Plaintiff to prove truth of matters asserted therein, and in particular her own texts |
| 112 | Group texts (PLTF 2823-2852) | The texts are hearsay if offered by Plaintiff to prove truth of matters asserted therein, and in particular her own texts |
| 113 | Group texts (PLTF 2853-2882) | The texts are hearsay if offered by Plaintiff to prove truth of matters asserted therein, and in particular her own texts |
| 114 | Group texts (PLTF2883-2912) | The texts are hearsay if offered by Plaintiff to prove truth of matters asserted therein, and in particular her own texts |
| 115 | Group texts (PLTF 2913-2944) | The texts are hearsay if offered by Plaintiff to prove truth of matters asserted therein, and in particular her own texts |
| 116 | Group texts (PLTF 2975-2980) | The texts are hearsay if offered by Plaintiff to prove truth of matters asserted therein, and in particular her own texts |
| 117 | Group texts (PLTF 2981-3016) | The texts are hearsay if offered by Plaintiff to prove truth of matters asserted therein, and in particular her own texts |

| 118 | Group texts (PLTF 3017-3046) | The texts are hearsay if offered by Plaintiff to prove truth of matters asserted therein, and in particular her own texts |
| --- | --- | --- |
| 119 | Group texts (PLTF 3047-3076) | The texts are hearsay if offered by Plaintiff to prove truth of matters asserted therein, and in particular her own texts |
| 120 | PL-Rowan texts (PLTF 3077-2106) | The texts are hearsay if offered by Plaintiff to prove truth of matters asserted therein, and in particular her own texts |
| 121 | PL-Markavich texts (PLTF 3107-3122) | The texts are hearsay if offered by Plaintiff to prove truth of matters asserted therein, and in particular her own texts |
| 122 | PL-Mahoney texts (PLTF 3133-3137) | The texts are hearsay if offered by Plaintiff to prove truth of matters asserted therein, and in particular her own texts |
| 123 | PL-Rowan texts (PLTF 3138-3186) | The texts are hearsay if offered by Plaintiff to prove truth of matters asserted therein, and in particular her own texts |
| 124 | PL-Rowan texts (PLTF 3187-3231) | The texts are hearsay if offered by Plaintiff to prove truth of matters asserted therein, and in particular her own texts |
| 125 | SSIP docs (PLTF 3232-3247) | 401, 402, 403 & hearsay; subject to MIL re: termination related evidence |

| 126 | Warr documents (PLTF 3248-3255) | 401, 402, 403 & hearsay; subject to MIL re: termination related evidence. Authentication / foundation |
|---|---|---|
| 127 | Job search documents (PLTF 3264-3274) | 401, 402, 403 & hearsay; subject to MIL re: termination related evidence |
| 128 | Employee History (Ford/D. Johnson 389-400) | Object to p. 391-400; 401/402/403; subject to MIL re: termination related evidence |
| 129 | Payroll documents (Ford/D. Johnson 401-442) | 401/402/403; subject to MIL re: termination related evidence |
| 130 | Visit summary report (Ford/D. Johnson 447-448) | 401, 402, 403 & hearsay & subject to Shah MIL |
| 131 | Emails – S. Becky (Ford/D. Johnson 620-621) | 401/402/403 |
| 132 | Mahoney email (Ford/D. Johnson 628) | 401/402/403 |
| 133 | Przytula documents/ investigation (Ford/D. Johnson 643-673) | Portions other than identified in Def's Ex. ZZ and AAA are 401/402/403 irrelevant, prejudicial, confusing |
| 134 | Harris interview of Johnson (Ford/D. Johnson 799-800) | Duplicative of above – hearsay when used by Plaintiff to prove truth Object to extent redactions are not made as appropriate with MIL rulings |
| 135 | Harris interview of Clemons (Ford/D. Johnson 801) | Object to extent redactions are not made as appropriate with MIL rulings |

