UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANNA JOHNSON,

    *Plaintiff*,

v.

FORD MOTOR COMPANY,

    *Defendant*.

_____/

Case No. 2:19-cv-10167

District Judge
Gershwin A. Drain

Magistrate Judge
Elizabeth A. Stafford

**Order Granting Defendant's Motion for Reconsideration [#165]**

On August 31, 2023, Defendant Ford Motor Company ("Defendant") filed a Motion for Reconsideration (ECF No. 165) of the Court's August 22, 2023 Order resolving two of Defendant's motions *in limine*. *See* ECF No. 154. With its Order, the Court denied in part Defendant's Motion Concerning Miscellaneous Evidentiary Matters (ECF No. 122), which asked the Court, *inter alia*, to find that "evidence that Rowan punched items in the workplace is irrelevant because his violent actions do 'not make it more or less likely that Rowan sexually or racially harassed Plaintiff, or whether Ford was on notice of sexual or racial harassment.'" ECF No. 154, PageID.3333 (quoting ECF No. 122, PageID.2595-2596). The Court denied this aspect of Ford's motion without prejudice, ruling that "this evidence is probative of Plaintiff's subjective feeling that her work environment was hostile and Defendant's

1

notice. Specifically, it is relevant to Plaintiff's response to Rowan's advances and the timing of her report." ECF No. 154, PageID.3333.

Ford argues that the Court made a mistake on the notice issue and "should reconsider its opinion insofar as it suggests that Plaintiff's claim that she was afraid of Rowan as an explanation for the timing of her report has any bearing on Ford's liability." ECF No. 165, PageID.3637. Defendant asks the Court to hold (1) that evidence of Rowan's punching items in the workplace is not evidence that Ford had notice of sexual or racial harassment and (2) that Plaintiff may not argue that Ford can be liable for Rowan's harassment without proper notice. ECF No. 165, PageID.3644-3645. At the Court's request, Plaintiff Deanna Johnson ("Plaintiff") filed a response to Defendant's Motion on September 7, 2023, arguing that the Court did not err in finding that Rowan's punching behavior was relevant to Plaintiff's fear of Rowan or the timing of her report. ECF No. 167, PageID.3653. Plaintiff did not, however, contest Ford's substantive notice argument. *Id*.

Defendant is correct that Plaintiff's reasons for the timing of her sexual harassment report to her employer cannot circumvent the notice requirement for employer liability. Therefore, the Court will grant the Motion.

2

## I.   ANALYSIS

**A.   Legal Standard**

To prevail on a motion for reconsideration of a non-final order, the movant must show, as relevant here, that "[t]he court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision." E.D. Mich. LR 7.1(h)(2).

A motion for reconsideration may not merely present the same issues and arguments already ruled upon by the court. "It should not be 'used as a vehicle to re-hash old arguments . . .'". *Exec. Ambulatory Surgical Ctr., LLC v. State Farm Mut. Auto. Ins. Co.*, 492 F. Supp. 3d 728, 731 (E.D. Mich. 2020) (quoting *Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003)). "Old arguments re-presented will not justify reconsideration." *Saltmarshall v. VHS Children's Hosp. of Mich., Inc.*, 402 F. Supp. 3d 389, 393 (E.D. Mich. 2019).

**B.   Discussion**

The Court agrees with Defendant that "by ruling that Rowan's allegedly punching things is relevant to notice—and by citing the supervisory-harassment case *Wyatt* for that proposition—the Court's opinion suggests that Ford might be liable for coworker harassment that it did not have adequate notice of, based on the theory that Plaintiff did not give Ford notice because she feared Rowan." ECF No. 165, PageID.3644. This is not the law.

3

It is uncontroversial that "under the ELCRA, an employer can only be held liable for hostile work environment sexual harassment if the employer has either actual or constructive notice of the alleged harassment and fails to take prompt and appropriate remedial action." *Spink-Krause v. Medtronic, Inc.*, No. 16-12148, 2017 U.S. Dist. LEXIS 174619, at *34 (E.D. Mich. Oct. 23, 2017). The Court has already noted that the same notice requirement, as taken from Title VII law, applies to racial hostile work environment claims under § 1981. ECF No. 100, PageID.1959-1960. There is no exception to the notice rule. *See Radtke v. Everett*, 442 Mich. 368, 396–97 (1993) ("An employer, of course, must have notice of alleged harassment before being held liable for not implementing action.").

