UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANNA JOHNSON,

    Plaintiff,

v.

FORD MOTOR COMPANY,
a Delaware corporation,

    Defendant.

Case No. 19-cv-10167

Honorable Gershwin A. Drain

Magistrate Elizabeth A. Stafford

---

| | |
|---|---|
| STERLING ATTORNEYS AT LAW, P.C.<br>Carol A. Laughbaum (P41711)<br>Attorneys for Plaintiff<br>33 Bloomfield Hills Pkwy., Ste. 250<br>Bloomfield Hills, MI 48304<br>(248) 644-1500<br>claughbaum@sterlingattorneys.com | KIENBAUM HARDY VIVIANO<br>PELTON & FORREST, P.L.C.<br>Elizabeth P. Hardy (P37426)<br>Thomas J. Davis (P78626)<br>Attorneys for Defendant<br>280 N. Old Woodward Ave.<br>Ste. 400<br>Birmingham, MI 48009<br>(248) 645-0000<br>ehardy@khvpf.com<br>tdavis@khvpf.com |

---

**MEMORANDUM OF LAW ON
EXCLUSION OF KENDRA TILLMAN DIXSON AS EXPERT WITNESS**

## Introduction

During opening statements, Plaintiff's counsel disclosed an intent to call Kendra Tillman Dixson, LMSW as her sole medical witness, and that Dixson would (1) provide an undisclosed diagnosis; and (2) give her "professional opinion" as to the cause of Plaintiff's alleged mental health issues. Ex. A, Sept. 14 Trial Tr. 129. This is a classic trial-by-ambush tactic, devised after the Court excluded Dr. Ashok Shah due to the unreliability of *his* opinion under *Daubert*.

Plaintiff's expert witness list did not disclose Dixson. ECF No. 21. In subsequent interrogatory responses, she stated she would not name an expert. Ex. B, Pl's 1st ROG Resps., p. 3. And while she identified Dixson as a "treater," in her interrogatories, the scope of her testimony was limited to her "interactions with and treatment of Plaintiff *as reflected in their records,*" only a handful of which were produced. *Id.* (emphasis added). **None of the records produced contain a diagnosis from Dixson, let alone opine on causation.** And regardless, none of Tillman's notes are on Plaintiff's final joint pretrial order exhibit list. *See generally* ECF No. 177, PageID.3829. In short, Plaintiff portrayed Dixson as a peripheral witness who would discuss a few treatment notes, and then left those notes out of the JFPTO. Now, Dixson will be presented as the *sole* medical witness, who will offer a diagnosis and causation opinion that she has never identified, while disclaiming the sole disclosed basis for testimony—discussion about treatment notes.

1

This last-minute flip-flop is impermissible. In *Reeder v. Cnty. of Wayne*, No. 15-cv-10177, 2016 WL 3548217, at *2 (E.D. Mich. June 30, 2016) (Drain, J.), this Court rejected a similar attempt by a party to use treating physicians—not disclosed as experts—from testifying as to the "legal requirements" of the Plaintiff's claims or the "credibility of witnesses," and instead limited them to lay testimony about "matters within their personal knowledge, such as authenticating documents, and to observations made during the course of treatment." *Id.* If the Court does not exclude Dixson's testimony, it should be limited to precisely what Plaintiff's disclosures alleged the testimony would consist of: (1) personal observations, and (2) treatment as reflected in notes—and only produced notes. She should not be able to offer a diagnosis, and should not be permitted to opine on causation.

## Argument

I. **Because Plaintiff unjustifiably failed to disclose Dixson as an expert, Rule 37(c) mandates her exclusion as an expert witness.**

Rule 26 requires parties to disclose "the identity of any witnesses it may use at trial to present [expert] evidence." Fed. R. Civ. P. 26(a)(2)(A). For putative experts who are not "retained or specially employed to provide expert testimony" (e.g., treating professionals like Dixson), the "disclosure must state . . . the subject matter on which the witness is expected to present [expert] evidence" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C); 26(a)(2)(D) (setting the deadline for disclosures).

