**EXHIBIT B**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

---

DEANNA JOHNSON

    Plaintiff,

vs.

FORD MOTOR COMPANY,
*a Delaware corporation;*

    Defendant.

Case No. 2:19-cv-10167
Hon. Gershwin A. Drain

_____/

| | |
|---|---|
| Carol A. Laughbaum (P41711)<br>STERLING ATTORNEYS AT LAW, P.C.<br>Attorneys for Plaintiff<br>33 Bloomfield Hills Pkwy., Ste. 250<br>Bloomfield Hills, Michigan 48304<br>(248) 644-1500<br>claughbaum@sterlingattorneys.com | Elizabeth P. Hardy (P37426)<br>Julia Turner Baumhart (49173)<br>Thomas J. Davis (P78626)<br>KIENBAUM, HARDY, VIVIANO,<br> PELTON & FORREST, P.L.C.<br>Attorneys for Defendant<br>280 N. Old Woodward Ave., Ste.400<br>Birmingham, MI 48009<br>(248) 645-0000<br>ehardy@khvpf.com<br>jbaumhart@khvpf.com<br>tdavis@khvpf.com |

_____/

### PLAINTIFF'S ANSWERS TO DEFENDANT'S FIRST INTERROGATORIES TO PLAINTIFF

Plaintiff DeAnna Johnson by her attorneys Sterling Attorneys at Law, P.C., for her Answers to Defendant's First Interrogatories to Plaintiff, states as follows:

**General Objection:  Plaintiff objects to producing any information to the extent protected by the attorney client or work product privileges.**

## INTERROGATORIES

1. Please provide the following information for each person who has knowledge or information about Plaintiff's claims:

   (a) Complete name, address, and telephone number;

   (b) A specific description of the substance of the testimony Plaintiff believes the witness will provide if called to testify at trial;

   (c) State whether Plaintiff, his [sic] attorneys, or any other representative has communicated with or interviewed the individual with respect to the subject matter of this litigation and, in all cases of such communication or interview, state the date and describe, with specificity, the substance of each discussion;

   (d) State whether Plaintiff has obtained or otherwise has within his [sic] possession, custody or control, a written or otherwise recorded statement of the individual;

   (e) State whether Plaintiff provided the individual with any memorandum, letters, pleadings, transcripts, notes, recordings, or any other document concerning Plaintiff's employment with Ford Motor Company or the claims or issues identified in Plaintiff's lawsuit;

   (f) All documents and things that refer or relate to the communications, interviews, or statements referred to in the subparts above, including but not limited to copies of all witness statements or recordings of communications with witnesses; and,

   (g) Whether Plaintiff plans to call the person as a witness at trial.

   **ANSWER: The individuals who have knowledge or information about this matter, and who Plaintiff reasonably anticipates she may call as witnesses at trial, other than Dr. Petrilli and Mr. Tillman, have been deposed; thus, the substance of their testimony is already known to Defendant. With respect to Dr. Petrilli and Mr. Tillman, they may be called to testify as to their interactions with**

**and treatment of Plaintiff as reflected in their records. Plaintiff has not obtained any statements from any witnesses beyond their deposition transcripts.**

2. Please provide the following information for each person Plaintiff expects to call as an expert witness at trial:

   (a) Name, field of the expert's expertise or specialization, if any, and a summary of the expert's qualifications (including a curriculum vitae);

   (b) A detailed summary of the subject matter about which the expert is expected to testify, including the substance of the facts and opinions (and grounds for each opinion) to which the expert is expected to testify;

   (c) Whether the expert has rendered an opinion to Plaintiff or Plaintiff's attorney in writing, orally, or both;

   (d) A list of each document, exhibit, or visual aid which will be offered in connection with the testimony of each such expert witness; and,

   (e) All documents and things that refer or relate to Plaintiff's answers to the subparts above.

**ANSWER: Plaintiff does not anticipate calling an expert.**

3. Identify each medical professional or mental health provider (including counselors or therapists) that has treated Plaintiff, or with whom Plaintiff has consulted, since January 1, 2009. For each professional, execute the authorizations for receipt of health care records that are included herewith. Blank authorization forms are included; please provide a separately executed form for each provider. For each professional, also please identify:

    (a)    The medical professional or mental health provider's complete name, address, and telephone number;

    (b)    The medical professional or mental health provider's title and/or specific area(s) of practice (e.g., general practitioner, orthopedist, physical therapist, psychiatrist, psychologist);

    (c)    The date(s) of each treatment or consultation; and,

    (d)    The reasons for each consultation or treatment.

**ANSWER: Plaintiff objects to this interrogatory as it is overbroad – seeking information regarding all Plaintiff's treaters dating back nine (9) years before she became employed by Defendant – and seeking information that is irrelevant to any claim or defense in this matter and which is not proportional to the needs of this case. Without waiving these objections, Plaintiff has identified all treaters she has seen as a result of her treatment at Ford, three of whom Defendant has deposed; and has executed authorizations for release of the medical records requested by Defendant.**

4.    Identify (and produce a copy of) each and every exhibit, document, or visual aid that Plaintiff intends to use at trial and identify the witness through whom each exhibit will be introduced.

