UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DEANNA JOHNSON

       Plaintiff,

vs.

FORD MOTOR COMPANY,
*a Delaware corporation;*

       Defendant.

_____/

Case No. 2:19-cv-10167
Hon. Gershwin A. Drain
Mag. Judge Elizabeth A. Stafford

| | |
|---|---|
| Carol A. Laughbaum (P41711)<br>STERLING ATTORNEYS AT LAW, P.C.<br>Attorney for Plaintiff<br>33 Bloomfield Hills Pkwy., Ste. 250<br>Bloomfield Hills, Michigan 48304<br>(248) 644-1500<br>claughbaum@sterlingattorneys.com | Elizabeth P. Hardy (P37426)<br>Thomas J. Davis (P78626)<br>KIENBAUM, HARDY, VIVIANO, PELTON &<br> FORREST, P.L.C.<br>Attorneys for Defendant<br>280 N. Old Woodward Ave., Ste.400<br>Birmingham, MI 48009<br>(248) 645-0000<br>ehardy@khvpf.com<br>tdavis@khvpf.com |

_____/

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
TRIAL TESTIMONY OF KENDRA TILLMAN DIXSON, LMSW**

## OVERVIEW AND PERTINENT FACTS

Defendant's (beyond) eleventh-hour maneuvering is a disguised, untimely motion *in limine.* As to Ford's "trial by ambush" claims, Kendra Dixson, LMSW (previously Tillman) was identified on Plaintiff's witness list (August 2019); named as a treater in Plaintiff's interrogatory answers (December 2019) ("Mr. (*sic*) Tillman will be called to testify as to [her] interactions with and treatment of Plaintiff . . ."); discussed by Plaintiff at her deposition (December 2019), **Ex A**, Johnson Dep excerpts; identified as Plaintiff's therapist by Dr. Davis at  deposition; and included in the JFPTO and Plaintiff's (short) witness synopsis list.

Ms. Dixson is part of the DMC/Sinai-Grace system, and provides outpatient psychotherapy at its Ardmore Clinic. She is Plaintiff's primary treater, and has been for nearly five years. Dixson works in conjunction with the resident psychiatrists (who prescribe medication). In short, she is on the same team as the three DMC/Sinai Grace psychiatrists (Shah, Hunter, Davis) who Defendant subpoenaed and deposed for close to six hours. Ford also issued records subpoenas to DMC/Sinai-Grace, obtaining hundreds of pages, including a stack of progress notes from Ms. Dixson's regular therapy sessions with Plaintiff. For whatever reason, Defendant elected not to depose Ms. Dixson. Plaintiff has no additional records from her, and had no plan to introduce any of her records at trial.

As Plaintiff's primary mental health treater since May 2019 (est. 50+ visits), Dixson is a critical witness. This is particularly true in that Plaintiff has been precluded from introducing any evidence of economic losses, and any compensatory damages awarded to her will be based exclusively on the emotional distress type (non-economic) damages she is able to

1

prove to the jury. As the Court is aware, Plaintiff has been prohibited from calling Dr. Shah - who diagnosed Plaintiff with acute distress disorder and PTSD - as a trial witness. Drs. Hunter and Davis were residents at the Ardmore Clinic and have not treated Plaintiff since 2019.

Under the facts, Ford cannot legitimately claim "surprise." In addition, as Ford filed its September 16, 2023 memorandum arguing to exclude Ms. Dixson as a trial witness, it served last minute trial subpoenas on Drs. Hunter and Davis (and others), curing any alleged harm to Defendant, *infra.* And, as Plaintiff was finalizing this filing on Sunday, September 17, 2023, counsel learned that <u>Ford has also subpoenaed Ms. Dixson for trial on September 21, 2023</u> <u>(the day *after* Dixson will be testifying in Plaintiff's case in chief) and subpoenaed all Dixson's</u> <u>records</u>. Thus, it has cured the alleged harm it alleges, *infra*.

In *Phoenix Process Equipment Co v Capital Equipment*, 2022 WL 10225005 (WD KY 2022), the trial court provided a thorough legal analysis of the law applicable to attempts to exclude expert testimony for an alleged failure to comply with Fed R Civ P 26(2)(C), and making clear that excluding expert testimony is disfavored. The case, **Ex B**, provides a clear road map for this Court to rule in Plaintiff's favor.

### ARGUMENT

As Ford has previously acknowledged, treating physicians are generally permitted to offer expert testimony about a patient's illness, the appropriate diagnoses for that illness, and the cause of that illness. *Monroe v Novartis*, 29 F Supp 3d 1115 (WD OH 2014) citing *Gass v Marriott Hotel Svcs, Inc*, 558 F3d 419, 426 (6th Cir 2009). However, treating physicians need not be listed as experts or file an expert report unless specially retained or employed to

provide expert testimony. *Fielden v CSX Transp, Inc,* 482 F3d 866, 869 (6th Cir 2007)(and

noting the "obvious fact that doctors may need to determine the cause of an injury in order to

treat it" and that "[d]etermining causation may therefore be an integral part of 'treating' a

patient").

