UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANNA JOHNSON,

    Plaintiff,

v.

FORD MOTOR COMPANY,
a Delaware corporation,

    Defendant.

Case No. 19-cv-10167

Honorable Gershwin A. Drain

Magistrate Elizabeth A. Stafford

---

| STERLING ATTORNEYS AT LAW, P.C. | KIENBAUM HARDY VIVIANO PELTON & FORREST, P.L.C. |
|---|---|
| Carol A. Laughbaum (P41711) | Elizabeth P. Hardy (P37426) |
| Attorneys for Plaintiff | Thomas J. Davis (P78626) |
| 33 Bloomfield Hills Pkwy., Ste. 250 | Attorneys for Defendant |
| Bloomfield Hills, MI 48304 | 280 N. Old Woodward Ave. |
| (248) 644-1500 | Ste. 400 |
| claughbaum@sterlingattorneys.com | Birmingham, MI 48009 |
| | (248) 645-0000 |
| | ehardy@khvpf.com |
| | tdavis@khvpf.com |

---

**REPLY MEMORANDUM OF LAW ON
EXCLUSION OF KENDRA TILLMAN DIXSON AS EXPERT WITNESS**

Plaintiff's response memorandum about Kendra Tillman Dixson is misleading and helps illustrate why she should not be permitted to testify as to a diagnosis or causation. While Plaintiff asserts Dixson was on the "same team" as Dr. Hunter and Davis at DMC and that DMC records were produced, she omits that:

- The records show Dr. Hunter and Dr. Davis diagnosed Plaintiff with adjustment disorder with anxiety/depression, *not* PTSD. ECF No. 124-3, PageID.2726; ECF No. 124-4, PageID.2729.

- Dixson's notes in the DMC file consisted of 17 pages of material from 2019 and 2020. The materials included *no* diagnoses and did not offer a causation opinion; for the most part they were brief, one-to-two paragraph summaries of treatment sessions with a few checkboxes.[1]

Plaintiff also misleadingly truncates her interrogatory response on Tillman Dixson's proposed testimony in her brief. EF No. 183, PageID.3904 ("Tillman will be called to testify as to [her] interactions with and treatment of Plaintiff…"). In full, it says that "Tillman will be called to testify interactions with and treatment of Plaintiff *as reflected in their records*." *See* ECF No. 182-3, PageID.3887-3888 (emphasis added). The eliminated language reveals Plaintiff's entire scheme here. In discovery, Plaintiff said Tillman Dixson would discuss records—records that contain *no* diagnoses or causation opinions, let alone diagnoses that contradict those of Dr. Hunter and Dr. Davis. Plaintiff's brief concedes that treaters like Dixson are

---

[1] The protective order arguably prevents Defendant from filing the Tillman notes on the record; to the extent Plaintiff tries to dispute this description, copies will be available in the courtroom for review by the Court.

1

required to provide a "summary of the facts and opinions to which the witness is expected to testify," ECF No. 183, PageID.3905. Even assuming Plaintiff's one-statement discovery response about Dixson qualifies, that summary was explicit that the testimony would be on matters reflected **in her records**. The produced records do not contain a diagnosis, and Plaintiff again confirms that Dixson's testimony will *not* be based on those records. ECF No. 183, PageID.3904.

Plaintiff's trial brief likewise tacitly admits that the decision to call Dixson was made in response to the Court's exclusion of Dr. Shah's testimony, *id.* at PageID.3905—an exclusion that rested on a lack of basis under Rule 702/*Daubert* for Shah's purported PTSD diagnosis. *See* ECF No. 149, PageID.3265. And she offers no response Defendant's argument that Rule 702/*Daubert* would apply to Dixson's proposed testimony as well, meaning that even if the discovery violation could be overlooked—and it should not—Dixson will need to be examined outside the jury's presence under the Court's gatekeeping duties.

Dixson should be excluded as a witness, or at least limited to discussing her handful of produced notes (none of which contain a diagnosis or a causation opinion.) Plaintiff can call Dr. Davis or Dr. Hunter to discuss mental health if she wants, as no Rule 702/*Daubert* challenge is being raised to either of them. But Plaintiff's last-minute, bad-faith effort to put never-disclosed PTSD and causation diagnoses, in direct contradiction to earlier discovery responses, should be rejected.

2

                                    Respectfully submitted,

                                    */s/ Thomas J. Davis*
                                    Thomas J. Davis (P78626)
                                    Attorneys for Defendants
                                    280 N. Old Woodward Ave., Ste. 400
                                    Birmingham, MI 48009
                                    (248) 645-0000
Dated: September 17, 2023        tdavis@khvpf.com

## Certificate of Service

I hereby certify that on September 17, 2023, I electronically filed this document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

/s/*Thomas J. Davis*
Thomas J. Davis (P78626)
Kienbaum Hardy Viviano
 Pelton & Forrest, P.L.C.
280 N. Old Woodward Avenue, Suite 400
Birmingham, MI  48009
(248) 645-0000
Email:  tdavis@khvpf.com