UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANNA JOHNSON,

    *Plaintiff*,

v.

FORD MOTOR COMPANY,

    *Defendant*.

_____/

Case No. 2:19-cv-10167

District Judge
Gershwin A. Drain

Magistrate Judge
Elizabeth A. Stafford

## ORDER GRANTING IN PART DEFENDANT'S ORAL MOTION AND MEMORANDUM OF LAW ON EXCLUSION OF KENDRA DIXSON AS EXPERT WITNESS [#182]

On September 14, 2023, Plaintiff's counsel announced during opening statements that it would call as a witness Ms. Kendra Dixson[1], one of Plaintiff's primary medical treaters, to testify as to injuries suffered by Plaintiff resulting from alleged sexual/racial harassment and hostile work environment. Specifically, Plaintiff's counsel stated that Ms. Dixson would offer opinion testimony as to the cause and diagnosis of Plaintiff's mental health ailments. After the first day of trial, counsel for Defendant moved orally to prevent Ms. Dixson from offering such testimony, arguing that Plaintiff's counsel had not disclosed prior to trial Ms. Dixson's proposed diagnosis or causation opinion. Plaintiff's counsel disagreed and

---

[1] Also referred to in briefing as Ms. Tillman or Dixson Tillman.

1

argued that its disclosures were sufficient. The Court ordered the parties to each submit five pages on the question to be heard for argument the following week.

Defendant filed its brief on September 15 and argued (1) that Ms. Dixson's expert witness testimony must be excluded under Federal Rules of Civil Procedure 26 and 37 because Plaintiff failed to disclose during discovery that Ms. Dixson would be offering such opinions; and (2) that the *Howe* factors that govern excusing deficient disclosures support exclusion of the proposed expert testimony. ECF No. 182. Plaintiff filed a response on September 17, arguing that the pretrial disclosure of Ms. Dixson's testimony complied with Rules 26 and 37. ECF No. 183. Further, Plaintiff agreed that the Howe factors control here, but argued that they cut in the opposite direction, in favor of Plaintiff. *Id*. The parties argued the motions on September 18.

Having considered the briefing and oral argument, the Court will grant Defendant's Motion in part and preclude Ms. Dixson from testifying as an expert witness.

I. ANALYSIS

**A.   Plaintiff was required to disclose during discovery the subject matter, facts, and opinions on which Ms. Dixson was expected to testify.**

Federal Rule of Civil Procedure 26(a)(2)(C) requires that, for experts like Ms. Dixson who are not specially employed to provide expert testimony, the pretrial witness "disclosure must state . . . the subject matter on which the witness is expected

2

to present [expert evidence]" and "a summary of the facts and opinions on which the witness is expected to testify." This statement of the Rule demonstrates, and the parties appear to agree, that Plaintiff was obligated to disclose prior to opening statements a summary of Ms. Dixson's testimony. *See* ECF No. 182, PageID.3876; ECF No. 183, PageID.3906. The parties disagree on whether Plaintiff's disclosure was sufficient.

**B.   Plaintiff's disclosure was insufficient under Rule 26 to support Ms. Dixson now presenting a causation opinion and diagnosis.**

According to Defendant (and as uncontested by Plaintiff), Plaintiff only disclosed during discovery that Ms. Dixson would be testifying to "interactions with and treatment of Plaintiff *as reflected in [her] records*." ECF No. 182, PageID.3877. As this was the entire disclosure of Ms. Dixson's testimony, it cannot support the proposed expert opinion.

Pursuant to the ruling in *Dobbins*, this disclosure at most qualifies as "a mere statement of the topics of the opinions," which the *Dobbins* court persuasively ruled is insufficient under Rule 26. *Dobbins v. Greyhound Lines, Inc.*, 336 F.R.D. 144, 147 (E.D. Mich. 2020) (excluding expert testimony where the witness disclosure stated only that "[t]reating physicians will testify as to their first-hand knowledge regarding care and treatment performed and may also be called upon to offer expert testimony."). Even for a treater, the disclosure must include "a summary of facts and opinions" and cannot "simply constitute a statement of the topics." *Id.* Plaintiff did

3

not, before opening statements, disclose that Dixson would be offering a causation opinion or a diagnosis—and certainly did not provide a summary of either opinion. This contravenes the purpose of the Rule, which is "designed in part to eliminate unfair surprise." *Trepel v. Roadway Express, Inc.*, 40 F. App'x 104, 111 (6th Cir. 2002).

