UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————

DEANNA JOHNSON

    Plaintiff,

vs.

FORD MOTOR COMPANY,
*a Delaware corporation;*

    Defendant.
_____/

Case No. 2:19-cv-10167
Hon. Gershwin A. Drain
Mag. Judge Elizabeth A. Stafford

| | |
|---|---|
| Carol A. Laughbaum (P41711)<br>STERLING ATTORNEYS AT LAW, P.C.<br>Attorney for Plaintiff<br>33 Bloomfield Hills Pkwy., Ste. 250<br>Bloomfield Hills, Michigan 48304<br>(248) 644-1500<br>claughbaum@sterlingattorneys.com | Elizabeth P. Hardy (P37426)<br>Thomas J. Davis (P78626)<br>KIENBAUM, HARDY, VIVIANO, PELTON &<br> FORREST, P.L.C.<br>Attorneys for Defendant<br>280 N. Old Woodward Ave., Ste.400<br>Birmingham, MI 48009<br>(248) 645-0000<br>ehardy@khvpf.com<br>tdavis@khvpf.com |

_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S 50(a) MOTION
FOR JUDGMENT AS A MATTER OF LAW**

    Judgment as a matter of law pursuant to Fed R Civ P 50(a) is the newer term for "directed verdict" and is awardable essentially on the same basis as was a directed verdict historically; Rule 50(a) reflects the "no reasonable jury could find against the party" standard that traditionally has been the standard for a directed verdict. *Thornton v Dutch Nats Processing, LLC*, 629 F Supp 3d 777, 787

(MD Tenn 2022). This standard largely "mirrors" the summary-judgment standard, the difference being that district courts evaluate Rule 50(a) motions in light of the trial record rather than the discovery record. *Dupree v Younger*, 598 US 729, 731-32 (2023), citing *Anderson v Liberty Lobby, Inc*, 477 US 242, 250-251; 106 S Ct 2505; 91 L Ed 2d 202 (1986). The summary judgment standard, of course, requires a court to view all disputed evidence in a light most favorable to the non-moving party and draw all reasonable inferences in her favor, *id.*

On September 21, 2023, in response to Defendant Ford's oral motion for a directed verdict, the Court acknowledged the "tons and tons" of evidence presented as to Plaintiff's sexual harassment claims. As noted by the Sixth Circuit, Plaintiff's sexual harassment claims are very much intertwined with her racial harassment claims. *Johnson v Ford,* 13 F4th 493, 507 (6th Cir 2021). Given the trial proofs, Plaintiff – not Defendant – is the only party with a legitimate Rule 50(a) argument. Defendant's motion should be easily denied both as to Plaintiff's hostile work environment claim (sex) claim under Michigan law; and her hostile work environment (race) claim under federal law.

I. **Exemplary Damages Under ELCRA**

Plaintiff withdraws her claim for exemplary damages and proposed jury instruction No. 45.

## II. Punitive Damages Under Sec. 1981

Plaintiff has presented overwhelming proofs supporting an award of punitive damages as to her Sec. 1981 race claim. To establish the 5th element of a hostile work environment claim based on coworker harassment – that is, that the defendant knew or should have known about the harassment but failed to act – a plaintiff must show that the employer's response to the plaintiff's complaints "manifest [ed] indifference or unreasonableness in light of the facts the employer knew or should have known." *Hawkins,* 517 F3d at 338 (internal quotation marks omitted); *see Jackson v Quanex Corp,* 191 F3d 647, 659 (6th Cir 1999) (explaining that the plaintiff must show that the employer "tolerated or condoned the situation or that the employer knew or should have known of the alleged conduct and failed to take prompt remedial action" (internal quotation marks omitted).

This jury heard evidence of Mahoney and Markavich's appalling, reckless disregard for Plaintiff's rights, despite knowing about Rowan's egregious sexual harassment (Mahoney – *Just do us all a favor, f—k him and get it over with*; Mahoney - y*ou've only been here a hot f---ing minute and you're running around saying shit; I have a wife and kids… you better watch what you say*; Mahoney – *Just lie [to HR like] I did*; Markavich -- *How bad are things between you and Nick Rowan on a scale of 1 to 10 ….*

*Oh God, I don't wanna know*; Markavich – *I don't give a f—k about your problems, you'd better get in line like [Mahoney] told you;* and much more).

