UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANNA JOHNSON,

    Plaintiff,

v.

FORD MOTOR COMPANY,
a Delaware corporation,

    Defendant.

Case No. 19-cv-10167

Honorable Gershwin A. Drain

Magistrate Elizabeth A. Stafford

---

STERLING ATTORNEYS AT LAW, P.C.
Carol A. Laughbaum (P41711)
Attorneys for Plaintiff
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500
claughbaum@sterlingattorneys.com

KIENBAUM HARDY VIVIANO PELTON & FORREST, P.L.C.
Elizabeth P. Hardy (P37426)
Thomas J. Davis (P78626)
Attorneys for Defendant
280 N. Old Woodward Ave.
Ste. 400
Birmingham, MI 48009
(248) 645-0000
ehardy@khvpf.com
tdavis@khvpf.com

Blaine H. Evanson
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive, Suite 1200
Irvine, CA 92612
(949) 451-3800
bevanson@gibsondunn.com

---

**Defendant's Reply in Support of Motion for Judgment as a Matter of Law**

Plaintiff's opposition to Ford's Rule 50(a) motion misunderstands the law applicable to her claims—in particular, she ignores black-letter law governing the high bar that plaintiffs face in seeking punitive damages under *Kolstad*.

I. **On liability, the Court should—at a minimum—grant relief on the issue of prompt and adequate remedy if measured by a November 25 notice date.**

As Ford noted in its Rule 50(a) motion, Plaintiff conceded during the trial, on the record, that if Ford's first notice was on November 25, 2018 then her liability case fails as a matter of law. Plaintiff has never contested liability, even in response to Ford's earliest summary judgment motion. And in her Rule 50(a) response, she (1) does not dispute that she has conceded liability on this issue; and (2) opposes Rule 50(a) relief by arguing only that Mahoney or Markavich had earlier notice. She does not claim that Rule 50(a) relief should be denied because Ford's response to Plaintiff's November 25, 2018 complaint itself was not prompt and adequate.[1] *See* Opp. 6-7.

Despite this issue being conceded, at the last day of trial Plaintiff suggested in questioning LaDawn Clemons that Ford's suspending Rowan to investigate, rather than summary termination, was somehow improper. Not only is that inconsistent with

---

[1] Plaintiff's two-paragraph response on liability otherwise suggests that the Sixth Circuit's holding *at the summary judgment stage* that she had enough evidence to go to trial is somehow dispositive now. Not only is that plainly wrong insofar as the Rule 50(a) motion must be judged solely by the trial evidence, not the summary judgment record, the Sixth Circuit's decision did not address Ford's notice (or lack thereof) at all. *See Johnson v. Ford Motor Co.*, 13 F.4th 493, 506 (6th Cir. 2021). Plaintiff failed to put on sufficient trial evidence to suggest early notice of *race* harassment.

1

her legal concessions, it is erroneous as a matter of law. Under both federal and state law, relevance turns on whether the harassment stopped after the remedial action, not the severity of the remedy. *See Garcia v. Beaumont Health Royal Oak Hosp.*, No. 22-1186, 2022 WL 5434558, at *4, *6 (6th Cir. Oct. 7, 2022) (citing numerous cases).

The Court should grant Rule 50(a) relief on this issue *and* instruct the jury that there is no dispute between the parties that, if Defendant's first notice of harassment was on November 25, 2018, its response was prompt and adequate as a matter of law. Otherwise, Plaintiff's planned jury argument would necessarily taint any adverse jury finding on Questions 1 and 2 of the verdict form that Plaintiff demanded, as there would be no way to determine whether the jury found Ford liable on the legally-foreclosed basis that HR's response to the November 25 complaint was not prompt and adequate.[2]

## II. Plaintiff now concedes that ELCRA does not allow exemplary damages.

Next, Plaintiff now recognizes that her claim for exemplary damages under the ELCRA is foreclosed by well-established Michigan law. Opp. 2. Thus, there is no dispute that the Court can grant judgment as a matter of law to Ford on that issue, and

---

[2] Plaintiff also fails to contest that, *on the trial record*, Mahoney is not "higher management" under ELCRA. Instead, (1) she argues—contrary to the Court's ruling at the jury-instruction conference—that Ford's antiharassment policy overrides the legal standard of notice contained in ELCRA; and (2) she cites to the Court's ruling on the distinct summary judgment record. At trial, Ford's uncontested evidence was that Mahoney could not permanently reassign process coaches and could not discipline without the Team Manager's signing off. For her part, Plaintiff *admitted* on the stand that she Mahoney's authority, only that she considered him a boss. Whether someone is thought of as the "boss" does not establish their power to hire, fire, transfer, or discipline.

2

remove from the jury instructions and verdict form any reference to such damages.

### III. Plaintiffs' punitive damages response ignores Supreme Court and related authority on the significantly heightened punitive damages burden.

