UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANNA JOHNSON,

    *Plaintiff*,

v.

FORD MOTOR COMPANY,

    *Defendant*.

_____/

Case No. 2:19-cv-10167

District Judge
Gershwin A. Drain

Magistrate Judge
Elizabeth A. Stafford

## ORDER DENYING DEFENDANT'S RULE 50(a) MOTION FOR JUDGMENT AS A MATTER OF LAW [#187]

This hostile work environment action arises under Michigan's Elliot-Larsen Civil Rights Act ("ELCRA") and 42 U.S.C. § 1981, respectively. ECF No. 1. Plaintiff Deanna Johnson ("Plaintiff") asserts that she was subjected to sexual and racial harassment by coworker Nicholas Rowan during her employment at Defendant Ford Motor Company's ("Defendant") Dearborn Truck Plant. Plaintiff argues that Defendant is liable for Mr. Rowan's harassment because she reported his behavior to her supervisors beginning as early as August 2018 and that these supervisors failed to address her claims until November 2018. ECF No. 55, PageID.1138, 1146-1149. Plaintiff seeks compensatory and punitive damages for the harassment she endured because of Defendant's alleged delay.

1

The matter proceeded to a jury trial. At the conclusion of Plaintiff's case-in-chief on September 21, 2023, Defendant's Counsel made an oral motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a) and subsequently filed a paper brief requesting the same. ECF No. 187. Plaintiff filed its Response on September 22, 2023 (ECF No. 188) and Defendant replied on September 23, 2023 (ECF No. 189). The Court heard argument on Defendant's oral motion on September 21, 2023 and on the paper Motion on September 25, 2023.

Defendant argued in its Motion that it is not liable for Mr. Rowan's harassment because it did not receive actual notice of Plaintiff's complaints until November 25, 2018. ECF No. 187, PageID.4024. Rather, Defendant asserted that Ms. Johnson's alleged reports of harassment prior to November 2018 were insufficient because they were made to individuals who were not empowered to take remedial action. ECF No. 187, PageID.4022. Defendant also argued that there was no constructive notice of the harassment because "most of the evidence takes the form of private text messages and displays of inappropriate videos on a phone—things that nobody but Rowan and Plaintiff would have seen." *Id*. at PageID.4023. Accordingly, Defendant has maintained its argument that it "promptly and adequately remedied [Ms. Johnson's] complaint by suspending [Mr.] Rowan the same day the complaint was made." ECF No. 59, PageID.1572–73; *see* ECF No.

2

187, PageID.4017. The Court denied Defendant's Motion on the record on September 25.

The forthcoming brief discussion supplements the Court's statements on the record.

### A. Legal Standard

A party may move for judgment as a matter of law "at any time before the case is submitted to the jury." Fed. R. Civ. P. 50(a). A court may grant a Rule 50(a) motion "only if the relevant party 'has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." *Id.* In other words, the Court may grant Defendant's Motion "only if a complete absence of proof exists on a material issue in the action, or if no disputed issue of fact exists on which reasonable minds could differ*.*" *LaPerriere v. Int'l Union UAW*, 348 F.3d 127, 132 (6th Cir. 2003). In making this assessment, the Court considers the evidence in the light most favorable to the non-moving party, "giving that party the benefit of all reasonable inferences." *Webb v. Hiben*, No. 12-12370, 2015 U.S. Dist. LEXIS 123954, at *1 (E.D. Mich. Sep. 17, 2015) (citing *Tuck v. HCA Health Svs. of Tennessee, Inc.*, 7 F.3d 465, 469 (6th Cir. 1993)).

### B. Discussion

#### a. Exemplary Damages

Defendant argues that Plaintiff is not entitled to exemplary damages. ECF No. 187, PageID.4015. Plaintiff has withdrawn any claim to exemplary damages in its Response Motion (ECF No. 188, PageID.4027), so Defendant's argument is moot.

#### b. Punitive Damages

Defendant next argues that Plaintiff is not entitled to punitive damages because she has not presented sufficient evidence of malice or reckless indifference and because no one who could have exhibited malice or reckless indifference based on the evidence was a managerial agent for purposes on punitive damages. *Id*. at PageID.4016-4018. Defendant rests its argument on the idea that Ms. Clemons and Mr. Harris were the only managerial agents at issue in this case and that these individuals did not have notice of the alleged racial harassment until November 25, 2018—shortly before Mr. Rowan's employment was terminated. *Id.* at PageID.4017. The Court finds that Plaintiff has presented sufficient evidence to survive this argument. Plaintiff has presented to the jury evidence that she reported her harassment to Mr. Mahoney in August 2018 and that he was obligated under Ford's policies to report Plaintiff's claims up the chain of command. Plaintiff has also produced evidence that she spoke with Ms. Clemons prior to November 25,

2018—leaving an issue of fact as to whether Ford dismissed Plaintiff's claims for months on end as she alleges.

Defendant contends that Ford made good faith efforts to combat harassment by instituting its antidiscrimination policy, which provided zero tolerance for racial harassment. *Id.* at PageID.4020. Despite Defendant's policy, Plaintiff's evidence that Ford supervisors dismissed her claims for months on end raise a factual issue as to whether Defendant's policy was actually implemented in good faith.

### c. Sexual and Racial Harassment

Finally, Defendant argues that Plaintiff's racial and sexual harassment claims fail on the merits as a matter of law. ECF No. 187, PageID.4021-4024. The Court disagrees. If taken in the light most favorable to the jury, Plaintiff's evidence could reasonably support a finding that she was harassed starting in July 2018 and that Ford did not take adequate remedial measures until late November 2018. In short, Plaintiff has presented text messages and witness testimony showing that Mr. Rowan sent her sexualized and racialized correspondence. Further, Plaintiff has presented emails and witness testimony demonstrating that her cries for help, starting as early as summer 2018, went unheeded by Ford supervisors. Whether this evidence is to be believed is for the jury to decide, but there is no question as to whether the evidence has been presented.

### C. Conclusion

Having considered Defendant's Motion and Plaintiff's Response, the Court **DENIES** the Motion for the reasons stated on the record and in this supplemental Order. Considering the evidence presented at trial in the light most favorable to Plaintiff, a reasonable jury would have a legally sufficient evidentiary basis to find in favor of Plaintiff with respect to her claims.

**IT IS SO ORDERED**.

Dated: September 26, 2023

/s/ Gershwin A. Drain
GERSHWIN A. DRAIN
U.S. DISTRICT JUDGE

### CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 26, 2023, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager