UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANNA JOHNSON,

    Plaintiff,

v.

FORD MOTOR COMPANY,
a Delaware corporation,

    Defendant.

Case No. 19-cv-10167

Honorable Gershwin A. Drain

Magistrate Elizabeth A. Stafford

| | |
|---|---|
| STERLING ATTORNEYS AT LAW, P.C.<br>Carol A. Laughbaum (P41711)<br>Attorneys for Plaintiff<br>33 Bloomfield Hills Pkwy., Ste. 250<br>Bloomfield Hills, MI 48304<br>(248) 644-1500<br>claughbaum@sterlingattorneys.com | KIENBAUM HARDY VIVIANO<br>PELTON & FORREST, P.L.C.<br>Elizabeth P. Hardy (P37426)<br>Thomas J. Davis (P78626)<br>Attorneys for Defendant<br>280 N. Old Woodward Ave.<br>Ste. 400<br>Birmingham, MI 48009<br>(248) 645-0000<br>ehardy@khvpf.com<br>tdavis@khvpf.com |

**Defendant's Response in Opposition to
Plaintiff's Motion for Review of Taxed Bill of Cost**

**Argument**

Plaintiff's motion to review the Clerk's taxed bill of costs seeks to disallow the cost of two trial transcripts—transcripts she does not dispute were used during closing argument at trial. *See* ECF No. 208, PageID.5374. Her sole argument is that the Eastern District's Bill of Costs Handbook indicates that these transcripts are only taxable if used in a motion, but not in support of closing argument. *Id.* This is wrong.

Part II.C of the Handbook permits taxation of costs "obtained for use in the case." That Handbook—which, as its cover page indicates, should not be cited as legal authority—merely implements 28 U.S.C. § 1920, which provides that a court "may tax as costs… [f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." And Section 1920 permits taxation of the cost of transcripts used as demonstrative evidence during closing argument. *See Cassell v. Brennan*, No. 3:14-CV-00449-TBR, 2016 WL 7116190, at *2 (W.D. Ky. Dec. 6, 2016). The transcripts here easily meet the § 1920 standard.[1] *See id.*

The first challenged transcript—from September 14—was used at closing to remind the jury of the Court's preliminary instruction on how to judge a witness's

---

[1] Besides improperly citing the Handbook as legal authority, Plaintiff's argument—that the Handbook's specific reference to the taxation of transcripts "used in support of a motion" forecloses taxation for other uses—does not follow from the text. Part II.C.1 does *not* state that it sets forth the exclusive grounds for taxing a transcript. Nor does II.C.2's list of "Not Taxable" items include the cost of transcripts used during closing argument. Read as a whole, Handbook Part II.C.1 merely provides illustrative examples of when a transcript is taxable—not an exclusive list.

credibility. That instruction then served as a framework for Defendant's closing argument as to why Plaintiff lacked credibility. The second challenged transcript—from September 18—illustrated the testimony of Rich Mahoney in which he forcefully refuted the veracity of Plaintiff's accusations against him. Mahoney's own credibility *vis-à-vis* Plaintiff was perhaps the most critical issue for the jury to decide, given Plaintiff's accusations that Mahoney had knowledge of alleged harassment, and Plaintiff's repeated, direct attacks on Mahoney's credibility and character throughout trial and in her closing argument. Given that credibility was *the* key issue at trial, the use of these transcripts to support Defendant's closing argument—explaining why it believed the jury should believe Mahoney and disbelieve Plaintiff—satisfies the "necessary for use in the case" standard of § 1920. *See Cassell, supra,* 2016 WL 7116190, at *2 (allowing taxation of transcripts used during closing argument where it was used to advance the party's theme in closing).

## Conclusion

The Court should deny Plaintiff's motion to review costs and affirm the Clerk's taxation of costs in full.

                              Respectfully submitted,

                              */s/ Thomas J. Davis*
                                  Elizabeth Hardy (P37426)
                                  Thomas J. Davis (P78626)
                              KIENBAUM HARDY
                              VIVIANO PELTON & FORREST, P.L.C.
                              Attorneys for Defendants
                              280 N. Old Woodward Ave., Suite 400
                              Birmingham, MI 48009
                              (248) 645-0000
                              ehardy@khvpf.com

Dated: October 5, 2023              tdavis@khvpf.com

497389

## Certificate of Service

     I hereby certify that on October 5, 2023, I electronically filed this document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

                              */s/ Thomas J. Davis*
                              Thomas J. Davis (P78626)
                              Kienbaum Hardy
                              Viviano Pelton & Forrest, P.L.C.
                              280 N. Old Woodward Ave., Ste. 400
                              Birmingham, MI 48009
                              (248) 645-0000
                              tdavis@khvpf.com

497389