UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANNA JOHNSON,

    Plaintiff,

v.

FORD MOTOR COMPANY,
a Delaware corporation,

    Defendant.

Case No. 19-cv-10167

Hon. Gershwin A. Drain

Magistrate Elizabeth A. Stafford

---

STERLING ATTORNEYS
AT LAW, P.C.
Carol A. Laughbaum (P41711)
Attorneys for Plaintiff
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500
claughbaum@sterlingattorneys.com

KIENBAUM HARDY
VIVIANO PELTON & FORREST, P.L.C.
Elizabeth P. Hardy (P37426)
Thomas J. Davis (P78626)
Attorneys for Defendant
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI 48009
(248) 645-0000
ehardy@khvpf.com
tdavis@khvpf.com

Blaine H. Evanson
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Dr., Ste. 1200
Irvine, CA 92612
(949) 451-3800
bevanson@gibsondunn.com

---

**Defendant's Response in Opposition to Plaintiff's Rule 59 Motion**

## Introduction

For nearly five years, Plaintiff has been able to maintain this lawsuit despite her ever-changing and often contradictory stories because only the jury—not the Court—may evaluate disputed facts and judge witness credibility. As the Court has acknowledged, credibility was the key issue at trial, and particularly on whether Ford had notice of alleged harassment before November 25, 2018. Once the jury was allowed to do its job and weigh witness credibility, it returned a verdict for Ford in only a few hours. Plaintiff's demand that the Court usurp the jury's role, make its own credibility determinations, and throw out the verdict on that basis is contrary to law. The Court should summarily deny Plaintiff's motion for a new trial.

## Argument

The Sixth Circuit has long cautioned that the grant of a new trial based on a "weight of the evidence" argument "effects a denigration of the jury system" and risks "usurp[ing]" the "prime function of the jury as the trier of facts." *Holmes v. City of Massillon, Ohio*, 78 F.3d 1041, 1047 (6th Cir. 1996) (citing *Duncan v. Duncan,* 377 F.2d 49, 54 (6th Cir. 1967)). Thus, a court is "not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable." *Decker v. GE Healthcare Inc.*, 770 F.3d 378, 395 (6th Cir. 2014) (internal quotation marks omitted). Rather, a new trial motion must be denied "if a reasonable juror could reach

1

the challenged verdict." *Id.* And given the core jury function of assessing witness credibility, the Sixth Circuit has found it to be an abuse of discretion to grant a new trial when the case comes down to "who the jury believed." *Holmes*, 78 F.3d at 1048; *accord Denhof v. City of Grand Rapids*, 494 F.3d 534, 543-44, 547 (6th Cir. 2007) (same); *McDonald v. Petree*, 409 F.3d 724, 731 (6th Cir. 2005) (affirming denial of plaintiff's new trial motion because "[w]itness credibility is solely within the jury's province, and this court may not remake credibility determinations").

This is indisputably such a case. Pre-trial, the Court held that "Ford's liability in this case is almost entirely dependent on Plaintiff's testimony; her credibility is thus key to issues that will be before the jury." ECF No. 149, PageID.3245. And this Court, citing the principles above, has recognized that a plaintiff may not obtain a new trial based on a "contention that Defendants and most if not all other [defense witness] testimony was not credible," combined with the plaintiff's lengthy interpretation of what she believed the evidence showed. *Maclin v. Holden*, 2016 WL 1161526, at *1-2 (E.D. Mich. Mar. 23, 2016) (Drain, J.). But that is just what Plaintiff's new trial motion seeks to do here. She does not challenge any of the Court's evidentiary rulings or otherwise allege trial unfairness. Instead, she asks the Court to usurp the jury's decision by declaring her story more credible than the testimony of Ford's witnesses on the notice issue—a notice story each of those Ford witnesses disputed. Plaintiff's new-trial motion is utterly without merit.

