UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANNA JOHNSON,

    *Plaintiff*,

v.

FORD MOTOR COMPANY,

    *Defendant*.

_____/

Case No. 2:19-cv-10167

District Judge
Gershwin A. Drain

Magistrate Judge
Elizabeth A. Stafford

## ORDER DENYING PLAINTIFF'S MOTION FOR A NEW TRIAL [#216]

This matter is before the Court on DeAnna Johnson's ("Plaintiff") Motion for a New Trial. ECF No. 216. On September 14, 2023, this Court held a week-long jury trial on Plaintiff's hostile work environment claims based on sexual and racial harassment. The jury returned a verdict for Ford Motor Company ("Defendant") on September 25, 2023, finding no cause of action on both counts. ECF No. 193. Plaintiff now argues that the jury reached a seriously erroneous result that was against the great weight of the evidence.

Upon review of the parties' submissions, the Court concludes that oral argument will not aid in the disposition of this matter and will resolve the instant motion on the briefs. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated herein, Plaintiff's Motion for a New Trial is denied.

1

### I. LEGAL STANDARD

A new trial may be granted following a trial by jury "for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]" Fed. R. Civ. P. 59(a)(1)(A). This has been interpreted to mean that the moving party may be awarded a new trial "when the verdict is against the weight of the evidence, damages are excessive, or the trial court acted unfairly, perhaps after 'being influenced by prejudice or bias.'" *Smith v. Woolace Elec. Corp.*, 822 F. App'x 409, 412 (6th Cir. 2020) (quoting *Tompkins v. Crown Corr, Inc.*, 726 F.3d 830, 835 (6th Cir. 2013)). The decision to grant or deny a motion for a new trial is within the discretion of the district court. *Denhof v. City of Grand Rapids*, 494 F.3d 534, 543 (6th Cir. 2007).

To decide a motion for a new trial based on the argument that the verdict is against the great weight of the evidence, "the trial court must compare the opposing proofs, weigh the evidence, and set aside the verdict if it is of the opinion that the verdict is against the clear weight of the evidence." *Chiaverini, Inc. v. Frenchie's Fine Jewelry, Coins & Stamps, Inc.*, 345 F. App'x 58, 61 (6th Cir. 2009) (quoting *Strickland v. Owens Corning*, 142 F.3d 353, 357 (6th Cir. 1998)). However, the motion must be denied "if the verdict is one which could reasonably have been reached, and the verdict should not be considered unreasonable simply because

different inferences and conclusions could have been drawn or because other results are more reasonable." *Id.*

## II. ANALYSIS

### A. Plaintiff's Motion Is Not Untimely.

Under Rule 59 of the Federal Rules of Civil Procedure, a party may file a motion seeking a new trial "no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(b). Although a court may extend the deadline for most motions on a showing of good cause or excusable neglect, a court "must not extend the time to act" under Rule 59(b) and others. Fed. R. Civ. P. 6(b)(2); *see* Fed. R. Civ. P. 6(b)(1). This rule is strictly upheld in the Sixth Circuit such that the time to file motions falling under Rule 6(b)(2) "may not be enlarged under any circumstances." *Visconi v. United States Gov't*, No. 16-6689, 2017 U.S. App. LEXIS 27907, at *3 (6th Cir. May 22, 2017) (applying Rule 6(b)(2) to an untimely filed Rule 59(e) motion).

The Court entered judgment in this case on September 26, 2023. ECF No. 196. Thus, Plaintiff was required to file her motion for a new trial no later than October 24, 2023. Fed. R. Civ. P. 59(b); *see* Fed. R. Civ. P. 6(a)(1) (on computing time). On the evening of October 24, 2023, the Court received correspondence from the Legal Assistant to Plaintiff's Counsel stating that repeated attempts to access the Court's electronic filing system were unsuccessful due to a network error. ECF No. 218-2, PageID.6077. Attached to this email was a copy of Plaintiff's 59(b) motion

3

and exhibits. *Id.* The Court acknowledged the technical difficulties via email the next morning and gave instructions to attempt normal filing on the morning of October 25. *Id.* at PageID.6078. Further, counsel for Plaintiff was informed that the Court "would make a note on the docket after you file the document." *Id.*

Plaintiff's counsel followed the appropriate procedures given her technical difficulties and submitted her filing to the Court and Defendant within the time required. The fact that counsel could not access the electronic filing system is of no consequence. Thus, in full awareness of the circumstances, the Court accepts Plaintiff's October 24 email as an official filing. As previously communicated, the Court will correct the docket to reflect that Plaintiff's motion was timely filed.