| 136 | Harris interview of Rowan (Ford/D. Johnson 802-804) | Object to extent redactions are not made as appropriate with MIL rulings |
|---|---|---|
| 137 | Harris interview of Fletcher (Ford/D. Johnson 805-806) | Object to extent redactions are not made as appropriate with MIL rulings |
| 138 | Harris interview of Markavich (Ford/D. Johnson 807-809) | Object to extent redactions are not made as appropriate with MIL rulings |
| 139 | Harris interview of Mahoney (Ford/D. Johnson 810-812) | Object to extent redactions are not made as appropriate with MIL rulings |
| 140 | Misc Harris investigation documents (Ford/D. Johnson 813-818) | Object to extent redactions are not made as appropriate with MIL rulings; 401/402/403 |
| 141 | Mahoney email (Ford/D. Johnson 839) | 401/402/403 – relevance, confusion, waste of time |
| 142 | Mahoney email (Ford/D. Johnson 864) | 401/402/403 – relevance, confusion, waste of time |
| 143 | PL email (Ford/D. Johnson 883) | Hearsay when used by Plaintiff as truth of matter asserted; 401/402/403 – relevance, confusion, waste of time |
| 144 | PL emails (Ford/D. Johnson 839) | 401/402/403 – relevance, confusion, waste of time |
| 145 | PL emails (Ford/D. Johnson 912-913) | Hearsay when used by Plaintiff as truth of matter asserted; 401/402/403 – relevance, confusion, waste of time |
| 146 | PL emails (Ford/D. Johnson 927) | Hearsay when used by Plaintiff as truth of matter asserted; 401/402/403 – relevance, confusion, waste of time |
| 147 | PL email/update (Ford/D. Johnson 928-929) | Hearsay; 401/402/403 – relevance, confusion, waste of time; subject to Shah |

| | | |
|---|---|---|
| | | MIL |
| 148 | Harris/Markavich emails (Ford/D. Johnson 930-934) | Hearsay; 401/402/403 – relevance, confusion, waste of time; subject to Shah MIL |
| 149 | Harris emails (Ford/D. Johnson 948-951) | Object to 949-951 as hearsay; 401/402/403 – relevance, confusion, waste of time; subject to Shah MIL |
| 150 | Markavich emails (Ford/D. Johnson 969-975) | 401/402/403 – relevance, confusion, waste of time |
| 151 | Harris email re Rowan (Ford/D. Johnson 1217-1218) | 401/402/403 – relevance, confusion, waste of time |
| 152 | Training record (Ford/D. Johnson 1219-1221; 1316) | 401/402/403 – relevance, confusion, waste of time |
| 153 | Ford Answers and Supplements to Interrogatories | Relevance / foundation – includes objections and other legal matters not suitable for jury presentation/ 403 confusion |
| 154 | Ford Responses and Supplements to Document Requests | Relevance / foundation – includes objections and other legal matters not suitable for jury presentation. RFP responses are further hearsay and generally inadmissible.  403 confusion |
| 155 | Rowan call notes (Ford/D. Johnson 1223-1225) | |
| 156 | Investigative docs (Ford/D. Johnson 1226-1238; 1247-1249; 1265-1266) | Duplicative of numerous earlier entries; same objections as raised to earlier versions |
| 157 | Peer review emails (Ford/D. Johnson 1239-1240) | 401/402/403 – relevance, confusion, waste of time |

| 158 | Harris emails (Ford/D. Johnson 1241-1246) | hearsay; 401/402/403 – relevance, confusion, waste of time; subject to Shah MIL |
| 159 | Markavich email (Ford/D. Johnson 1357) | hearsay; 401/402/403 – relevance, confusion, waste of time; |

*** DEFENDANT RESERVES THE RIGHT TO RAISE FURTHER OBJECTIONS TO
EXHIBITS 34-159, WHICH WERE NOT IDENTIFIED BY PLAINTIFF UNTIL BETWEEN
1:00 PM and 9:55 PM ON THE DAY THIS ORDER WAS DUE

## Defendants' Exhibits:[2]

| Ex No. | Description | Plaintiff's Objections |
| --- | --- | --- |
| A. | Johnson's Complaint (redacted to remove references to dismissed claims) | FRE 403 objection. Even redacted versions of the Complaint will alert the jury to dismissed or otherwise "missing" claims and cause juror speculation and confusion, |
| B. | Johnson's First Amended Complaint (redacted to remove references to dismissed claims) | See objection to A |
| C. | Johnson's Second Amended Complaint (redacted to remove references to dismissed claims) | See objection to A |
| D. | June 12, 2018 hiring letter (PLTF000003) | |
| E. | Organization Chart (Dated 6/18/2018) (Ford 2044-2046) | Untimely and prejudicial under 403. This exhibit, purportedly responsive to discovery served on Defendant by Plaintiff in March 2019 in which Plaintiff requested all documents Ford intended to use as trial exhibits, was not produced by Ford until |

[2]All exhibits to include redactions as appropriate to comply with rulings on
Ford's pending motions in limine.

|  |  | July 17, 2023, 3 days prior JFPTO due date. Plaintiff was denied a chance to cross-examine deponents on it or verify its contents or purported date stamp(s) |
|---|---|---|
| F. | Organization Chart (Dated 7/16/2018) (Ford 2047-2049) | See objection to E |
| G. | Organization Chart (Dated 8/6/2018) (Ford 2050-2052) | See objection to E |
| H. | Organization Chart (Dated 9/19/2018) (Ford 2053-2055) | See objection to E |
| I. | Organization Chart (Dated 10/8/2018) (Ford 2056-2058) | See objection to E |
| J. | Organization Chart (Dated 11/8/2018) (Ford 2059-2061) | See objection to E |
| K. | Screenshots – Plaintiffs' Texts with Rowan, in Chronological Order (PLTF3187-3231, 1884-1939, 3101-3104) | Plaintiff does not have an objection, but notes that Defendant has objected to these same texts as "hearsay" when listed by Plaintiff |
| L. | Screenshots – Plaintiff's Texts with Mahoney, in Chronological Order (PLTF 2165-2189, 3010-3014) | Plaintiff does not have an objection, but notes that Defendant has objected to these same texts as "hearsay" when listed by Plaintiff |
| M. | Screenshots – Plaintiff's Texts with Markavich, in Chronological Order (PLTF 2772-2791, 3107-3122) | Plaintiff does not have an objection, but notes that Defendant has objected to these same texts as "hearsay" when listed by Plaintiff |
| N. | June 2022 N1 Subpoena Production Spreadsheet[3] | Relevance, FRE 611, 403. This is an extremely |

[3]Given the voluminous nature of this production, contained in an oversized Microsoft Excel spreadsheet, Defendant intends to use summary versions of this spreadsheet that eliminates unnecessary columns and duplicate entries, or that is limited to certain participants as permitted by Federal Rule of Evidence 1006.

| | | |
|---|---|---|
| | | lengthy and voluminous Exel spreadsheet (over 18,000 entries/text messages), most of which have no relevance to this case. Individual text messages or text chains which are actually relevant can be introduced to avoid unnecessary presentation of cumulative, irrelevant data. Nor does there appear to be a trial witness who would be able to authenticate or lay a foundation for this spreadsheet. |
| O. | June 2023 N1 Subpoena Production Spreadsheet – Lowery Texts[4] | Relevance, FRE 611, 403. This is another lengthy and voluminous Excel spreadsheet (over 1670 entries/text messages) between Plaintiff and her former boyfriend which have no relevance to this case. At most, there are a handful of questionably relevant texts or short text chains which could be moved into evidence to avoid unnecessary presentation of cumulative, irrelevant data. Nor does there appear to be a trial witness who would be able to authenticate or lay a |

---

[4]Given the voluminous nature of this production, contained in an oversized Microsoft Excel spreadsheet, Defendant intends to use a summary version of the spreadsheets eliminating unnecessary columns and duplicative entries.

| | | |
|---|---|---|
| | | foundation for this spreadsheet. |
| P. | Recovered Text Messages from Avalon's Forensic Review[5] | Plaintiff reserves her objections as this proposed exhibit currently does not, and may never, exist |
| Q. | Johnson Application and Resume (Johnson Dep. Ex. 11) (Ford 1-13) | Objection; subject of Plaintiff's pending motion in limine |
| R. | Signed Standards of Corporate Conduct (Ford 14) | |
| S. | Signed Employee Confidentiality Agreement (Ford 15-16) | |
| T. | Anti-Harassment Directive (Ford 18-21) | |
| U. | Cadillac Products Records (Relevant Excerpts) (Ford 29-57) | Objection; subject of Plaintiff's pending motion in limine |
| V. | Z Technology Records (Relevant Excerpts) (Ford 449-548) | Objection; subject of Plaintiff's pending motion in limine |
| W. | Peter/Lacke Records (Relevant Excerpts) (Ford 1789-1879, 1893) | Objection; subject of Plaintiff's pending motion in limine |
| X. | Ford Policies (Relevant Excerpts) (Ford 58-96) | |
| Y. | Rowan Termination Record (Ford 98) | |
| Z. | Rowan Investigation – Interview File (Ford 104-135, 137-142) (With Redactions as Appropriate per possible Motion in Limine Rulings) | |
| AA. | 11/27/2018 Harris-Johnson Email Chain (Johnson Dep. Ex. 4) (Ford 0340) | |
| BB. | 11/27/2018 Johnson-Harris Email (Johnson Dep. Ex. 5) (Ford 00341) | |

---

[5]If possible; recovery attempts are still pending as of the filing of this order.

| CC. | 11/27/2018 Johnson-Harris Emails (Johnson Dep. Ex. 6) (Ford 00344-00345) | |
|---|---|---|
| DD. | 11/27/2018 Johnson-Harris Emails (Ford 00357-359) | |
| EE. | 11/28/2018 Harris-Johnson emails (Ford 00367-00370) | |
| FF. | 11/30/2018 Laughbaum email to Harris (Ford 948) | |
| GG. | Johnson Employee History (Ford 00389-390) | |
| HH. | 10/8/18 Email chain (Ford 819-823) | |
| II. | 9/19/18 OHSIM Report – Johnson (Ford 443-444) | Hearsay regarding alleged statement by plaintiff |
| JJ. | 9/19/18 Disability Report (Ford 940) | |
| KK. | Beaumont/Dearborn Records (Ford 1407, 1443-1459) | Hearsay, irrelevant FRE 403 waste of time |
| LL. | 11/17/18 OHSIM Report – Johnson (Ford 445-446) | Hearsay regarding alleged statements by plaintiff |
| MM. | 11/17/18 Disability Report (Ford 942) | Hearsay, irrelevant, 403 waste of time; relates to PL having pinkeye |
| NN. | 11/17/18 Medical Absence Note (Ford 941) | See MM |
| OO. | Markavich/Johnson Texts (in Chronological Order) (Ford 944, 946, 945, 947) | Plaintiff does not have an objection, but notes that Defendant has objected to these same texts as "hearsay" when listed by Plaintiff |
| PP. | 2/8/16 Crisis Center Assessment (Ford 1058-1061) | Irrelevant and 403 prejudicial and waste of time; records predate Plaintiff's Ford employment by over 2 years |
| QQ. | 2/16/16 Crisis Center Assessment (Ford 1075-1079) | See PP |
| RR. | 3/28/16 Crisis Center Assessment | See PP |

| | (Ford 1108-1109) | |
|---|---|---|
| SS. | 4/21/2016 Psych Eval<br>(Ford 991-994) | See PP |
| TT. | Signed Interview Forms (with redactions as appropriate re: Motion in Limine rulings)<br>(Ford 799-818) | |
| UU. | Diagram of Plant<br>(Ford 2062) | Untimely, 403 waste of time, FRE 611. This exhibit, purportedly responsive to discovery served on Defendant by Plaintiff in March 2019 in which Plaintiff requested all documents Ford intended to use as trial exhibits, was not produced by Ford until July 17, 2023, 3 days prior JFPTO due date. It is a convoluted schematic or drawing of the plant floor which is nearly indecipherable and would be unhelpful and only confusing to a jury |
| VV. | Screenshots, 11/6/18 Texts from Pl's Phone<br>(PLTF 2473-2497) | |
| WW. | Screenshots, 11/9/18 Texts from Pl's Phone<br>(PLTF 2518-2530) | |
| XX. | Screenshots, 11/11/18 Texts from Pl's Phone<br>(PLTF 2595-2613) | |
| YY. | Screenshots, 11/26/18 Texts from Pl's Phone<br>(PLTF 2899-2945) | |
| ZZ. | Johnson Paint Investigation Interviews<br>(Ford 652-653, 655-662) | |
| AAA. | Johnson Paint Investigation Discipline<br>(Ford 646-647, 643) | |

**(10)   Damages.**

<u>**Plaintiff:**</u>

Plaintiff earned monthly base pay of $6,675 plus the value of benefits. She will testify as to her economic losses after being forced off on an unpaid medical leave on or about November 27, 2018 due to her hostile work environment, and will claim wage loss damages through September 2019. Plaintiff will also testify as to her non-economic (emotional distress) damages which do not lend themselves to precise mathematical calculation and will be for a jury to determine. Plaintiff will also request that the jury award her exemplary damages (ELCRA) and punitive damages (§1981 race claim) due to Defendant's willful violation of the law, in an amount they determine is appropriate, and costs and attorney fees if she is the prevailing party.

**Defendant:** Defendants object to Plaintiff's statement of damages for the reasons set forth above in Defendants' Issues of Law to be Litigated and Defendants' Issues of Fact to be Litigated, including the legal and/or factual availability of punitive or "exemplary" damages.

**(11)  Trial.**

This is a jury trial. Under the court's half-day schedule, the parties estimate the trial will last 10-12 days.

**(12)  Settlement.**

To date, the parties have participated in three formal settlement attempts: a January 28, 2022 mediation with Megan Norris, Esq.; a February 28, 2022 settlement conference with Magistrate Judge Stafford; and a May 22, 2023

mediation with Tracy L. Allen, Esq. The parties remain very far apart in their settlement positions.

SO ORDERED.

Dated: September 12, 2023

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN

Approved:

By: /s/Carol A. Laughbaum          By: /s/Thomas J. Davis *w/permission*
Carol A. Laughbaum (P41711)        Elizabeth P. Hardy (P37426)
Attorney for Plaintiff             Thomas J. Davis (P78626)
                                   Attorneys for Defendant