The Court recognizes that its August 22 Order did not clearly express these rules. In that Order, the Court relied on *Wyatt v. Nissan N. Am., Inc.*, 999 F.3d 400, 416 (6th Cir. 2021) for the proposition that evidence of Rowan's punching habit is relevant to "Plaintiff's subjective feeling that her work environment was hostile and Defendant's notice." ECF No. 154, PageID.3333. This statement was in error. The *Wyatt* court ruled on summary judgment, in the context of supervisory liability, that evidence of a harasser's abusive behavior, coupled with the lack of witnesses, creates a genuine issue of material fact as to whether a plaintiff unreasonably failed to take advantage of employer-offered preventative or corrective measures. *Wyatt*, 999 F.3d at 416. Whether an employee unreasonably failed to utilize preventative or

4

corrective measures provided by an employer is relevant to an affirmative defense afforded employers accused of permitting sexual harassment by supervisors. *Id*. at 412-414. Thus, the question considered in *Wyatt* is not relevant here. The *Wyatt* court as cited was not considering whether an accused employee's violent behaviors are relevant to a plaintiff's subjective feeling that her work environment was hostile, and it was not considering notice-related issues.

The Court does not abandon its ruling entirely, however. Plaintiff correctly points out in its Response that *Wyatt* supports the proposition that an accused employee's abusive behavior "could well instill fear in a plaintiff and bear on the timing of her reports of the harassment." ECF No. 167, PageID.3653. The Court agrees and does not disturb its ruling that Rowan's punching behavior is "relevant to Plaintiff's responses to Rowan's advances and the timing of her report." ECF No. 154, PageID.3333. The Court also does not disturb its ruling that evidence of Rowan's habit of punching objects "is probative of Plaintiff's subjective feeling that her work environment was hostile . . .". *Id*. As the Court in *Allen v. Vetbuilt Servs*., makes clear, "[t]he Sixth Circuit has held that non-sexual behavior may comprise part of a sexual harassment claim when that behavior could well be viewed as work-sabotaging behavior that creates a hostile work environment, and it therefore may be considered in determining whether Plaintiff experienced a hostile working environment." No. 15-cv-12340, 2017 U.S. Dist. LEXIS 159949, at *15 (E.D. Mich.

5

Aug. 11, 2017) (quoting *Howington v. Quality Rest. Concepts, LLC*, 298 F. App'x 436, 444 n.8 (6th Cir. 2008) (internal quotations omitted)). The Court continues to permit such evidence here.

Nonetheless, the relevant legal rules make clear that any suggestion by the Court in its August 22 Order that Plaintiff's fear of Rowan, and any resultant delay in reporting her harassment, excuses the notice requirement was incorrect. Plaintiff must prove that Ford had actual or constructive notice of Rowan's alleged harassment before the court can impose hostile work environment liability. *See* ECF No. 100, PageID.1960 (explaining this standard in the Court's summary judgment Order). Further, any suggestion by the Court that Rowan's habit of punching items at his desk is relevant to whether Ford had notice of his sexual harassment behavior was also incorrect. As the Court has previously stated, "violent actions do not inevitably lead to acts of criminal sexual conduct." *See* ECF No. 100, Page ID.1952-1953; ECF No. 154, PageID.3333 (quoting *Hamed v. Wayne Cnty.*, 490 Mich. 1, 16 (2011)). Accordingly, the Court corrects those suggestions.

## II.    CONCLUSION

For the foregoing reasons, Defendant's Motion for Reconsideration is **GRANTED**. Plaintiff may not argue that Ford is liable for Rowan's harassment without actual or constructive notice. And Plaintiff may not argue that Rowan's punching items in the workplace is evidence that Defendant had notice of his sexual

or racial harassment. Plaintiff may still present evidence that Rowan's punching habit is relevant to the timing of her reports and to whether she subjectively perceived the work environment as hostile.

**IT IS SO ORDERED**.

Dated: September 13, 2023 /s/ Gershwin A. Drain
GERSHWIN A. DRAIN
U.S. DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 13, 2023, by electronic and/or ordinary mail.
/s/ Kelly Winslow for Teresa McGovern
Case Manager