Plaintiff violated Rule 26(a)(2) for Dixson. She was not identified as an expert, and Plaintiff later said she would not call an expert. Plaintiff did not disclose that Dixson gave her a diagnosis, or that Dixson had an opinion on causation. And while Plaintiff did identify Dixson as a potential *fact* witness, she stated only that Dixson would testify about her "interactions with and treatment of Plaintiff as reflected in [her] records." Even if this were Plaintiff's attempt to satisfy Rule 26(a)(2)(C), it does not qualify as a "summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(ii); *see Dobbins v. Greyhound Lines, Inc.*, 336 F.R.D. 144, 147 (E.D. Mich. 2020) ("A mere statement of the topics of the opinions is insufficient.").

Plaintiff's failure to disclose Tillman's opinions or diagnoses requires their exclusion at trial. Rule 37(c)(1) states that if a "party fails to provide information or identify a witness as required by Rule 26(a), the party *is not allowed* to use that information or witness to supply evidence . . . at a trial[.]" Fed. R. Civ. P. 37(c)(1). This "self-executing sanction," Fed. R. Civ. P. 37, adv. comm. notes, may be avoided only if the noncompliant party proves that its failure was "substantially justified or harmless" through a five-factor test. *Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015). Each factor favors exclusion here:

A. **Surprise to Defendant**. Plaintiff's untimely disclosure of Dixson as a potential expert on credibility and causation during her opening statement surprised

3

Defendant. Having not received a Rule 26 disclosure for Dixson, Ford was prepared to examine Dixson purely as a fact witness.

**B. Ability to Cure Surprise.** The timing of Plaintiff's surprise—opening statements on the day of trial—leaves no time to cure the surprise. Tillman's 18 pages of produced notes contain no diagnosis or causation opinion. Defendant will not have a reasonable opportunity to prepare for cross-examination on the expert topics of diagnosis and causation, or arrange for a rebuttal expert to counter Dixson's opinion. *See Eghnayem v. Boston Sci. Corp.*, 57 F. Supp. 3d 658 (S.D. W. Va. 2014) (excluding undisclosed treating doctor whom defendant was prepared to depose only as a fact witness, rather than as an expert witness); *Taylor v. TECO Barge Line, Inc.*, 642 F. Supp. 2d 689, 694 (W.D. Ky. 2009) (same; "eve of trial").

**C. Trial Disruption.** Recasting Dixson as an expert witness will significantly disrupt trial. *All* expert evidence must satisfy *Daubert* before being presented at trial under Rule 702. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); 29 Wright & Miller § 6270 (2d ed.) ("a trial court should afford the parties an opportunity to address" Rule 702 issues before admitting the evidence). That will require a lengthy, impromptu *voir dire* outside the presence of the jury regarding Dixson's qualifications and experience, the substance of and grounds for her opinion(s) she, her methodology, and more. This time-consuming process—which

4

will be necessary for this Court to exercise its gatekeeping duties—will strain already limited resources and inconvenience the parties, court, and jurors.

**D. Importance.** Plaintiff has two doctors on her may-call list (Hunter and Davis) who could testify on the topic of Plaintiff's alleged mental health issues.

**E. Plaintiff's Explanation.** Plaintiff's counsel has not explained the failure to comply with her Rule 26 obligations. It appears, however, that Plaintiff is desperate to put a PTSD diagnosis before the jury by any means necessary; Dr. Shah is excluded, and Drs. Davis and Hunter did *not* diagnose PTSD during their course of treatment. So Dixson has been elevated to the role, despite never having been disclosed as having provided a diagnosis or an opinion on causation. Courts, including this one, routinely reject this kind of bait-and-switch tactic involving treaters who are not identified as experts. *See Reeder*, *supra*; *Dobbins*, 336 F.R.D. at 148 (limiting treaters who were not disclosed as experts to "testifying as to the course of treatment" and "what they directly observed," not to causation or any other expert opinions." This Court should do the same here.

Respectfully submitted,

*/s/ Thomas J. Davis*
Thomas J. Davis (P78626)
Attorneys for Defendants
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI 48009
(248) 645-0000
tdavis@khvpf.com

Dated: September 15, 2023

## Certificate of Service

      I hereby certify that on September 15, 2023, I electronically filed this document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

                                        */s/Thomas J. Davis*
                                        Thomas J. Davis (P78626)
                                        Kienbaum Hardy Viviano
                                         Pelton & Forrest, P.L.C.
                                        280 N. Old Woodward Avenue, Suite 400
                                        Birmingham, MI  48009
                                        (248) 645-0000
                                        Email:  tdavis@khvpf.com