**ANSWER: Unknown at this time, other than the lewd pictures and text messages sent to Plaintiff by Mr. Rowan. Potential exhibits include any document or items identified or produced in discovery.**

5.    Please state separately and with specificity the nature and financial amount or value (if applicable) of each type of relief or damage Plaintiff is seeking to recover in this action, provide an explanation of how the amount or value was calculated (or, if not calculated at this time, how Plaintiff contends

the amount or value should be calculated), and identify and produce all documents and objects Plaintiff believes relate in any way to such financial value or calculation. Please include detailed descriptions of the calculations, values, and bases for each category of damages Plaintiff is alleging she is entitled to.

**ANSWER: The categories of damages claimed by Plaintiff are set forth in her complaint. No damages calculations exist. No formula exists for calculating emotional distress and punitive damages, which may ultimately be for a jury to determine. With respect to economic damages, Plaintiff claims the lost salary and the value of benefits from December 2018 forward, less any income she receives in mitigation.**

6. Please list all sources of income received by Plaintiff from January 1, 2016 to the present, including, but not limited to, income from employment, self-employment, unemployment compensation, short-term or long-term disability insurance, workers' compensation, retirement or pension income, and investment. Please provide a breakdown of such income by the year in which it was received and from what source such income was obtained.

**ANSWER: Plaintiff's earnings information from Ford is in Defendant's possession. Since Ford, Plaintiff has received unemployment benefits and taken withdrawals from her Ford Savings and Stock Investment Plan.**

7. Since January 1, 2016 to the present, identify and/or explain:

(a) all employment agencies and/or placement firms which Plaintiff contacted, submitted resumes or applications to, and/or had interviews with, and the dates thereof;

5

  (b) any employers with whom Plaintiff inquired into possible employment, submitted resumes, completed applications, had interviews, and/or received job offers and the dates thereof;

  (c) all other efforts made by Plaintiff to obtain employment; and

  (d) the position sought and its compensation with respect to each employer identified in response to sections (a) and (b) above.

**ANSWER:** **Plaintiff has conducted a job search through Indeed and documented through UIA/Marvin. She will produce any responsive documents she has access to.**

  8. Identify the date and time of all communications you had with Carol Laughbaum, Sterling Attorneys at Law, P.C., or anyone working for Carol Laughbaum or Sterling Attorneys at Law between June 1, 2018 and December 31, 2018, related to the potential or actual representation of you in matters related to your employment at Ford Motor Company. This request includes, but is not limited to, the date and time of any telephone calls, in-person meetings, emails, or text messages. This request does not ask for the content of any communications.

**ANSWER:** **Plaintiff first contacted Sterling Attorneys on November 28, 2018 and retained Ms. Laughbaum that day. Refer to Laughbaum Declaration, PLTF003258-PLTF003259 and November 28, 2019 email, PLTF003262-PLTF003263. Defendant's request for the date and time of any further communications between Plaintiff and her counsel is both harassing and burdensome, and seeks information that is irrelevant to any claim or defense in this matter and not proportional to the needs of this case.**

9. Identify all legal matters you have participated in. This includes, but is not limited to, criminal arrests, criminal proceedings, civil matters, administrative proceedings, and bankruptcy proceedings. "Participated" includes, but is not limited to, being an arrestee, complainant, plaintiff, defendant, petitioner, respondent, party, juror, claimant, witness, affiant, or deponent. For each matter, identify the formal name of the matter you participated in, the court or other body the matter was before, the time-frame in which you participated, and the nature of your participation in the matter.

**ANSWER: Plaintiff objects in that this interrogatory seeks information that is irrelevant to any claim or defense in this matter and not proportional to the needs of this case. Without waiving these objections, Plaintiff had litigation with Z Technologies which has previously been disclosed in this litigation. Plaintiff also instituted divorce proceedings in Wayne County Circuit Court.**

10. Identify all medical documentation sent to Ford Motor Company or any entity affiliated with Ford Motor Company (including Unicare or the NESC) on or after November 25, 2018. Identify with specificity what the documentation was, the date it was sent, and the place it was sent to, including the full address. Provide copies of all documentation that you have identified, including documentation substantiating your claims to have sent such material, in response to Ford's Second Set of Interrogatories, No. 3.

**ANSWER: These documents are in the possession of Ford or its agents, not Plaintiff. Plaintiff is not aware of any responsive documents that were not previously produced in this litigation.**

| | |
|---|---|
| **PROOF OF SERVICE**<br><br>On the date below, I served this document via:<br><br>☐ Hand delivery ☐ FedEx<br>☒ U.S. Mail ☒ Email<br><br>Upon Thomas J. Davis, Esq. I declare the above statements to be true to the best of my knowledge, information, and belief.<br><br>*Dawn Thomason-Estes*<br>Dawn Thomason-Estes<br><br>Dated: December 17, 2019 | Respectfully submitted,<br><br>STERLING ATTORNEYS AT LAW, P.C.<br><br>By: *Carol A. Laughbaum*<br>Carol A. Laughbaum (P41711)<br>Attorney for Plaintiff<br>33 Bloomfield Hills Pkwy., Ste. 250<br>Bloomfield Hills, MI 48304<br>(248) 644-1500 |

8

I, DeAnna Johnson, state that I have read the foregoing Answers to Defendant's First Interrogatories to Plaintiff, and I declare under penalty of perjury that the foregoing are true.

_____<br>DeAnna Johnson

Dated: _____