Pursuant to Fed R Civ P 26(2)(B), a party's treaters – as opposed to its expert witness

retained by counsel for purposes of trial – are not required to file an expert report. Instead, a

party intending to present expert testimony must identify any witness it may use at trial to

present evidence under FRE 702, 703, or 705; and disclose the subject matter on which the

witness is expected to present evidence, and a summary of the facts and opinions to which

the witness is expected to testify, Fed R Civ P 26(2)(C)(i-ii). This is not an onerous burden.

*See* e.g., *Bush v O'Reilly Auto Enterprises* (2022 WL 16695106 at *2 (SD OH 2022))(denying

motion to strike plaintiff's treaters as no expert report was required and where plaintiff

disclosed that the treaters were "expected to testify as to Plaintiff's injuries and treatment as

a result of the slip and fall"), **Ex C**.

*In Phoenix,* the trial court denied the defendant's motion to exclude expert testimony

where the defendant argued that the plaintiff had not complied with the requirements of Fed

Civ P 26(a)(2)(C) by not specifically stating the opinions on which its proposed expert, Mr.

Drake, would be testifying to, and to the facts on which he would base those opinions.

Providing a thorough analysis of the applicable law, the court said it was unnecessary to even

reach that question, however, because any alleged failure was harmless to defendants, citing

the Sixth Circuit's five-factor test in *Howe v City of Akron*, 801 F3d 718, 748 (6th Cir 2015):

> The Sixth Circuit has adopted a five-factor test for determining if a failure to disclose is harmless: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence. *Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015).  The core goal of this evaluation is to "separate[e] 'honest,' harmless mistakes from the type of 'underhanded gamesmanship' that warrants the harsh remedy of exclusion."  It is not the goal of the court in fulfilling the mandate of Rule 26(a) to circumvent the normal adversarial process for the presentation of evidence, rather its goal is to prevent any party from using strategic non-disclosure to acquire an advantage by undermining their opponent's ability to properly interrogate and rebut expert testimony, Id. at 85.

*Phoenix*, 2022 WL 10225005 at *4-5 (internal citations omitted).

*Howe* factor 1 - the surprise factor - weighs against Defendant. Ford has known about Ms. Dixson since 2019, has deposed three of Ms. Dixson's psychiatrist-colleagues at DMC Sinai-Grace, and obtained hundreds of pages of Plaintiff's mental health records. In that Defendant cannot legitimately show surprise, *Howe* factor 2 - the ability to cure that surprise - also weighs against it. Even so, via Ford's weekend flurry of trial subpoenas (Drs. Hunter and Davis; Dixson records) it has taken a curative measure which render any alleged failure to disclose harmless, as the court found in *Phoenix. Howe* factor 3 - the extent to which the evidence would disrupt the trial – also weighs against Ford. For purposes of this factor, disruption = surprise. Disruption is "difficult to argue" where the testimony has clearly been long anticipated by both parties, *Phoenix* at *5 (finding that "the exclusion of this testimony would be more disruptive than its inclusion"). *Howe* factor 4 - the importance of the evidence - also cuts against Defendant. That Plaintiff intended to present evidence of her emotional distress damages through some or all of her DMC Sinai-Grace treaters has been known to

Defendant for four years, and Ms. Dixson is Plaintiff's primary mental health treater. Ms. Johnson has no ability to present any evidence of economic damages; her claim for compensatory damages hinges solely on the evidence regarding her emotional distress. As in *Phoenix*, the lack of surprise in this case, "largely diffuses any damaging effect this important evidence may have on the Defendants. The danger of preclusion, however, remains." *Howe* factor 5 - the nondisclosing party's explanation for its failure to disclose the evidence - also weighs against Defendant. Plaintiff, like the plaintiff in *Phoenix,* did not anticipate that a more detailed rendering of her treater's opinions would be required, in that she believed those opinions had been made clear in previous depositions.

Plaintiff additionally relies on ECF 133, her brief related to the *Shah* motion, and in particular *Rogers v The Detroit Edison Co*, 328 F Supp 2d 687 (ED MI 2004)(court agreeing psychologist who had never treated a patient with PTSD was qualified to provide expert testimony given his credentials and 23 therapy sessions with the plaintiff).[1]

**PROOF OF SERVICE**

I certify that on September 17, 2023, I filed the foregoing paper with the Clerk of the Court using the ECF system, which will electronically send notification to all counsel of record.

/s/Carol A. Laughbaum
Sterling Attorneys at Law, P.C.
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500
claughbaum@sterlingattorneys.com

Respectfully submitted,

STERLING ATTORNEYS AT LAW, P.C.

By:/s/Carol A. Laughbaum
    Carol A. Laughbaum (P41711)
    Attorneys for Plaintiff
    33 Bloomfield Hills Pkwy., Ste. 250
    Bloomfield Hills, MI 48304
    (248) 644-1500

---

[1] This Court's opinion in *Reeder v County of Wayne*, cited by Ford, is distinguishable. Unlike here, the posture of the case was a timely filed motion *in limine*. And, the non-moving party *agreed* not to present "expert testimony" from the treaters, which was what the court ordered.