C.   **The *Howe v. Akron* five-factor test supports preventing Ms. Dixson from testifying as an expert witness.**

Generally, an incomplete or insufficient disclosure under Rule 26 requires exclusion of the testimony under Rule 37(c)(1). *See* Fed. R. Civ. P. 37(C)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness . . . trial, unless the failure was substantially justified or is harmless."

The parties agree that *Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015) interprets the substantial justification and harmlessness prong of Rule 37(C) and provides five-factors governing whether untimely disclosed evidence should be excluded. Those factors are (1) surprise to Defendant, (2) the ability to cure the surprise, (3) disruption of trial, (4) importance of the evidence to be excluded, and (5) Plaintiff's explanation for the insufficient disclosure. *Id*. These factors, in sum, favor Defendant:

> (1) **Surprise:** There is little argument that Defendant was not surprised to hear on the first day of trial that Ms. Dixson would be testifying to a previously

4

undisclosed causation opinion and diagnosis. Plaintiff's argument that Defendant has known about Ms. Dixson as a potential witness and has deposed her colleagues is unavailing. ECF No. 183, PageID.3907. Defendant knew of Ms. Dixson as a fact witness prior to trial and made strategic decisions under that understanding. The fact that certain medical evidence existed as to other witnesses says nothing of whether Defendants had reason to consider such evidence as it relates to Ms. Dixson.

(2) & (3) **Ability to Cure and Disruption of Trial**: There is essentially no ability to cure the deficient disclosure without disrupting trial. Trial has been ongoing for three days. Ms. Dixson is assertedly required to testify on Wednesday given her schedule. To minimize prejudice to Defendant, the Court would at minimum need to afford Defendant time to prepare an examination as to Ms. Dixson's proposed causation opinion and diagnosis. There is no time for that. Further, as Defendant would intend to bring a *Daubert* challenge as to Ms. Dixson, the Court would need to hear argument as to Ms. Dixson's qualifications and methodology before permitting her to testify. There is no time for that either.

(4) **Important of Evidence:** Plaintiff does not appear to have another witness through whom she can introduce the proposed causation and diagnosis evidence. And, as Plaintiff's counsel noted in oral arguments, Plaintiff's damages theory relies on establishing her emotional injuries. So, the Court recognizes that Ms. Dixson's proposed testimony would be meaningful in Plaintiff making her case on damages.

(5) **Plaintiff's Explanation:** Plaintiff's explanation is that "Plaintiff, like the plaintiff in *Phoenix*, did not anticipate that a more detailed rendering of her treater's opinions would be required, in that she believed those opinions had been made clear in previous depositions." ECF No. 183, PageID.3908. This is unpersuasive. The fact that Plaintiff thought she was complying with Rule 26 does not excuse her noncompliance.

Having considered the *Howe* factors, the Court finds that Plaintiff's insufficient pretrial disclosure was not substantially justified or harmless. As such, Ms. Dixson's proposed expert testimony must be excluded.

## II. CONCLUSION

For the foregoing reasons, Defendant's Motion is **GRANTED IN PART**. Ms. Dixson is permitted to testify but only as a fact witness to the subject matter captured in Plaintiff's pretrial disclosure.

**IT IS SO ORDERED**.

Dated: September 20, 2023           /s/ Gershwin A. Drain
                                                    GERSHWIN A. DRAIN
                                                    U.S. DISTRICT JUDGE

### CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 20, 2023, by electronic and/or ordinary mail.
/s/ Kelly Winslow for Teresa McGovern
Case Manager