Illustrative cases include *Waldo v Consumers Energy Co*, 726 F3d 802, 814 (CA 6, 2013)(plaintiff testified to a wide range of harassing behaviors that she endured on a regular basis at work and which she brought to McDonald's and other **supervisors'** attention on several occasions; no reasonable jury could have found that Consumers was not aware of the harassment); *Moore v KUKA Welding Sys & Robot Corp*, 171 F3d 1073, 1083 (CA 6, 1999) (jury's award of punitive damages was supported by sufficient evidence to escape a directed verdict; fact that defendants knew and allowed the offensive conduct to continue supports the punitive damage award; Defendants' apparent indifference to plaintiff's plight, particularly the fact that **Supervisor** Tom McCauley witnessed and condoned it and even participated himself to some extent, meets the "reckless indifference" standard under the case law); *Corbin v Steak 'n Shake, Inc*, 861 F Appx 639, 644 (CA 6, 2021) (punitive damages warranted given the reprehensibility of the defendant's conduct; the harm suffered by plaintiff was physical and emotional with record showing she was slapped, touched, and subjected to derogatory comments and Steak 'n Shake's management was repeatedly made aware of the harassment, but did not address or investigate the complaints); *West v Tyson Foods, Inc*, 374 F Appx 624 (CA 6, 2010)(verdict in

4

favor of female employee on sexual harassment hostile work environment claim was supported by sufficient evidence that employer knew or should have known of coworker sexual harassment; employee reported harassment to her **supervisor**, who was listed as person through whom employee could report harassment under employer's sexual harassment policy; **supervisor** failed to adequately address harassment) (*emphasis added*).

Moreover, the fact that a company maintains anti-harassment policies, in itself, does not mean it has made good faith efforts to comply with anti-discrimination laws; the focus is on implementation, not mere existence. *Sackett v ITC Deltacom, Inc*, 374 F Supp 2d 602, 616-17 (ED Tenn, 2005). Nor does Ford HR even provide its anti-harassment policies to new hires. When Counsel for Ford questioned Mr. Harris (HR), inviting him to agree that all new hires were provided with the Ford anti-harassment policy, he glibly responded "no" and stated that new employees could find that on their own.

Defendant's brief relies almost exclusively on law from outside the Sixth Circuit. Unfortunately, so does Defendant's Punitive Damages Instruction No. 41 (2nd Circuit, 4th Circuit, 11th Cir), which the Court agreed to use. However, "Managerial capacity" – a term used throughout that instruction --- is not the law in the 6th Circuit. Respectfully, and at a minimum, Plaintiff requests that the Court amend this instruction to substitute "supervisory or managerial" for the

"managerial" language to comport with Sixth Circuit law. *Waldo, Moore, West, supra*. Plaintiff appreciates the Court's frustration with respect to the parties' inability to timely agree on various instructions, leaving it to make a decision today, but utilizing Instruction 41 would be error. Virtually every sentence on page two of that instruction is defense favorable and bodes against the jurors awarding punitive damages. Plaintiff respectfully implores the Court to rectify this error.

### III. Hostile Work Environment Sexual Harassment

Given the "tons and tons" of evidence in support of this claim, as acknowledged by the Court, Plaintiff will only briefly address this it. First, and while Plaintiff *did* report Rowan's harassment to "higher management" (at a minimum, Team Manager Markavich),[1] that is not even required. Notice of sexual harassment can be "constructive." This court found sufficient evidence of constructive notice based on the pre-trial record, all of which (and more) is part of the trial record (the severe and pervasive nature of the harassment; Rowan's constant, daily, sexual comments and request for nude pictures;

---

[1] This Court has agreed that, at a minimum, a question of fact exists as to whether Mahoney is "higher management" given the fact that he "owns the entire floor" in Markavich's absence, has written up a whole group of process coaches, had the authority to transfer Rowan, and was viewed by the process coaches as their boss and someone from whom they had to take orders. (ECF 100, PageID 1957). Indeed, Plaintiff testified at trial that Mahoney told her that *Rowan* was her boss! And today, September 22, 2023, Ms. Clemons testified to Mahoney and Markavich being Plaintiffs bosses.

6

Mahoney and Markavich's repeated promises to move Plaintiff, as well as their lewd acknowledgements of Rowan's antics and disgusting suggestions to her as to how she should handle Rowan, etc.).

## IV. Hostile Work Environment Racial Harassment

The Sixth Circuit has already determined that sufficient evidence exists from which a jury could find in favor of Plaintiff on her racial hostile work environment claims; this is now the law of the case. *Howe v City of Akron,* 801 F3d 718, 739 (6th Cir 2015). The evidence is overwhelming (*I need a Black woman in my collection*; *I don't yet have a Black woman in my collection*; *brown/black/chocolate mounds/mountains; you're spicy, chocolate; not exactly the black mounds I want to feast my eyes on*) and more.

Defendant's motion should be denied.

| PROOF OF SERVICE | Respectfully submitted, |
|---|---|
| I certify that on September 22, 2023, I filed the foregoing paper with the Clerk of the Court using the ECF system, which will electronically send notification to all counsel of record.<br><br>/s/Carol A. Laughbaum<br>Sterling Attorneys at Law, P.C.<br>33 Bloomfield Hills Pkwy., Ste. 250<br>Bloomfield Hills, MI 48304<br>(248) 644-1500<br>claughbaum@sterlingattorneys.com | STERLING ATTORNEYS AT LAW, P.C.<br><br>By:/s/Carol A. Laughbaum<br>   Carol A. Laughbaum (P41711)<br>   Attorneys for Plaintiff<br>   33 Bloomfield Hills Pkwy., Ste. 250<br>   Bloomfield Hills, MI 48304<br>   (248) 644-1500 |