As Ford's brief shows, the Supreme Court, Sixth Circuit, and other circuit courts are consistent in holding that the standard for receiving punitive damages is significantly higher than compensatory damages. Among other things, an employer cannot be liable for punitive damages for an employee's conduct unless the employee acted in a managerial capacity within the scope of his employment. Opening Br. at 1-2. And "managerial capacity" for these purposes is *not* the same as "higher management" or "supervisor" status for notice purposes. Rather, "managerial capacity" refers to someone high enough in the corporate structure with discretion over corporate policy; thus, even a plant manager supervising over one thousand employees may not be managerial agents if they are far removed from policy and do not have discretion to disregard policy. *Id.* at 4-5. Mahoney and Markavich are both several levels removed from top leadership *at the Dearborn Truck Plant*, let alone from Ford. There is no evidence that they had the authority to disregard or modify Ford's anti-harassment policy. Ford cannot be liable for *punitive damages* due to their failure to follow policy, inconsistent with the scope of their employment. *Id.*

Plaintiff's response badly misunderstands the law. She invites the Court to ignore controlling caselaw requiring that, for punitive damages, the discriminatory actor must be a managerial agent, asserting without citation that "'Managerial capacity' …

3

is not the law in the Sixth Circuit." Opp. 5 (emphasis in original). A quick skim of Supreme Court and Sixth Circuit precedent shows she is wrong—a defendant cannot be liable for punitive damages unless "the discriminatory actor worked in a *managerial capacity* and acted within the scope of his employment." *New Breed*, 783 F.3d at 1072 (emphasis added); *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 543 (1999). Her brief fails to cite or mention *Kolstad*, and she does not cite a single published Sixth Circuit case applying the *Kolstad* test.[3] And even the unpublished cases she cites recognize that to recover punitive damages a plaintiff must show "malice or reckless disregard" of the plaintiff's rights by an "agent employed *in a managerial capacity*." *West v. Tyson Foods, Inc.*, 374 F. App'x 624, 637–38 (6th Cir. 2010) (emphasis added) (quoting *Parker v. General Extrusions, Inc.*, 491 F.3d 596, 602–03 (6th Cir. 2007)). Plaintiff does not rebut Ford's argument that, under the managerial-capacity standard, none of the relevant Ford employees was sufficiently senior to permit punitive damages here.

Plaintiff further mistakenly conflates the *negligence* standard for an employer's liability for a coworker's sexual harassment with the much higher bar for punitive damages. Opp. 3. Most of the cases she cites do not address the standard for punitive damages at all and instead involve challenges to the employer's liability. *See Waldo*

---

[3] Plaintiff cites *Moore v. KUKA Welding Systems & Robot Corp.*, 171 F.3d 1073, 1083 (6th Cir. 1999), for the proposition that the discriminatory actor need not be a managerial agent for an employer to be liable for punitive damages. Opp. 4–5. *Moore* predates *Kolstad* and is no longer good law to the extent it is inconsistent with the Supreme Court's holding to the contrary.

4

*v. Consumers Energy Co.*, 726 F.3d 802, 814 (6th Cir. 2013) (discussing standard for vicarious liability in a coworker case and not the standard for punitive damages under *Kolstad*); *Hawkins v. Anheuser-Busch, Inc.*, 517 F.3d 321, 338 (6th Cir. 2008) (same); *Jackson v. Quanex Corp.*, 191 F.3d 647, 659 (6th Cir. 1999) (same); *see also Corbin v. Steak 'n Shake, Inc.*, 861 F. App'x 639, 645–46 (6th Cir. 2021) (discussing challenge to "the ratio of punitive damages to back pay and compensatory damages" under "the Due Process Clause"). Theses cases are thus irrelevant.

As for Ford's good-faith efforts to prevent harassment, Plaintiff argues only that the "mere existence" of an anti-harassment policy does not suffice to defeat a claim for punitive damages. Opp. 5. But as Ford has explained, it did not just *have* an anti-harassment policy, it implemented the policy in good faith—as reflected by HR's immediate suspension, investigation, and termination of Rowan himself for violation of Ford's anti-harassment policy once upper-level management at the plant learned of his alleged conduct. Opp. 6. For this reason, too, the Court should grant judgment as a matter of law to Ford on punitive damages.

## Conclusion

For these reasons and those in Ford's opening brief, the Court should grant Ford judgment as a matter of law.

|  |  |
|---|---|
| Blaine H. Evanson<br>GIBSON, DUNN & CRUTCHER LLP<br>3161 Michelson Drive, Suite 1200<br>Irvine, CA 92612<br>(949) 451-3800<br>bevanson@gibsondunn.com | /s/ Thomas J. Davis<br>Elizabeth Hardy (P37426)<br>Thomas J. Davis (P78626)<br>KIENBAUM HARDY VIVIANO PELTON & FORREST, P.L.C.<br>280 N. Old Woodward Ave., Suite 400<br>Birmingham, MI 48009<br>(248) 645-0000<br>ehardy@khvpf.com<br>tdavis@khvpf.com |

***Attorneys for Defendant***

Dated: September 23, 2023

6

**Certificate of Service**

      I hereby certify that on September 23, 2023, I electronically filed this document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

                                        */s/Thomas J. Davis*
                                        Thomas J. Davis (P78626)
                                        Kienbaum Hardy Viviano
                                         Pelton & Forrest, P.L.C.
                                        280 N. Old Woodward Avenue, Suite 400
                                        Birmingham, MI  48009
                                        (248) 645-0000
                                        Email:  tdavis@khvpf.com