2

**I.   The jury reasonably could have found that Ford did not have notice of harassment before November 25—a claim that rested *entirely* on Plaintiff's credibility, and for which Plaintiff told inconsistent stories.**

From the very start of the case, the jury was told that the employer-liability prong of Plaintiff's burden of proof—*i.e.*, Ford's notice—was "the key issue for you to decide." ECF No. 201, PageID.5503. On this prong, Plaintiff was required to prove that (1) Ford had adequate notice that Plaintiff was subjected to harassment; (2) after receiving notice, it failed to take prompt and adequate remedial action; and (3) further harassment occurred afterward. PageID.5505, 5511-5512. Plaintiff did not dispute that if Ford's first notice was November 25 (the day before it suspended Rowan), Ford took prompt and adequate remedial action. Indeed, her counsel conceded that if "Ford is able to sell to the jury this concept that Ford didn't have notice until November 25th, you know, that's game over. That's game over for plaintiff." PageID.4826.

On the early notice topic, Plaintiff's only evidence was her own testimony, as a review of her new trial motion confirms. ECF No. 216, PageID.6023-6033. Otherwise, Plaintiff mischaracterizes a few snippets of testimony from other witnesses to imply that they were not credible because they allegedly did not "remember" or expressly deny certain questions. But in so doing, Plaintiff only underscores the legal flaw in her motion. A demand for new trial on "weight of the evidence" does not require the Court to draw all inferences and credibility judgments in the movant's favor; rather, it asks if a reasonable juror could have reached the verdict. Here, a reasonable juror could easily

find in Ford's favor on notice—a factually-disputed issue whose resolution turned on which witnesses to believe.[1]

To start with, significant documentary and testimonial evidence supported Ford's position that Plaintiff did not give notice of harassment until November 25, after which Ford immediately suspended and later terminated Rowan. Among other things:

*First*, Plaintiff's *own* statement to HR's Les Harris on November 26, 2018 did *not* accuse Mahoney, Markavich, or anyone else of having prior knowledge of any alleged harassment. ECF No. 213-1, PageID.5711-5712. Rather, it discussed her reporting to LaDawn Clemons on November 25, 2018. *Id.* The form—which she signed—said that she was expected to be "honest and forthright" in her responses. PageID.5711. Under the last question, when asked if she had anything more to add, she said "no." PageID.5712. And Plaintiff conceded she did *not* accuse Mahoney and Markavich in her HR statement; she made that accusation later. PageID.5190-92.

*Second*, Mahoney gave Harris a statement on November 30, 2018 in which he denied knowing about alleged harassment of Plaintiff. *See* ECF No. 213-4,

---

[1] To be sure, a reasonable juror could also have found that Plaintiff failed to meet other elements of her claim—including, but not limited to, her race claim for which she had no documentary evidence apart from one arguably race-based text message. And even on these claims, the issues boil down to credibility: Plaintiff herself chose to call Rowan as a witness, and Rowan denied her allegations of unwelcome conduct and harassment. *See, e.g.*, PageID.4477-4486. But given that Plaintiff could not sustain her claims unless she proved early notice—even *if* the jury found severe or pervasive harassment—the Court need not address the other elements to deny Plaintiff's motion.

4

PageID.5719-5721. And Mahoney repeatedly testified at trial that he did not know Rowan was allegedly sexually or racially harassing Plaintiff, had not heard Rowan make inappropriate comments, that Plaintiff's claims to the contrary were false, and that he would not have let harassment continue had he known. *See, e.g.*, ECF No. 200, PageID.4605, 4622, 4627-4628, 4632, 4634, 4665-4667, 4675-77.

*Third*, Markavich gave statements to HR on November 30, 2018 and December 17, 2018 in which he denied knowing that Plaintiff was allegedly being harassed. ECF No. 213-3, PageID.5716-5718; ECF No. 211-15, PageID.5599-5602. And he repeatedly testified at trial that Plaintiff did not tell him that she was being harassed by Rowan, and that he never heard inappropriate comments of a sexual or racial nature at any time. PageID.4743-4745, 4470-4771, 4776, 4804-4805, 4813-4815.

*Fourth*, LaDawn Clemons gave statements to HR on November 26, 2018 and December 10, 2018 which do not indicate that Plaintiff had accused Mahoney or Markavich of disregarding complaints of harassment. ECF No. 211-11, PageID.5591; ECF No. 211-14, PageID.5595. In the statement, she reported Plaintiff stating that she did not want to be perceived as a "snitch," implying that Plaintiff had *not* told anyone else. *See id.* And Clemons testified that Plaintiff did not make any accusations about Mahoney or Markavich, that she believed Plaintiff had told her expressly that she had

5

*not* reported harassment to anyone, and that Clemons had not personally heard Rowan make racial or sexual comments about Plaintiff.[2] PageID.4379, 4424-4428, 4438, 4455.

This documentary and testimonial evidence fully distinguishes this case from *Waldo*, which Plaintiff cites in her brief. In *Waldo*, the court granted a new trial because the plaintiff's supervisor *admitted* at trial that the plaintiff "complained to him several times [but] did not report several of the specific complaints of gender-based harassment to anyone in upper management," *and* HR witnesses testified that they were aware of her complaints and did no investigation. *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 817 (6th Cir. 2013). Not so here: far from admitting Plaintiff's story, each of Ford's witnesses denied having such notice.

Moreover, Plaintiff's claim of notice prior to November 25 rested entirely on her own statements. As Plaintiff herself acknowledged to the jury, for her to prevail, the jury needed to believe her *and* believe that Clemons, Mahoney, and Markavich were all liars. ECF No. 204, PageID.5160-5162. On this credibility point, the Court

---

[2]Plaintiff's new trial motion does not mention her "constructive notice" theory, let alone argue that no reasonable juror could have failed to find management had constructive notice. Plaintiff's failure to raise such an argument is unsurprising. Even Plaintiff agreed that the plant floor was a loud, busy place with significant impediments to employees' ability to see and hear what was going on even a few feet away. PageID.4415-4416, 4907, 5409-5410. Markavich was rarely on the plant floor, and Mahoney was largely confined to the Motor Bay, far from Plaintiff's work area. PageID.4805-4806, 4679-4683. And, of course, Plaintiff's only evidence that Rowan openly harassed her in a way that others could see and hear was her own non-credible testimony; the text message evidence would not support such a claim. There was ample basis for the jury to reject a constructive notice theory.

6

instructed the jurors that, as the "sole judges of the credibility of the witnesses," they were entitled to believe all, part, or none of Plaintiff's testimony. ECF No. 198, PageID.4225. And it gave examples of what the jurors could consider when judging credibility, including Plaintiff's interest in the outcome of the case, contradictory past statements, and the reasonableness of her testimony. *Id.*

During the trial, the jury heard Plaintiff *admit* that she had given trial testimony—including on notice issues—at odds with her deposition testimony, federal complaint, and prior statements. *See, e.g.*, PageID.5181, 5199-5202, 5214-5215, 5231-5233. The jury heard Plaintiff admit to having lied to Ford to obtain employment in the first place, claiming to take responsibility then blaming someone else. PageID.5159-5160, 5173-5175. The jury heard Plaintiff's *own counsel* admonish her during direct examination to stop exaggerating her testimony. *See, e.g.*, PageID.4923, 4926, 5159, 5160. Plaintiff gave testimony inconsistent with the documentary record, including her own text messages. *See, e.g.*, PageID.5207-5208; PageID.5208-5209; PageID.5229-5231; PageID.5238-5244. She gave internally inconsistent and implausible stories to explain away inconvenient facts. PageID.5179-5189; PageID.5195-5196; PageID.5246; PageID.5254-5255; PageID.5102-5103, 5291. And the jury heard about her financial motivations, and her implausible explanation when her own text messages reflected her bragging about that motive. PageID.5266-5269.

7

The issue here could not be more straightforward. Notice was a necessary element of Plaintiff's claims. There was contradictory evidence by the parties on that element. The jury's job was to judge credibility, reasonable jurors could have found Plaintiff not credible, and the jury returned a verdict for Ford. Plaintiff's demand that the Court nullify the jury's work is wholly without merit.

## II.     In any event, Plaintiff's new trial motion is untimely.

Besides lacking merit, Plaintiff's new-trial motion was untimely filed. A new trial motion must be "filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(b). The court may not extend this deadline. *See* Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rule[]… 59(b), (d), and (e)"). Courts have thus held that a party's alleged technical difficulties in meeting the Rule 59 deadline cannot excuse a late filing. *See, e.g.*, *Miracle of Life, L.L.C. v. N. Am. Van Lines, Inc.*, 447 F. Supp. 2d 519, 520 (D.S.C. 2006) (dismissing Rule 59 motion filed just after midnight of the due date, and rejecting argument that this was a "hypertechnicality," because Rule 59's deadline may not be extended); *Aviva Sports, Inc. v. Fingerhut Direct Mktg., Inc.*, 2013 WL 12329049, at *1 n.1 (D. Minn. Oct. 16, 2013) (fact that party "made the Court aware of the technical failure did not relieve him of his responsibility to file a timely" Rule 59 motion, citing cases in support); *cf. Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 538 (7th Cir. 2011) (alleged late filing due to

8

computer problems "evoked sympathy," but when "parties wait until the last minute to comply with a deadline, they are playing with fire.").

Here, the Court's judgment was entered on September 26, 2023. ECF No. 196, PageID.4115. Plaintiff's Rule 59(b) motion was thus due on October 24, 2023, but it was not filed until October 25, 2023. *See* ECF No. 216. And the fact that Plaintiff's counsel's administrative assistant sent the Court a vague email at 10:48 pm on October 24 alleging a filing problem—unaccompanied by a sworn declaration or other evidence—makes no difference. There is no proof that the CM/ECF filing system was down; per the Court's procedures, if that occurs, an ECF unavailability notice is sent to users but no such notice was issued for October 24, 2023. *See* EDMI Electronic Filing Policies and Procedures R14(a). A review of the Court's RSS feed of new filings performed at 10:32 am on October 25, 2023 showed that documents in other cases were being filed 13 and 12 hours earlier (that is, after 9:30 pm and 10:30 pm on October 24, 2023). Ex. A, Screenshot of RSS Feed. It thus appears that, at best, Plaintiff's counsel had technical problems on her end, but those problems would not constitute ECF unavailability under the court's rules. *Id.* at R1(a). By waiting until the last minute to file her motion, Plaintiff caused her own untimeliness—an untimeliness that the Rules do not permit to be excused.

## Conclusion

For these reasons, the Court should deny Plaintiff's motion for a new trial.

9

| | |
|---|---|
| Blaine H. Evanson<br>GIBSON, DUNN & CRUTCHER LLP<br>3161 Michelson Drive, Suite 1200<br>Irvine, CA 92612<br>(949) 451-3800<br>bevanson@gibsondunn.com | */s/ Thomas J. Davis*<br>Elizabeth Hardy (P37426)<br>Thomas J. Davis (P78626)<br>KIENBAUM HARDY VIVIANO<br>PELTON & FORREST, P.L.C.<br>280 N. Old Woodward Ave., Suite 400<br>Birmingham, MI 48009<br>(248) 645-0000<br>ehardy@khvpf.com<br>tdavis@khvpf.com |
| Dated: November 6, 2023 | ***Attorneys for Defendant*** |

## Certificate of Service

I hereby certify that on November 6, 2023, I electronically filed this document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

*/s/Thomas J. Davis*
Thomas J. Davis (P78626)
Kienbaum Hardy Viviano
 Pelton & Forrest, P.L.C.
280 N. Old Woodward Avenue, Suite 400
Birmingham, MI 48009
(248) 645-0000
Email: tdavis@khvpf.com

10