### B. Plaintiff Is Not Entitled to a New Trial.

Plaintiff argues that the jury's verdict that she did not prove her hostile work environment sexual and racial harassment claims is against the great weight of the evidence. To successfully bring a claim for sexual harassment, Plaintiff was required to prove by a preponderance of the evidence that she was subjected to unwelcome gender-based communication, that she was subjected to a sexually hostile work environment, that Defendant was legally responsible for (had notice of) the hostile work environment, and that she suffered damages. ECF No. 194, PageID.4071. Similarly, to support her racial harassment claims, Plaintiff was required to prove that she belonged to a protected class, suffered racial harassment, that the harassment

unreasonably interfered with her work performance, and that Defendant was legally responsible for (had notice of) the racially hostile work environment. *Id.* at PageID.4082.

Plaintiff asserts that at trial she testified to continuous and escalating harassment from Nick Rowan. ECF No. 216 at PageID.6023. The harassing acts included Nick Rowan making lewd comments at work to Plaintiff and others, requesting sexually explicit photos from Plaintiff, forcibly showing her pornographic images at work, saying that he needed to add her to his "collection," spreading rumors to others that Plaintiff had nipple piercings, referring to her in a sexually explicit manner, withholding professional help as a quid pro quo for images of Plaintiff nude, and texting her sexually explicit images of his genitalia. *Id.* at PageID.6025–6026.

According to Plaintiff, she also presented evidence that Ford maintained a clear chain of command, which she consistently observed when reporting Rowan's sexual and racial harassment. *Id.* at PageID.6022. Each person within this chain, LaDawn Clemons, Billy Markavich, and Rich Mahoney, assertedly had a duty to report Plaintiff's complaints to Human Resources ("HR"). *Id.* And each person within this chain was assertedly informed of the conduct Plaintiff endured for months before Defendant suspended Rowan on November 26, 2018. *Id.* at PageID.6030–6032.

Defendant accurately responds that because Plaintiff's claims were brought against her employer and not Rowan himself, the action could not have survived if she failed to prove that her employer did not take prompt and adequate remedial action after receiving notice of Rowan's harassing conduct. ECF No. 217. Defendant argues that this question was the linchpin in the case and that the jury could have reasonably found that Defendant took the appropriate action, suspending Rowan, after it was informed on November 25, 2018. *Id.* at PageID.6047. On this issue, Defendant notes that Plaintiff's only evidence that Mahoney, Markavich, and Clemons were aware of her complaints prior to November 25 was her own testimony. *Id.* Thus, as the Court stated prior to the start of trial, "Ford's liability in this case is almost entirely dependent on Plaintiff's testimony; her credibility is thus key to issues that will be before the jury." *Id.* at PageID.6046 (quoting ECF No. 149, PageID.3245 (from order resolving motions in limine)). As such, Defendant contends that the relevant disputed issues simply turned on which witnesses the jury believed. *Id.* at PageID.6047–6048.

According to Defendant, the jury was given sufficient reason at trial to disbelieve Plaintiff's testimony. The jury heard Plaintiff admit to offering testimony inconsistent with sworn statements she had made previously. *Id.* at PageID.6051. The jury also heard Plaintiff admit to lying on her resume to get hired at Ford, give inconsistent testimony on the stand, and admit to being financially motivated. *Id.*

6

Defendant contends further that significant documentary evidence presented at trial supports the jury's decision. For example, the Court is directed to Plaintiff's November 26, 2023 statement to Les Harris from HR. ECF No. 213-1. According to the statement, when asked "[c]an you tell me why you hadn't brought [the harassment] to HR," Plaintiff responded "[b]ecause I'm new. I don't want to make any waves. I don't feel like I'm as valued as an employee as someone who has been here for years." *Id.* at PageID.5712. Plaintiff did not mention in the statement that she made prior reports to her supervisors or that she believed these reports reached HR. *Id.* Defendant also offered HR statements from Mahoney, Markavich, and Clemons from November 2018. Each witness denied knowing about the contested interactions between Plaintiff and Rowan. ECF No. 217, PageID.6048–6050 (citing ECF Nos. 213-4, 213-3, 211-11).

Having considered the evidence, the Court finds that the jury's verdict was reasonable and is supported by the weight of the evidence at trial. Plaintiff's focus on the testimony she offered and evidence she presented misses the point. Defendant also offered significant contrary evidence that the jury had the opportunity to weigh. The jury had the opportunity to assess Plaintiff's credibility, which was in significant doubt given her prior inconsistent statements, history of lying to get employed, and lack of corroborating witnesses. The jury also viewed each party's exhibits, heard how the witnesses performed on cross examination, and assuredly considered the

believability of each side's narrative. Having viewed the record once more, the Court finds that there is sufficient evidence to support a verdict of no cause of action. As such, the jury's verdict that Plaintiff failed to prove her sexual and racial harassment claims was not against the great weight of the evidence presented at trial.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion for New Trial (ECF No. 216) is **DENIED**.

**IT IS SO ORDERED.**

/s/ Gershwin A. Drain
GERSHWIN A. DRAIN
U.S. DISTRICT JUDGE

### CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 28, 2024, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager