# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DEANNA JOHNSON,

    *Plaintiff*,

v.

FORD MOTOR COMPANY,

    *Defendant*.

_____/

Case No. 2:19-cv-10167

District Judge
Gershwin A. Drain

Magistrate Judge
Elizabeth A. Stafford

## ORDER DENYING PLAINTIFF'S MOTION TO REVIEW TAXED BILL OF COSTS [#208]

Pending before the Court is DeAnna Johnson's ("Plaintiff") motion to review the Clerk's Taxed Bill of Costs. ECF Nos. 207, 208. Plaintiff seeks an order rejecting as taxable $1,947.50 in costs to Ford Motor Company ("Defendant"). *Id.* For the reasons stated herein, Plaintiff's Motion is denied.

### I.  LEGAL STANDARD

The Federal Rules of Civil Procedure dictate that costs "should be allowed to the prevailing party" but that a court may review a clerk's taxation of costs on a motion served within seven days. Fed. R. Civ. P. 54(d)(1). The Sixth Circuit has ruled that "this language creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *See White & White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). Taxable costs, as

1

listed in 28 U.S.C. § 1920, include "(2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case[.]" 28 U.S.C. § 1920(2). The burden is on the losing party to overcome the presumption that costs should be awarded. *Joseph v. Joseph*, No. 23-3602, 2024 U.S. App. LEXIS 11499, at *4 (6th Cir. May 10, 2024).

## II. ANALYSIS

The question before the Court is whether the cost of trial transcripts Defendant obtained for use in its closing argument are properly taxable under 28 U.S.C. § 1920 and the Eastern District of Michigan's Bill of Costs Handbook ("Handbook"). Following trial, Defendant submitted its Bill of Costs to the Clerk, which offered as taxable the September 14, 2023 and September 18, 2023 trial transcripts. ECF No. 206. The costs totaled $850.25 and $1,097.25 respectively. *Id.* Plaintiff argues that the Clerk improperly taxed these costs pursuant to section II.C.1.d. of the Handbook, which lists as taxable the costs of a "[t]ranscript used in support of a motion." Because these two transcripts are not offered for their use in any motion, Plaintiff argues that the associated costs were not properly taxed. ECF No. 208.

Plaintiff's argument relies solely on the Handbook which, as stated within, "is NOT to be considered legal advice, nor should it be cited as legal authority." Bill of Costs Handbook (rev. Nov. 2013) (emphasis in original). The Handbook is merely a guide intended to "assist parties in properly filing a Bill of Costs with this Court."

2

*Id.* To the extent the Handbook is persuasive, transcripts used in a closing argument are not listed in the "taxable" or "not taxable" subsections under section C, so it does not offer guidance here. Rather, the proper legal authority governing taxable costs is 28 U.S.C. § 1920. Under section 1920(2), a clerk may tax as costs fees for transcripts so long as the transcripts were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2).

The Sixth Circuit has not squarely addressed whether trial transcripts obtained for use in a party's closing argument are taxable under § 1920(2) or any other provision. *Cassell v. Brennan*, No. 3:14-CV-00449-TBR, 2016 U.S. Dist. LEXIS 168329, at *4 (W.D. Ky. Dec. 6, 2016). However, the costs associated with such transcripts have been found taxable on a showing of necessity. *Id.* Thus, the question remaining is whether the trial transcripts were necessarily obtained.

Defendant contends that both transcripts were necessary to its closing. It argues that the September 14, 2023 transcript was used "to remind the jury of the Court's preliminary instruction on how to judge a witness's credibility" and then to support its argument "as to why Plaintiff lacked credibility." ECF No. 209, PageID.5378–5379. Similarly, Defendant argues that the September 18, 2023 transcript was necessary to highlight the testimony of its witness Rich Mahoney, whose narrative was in direct conflict with Plaintiff's. *Id.* at PageID.5379. Defendant used Mahoney's testimony at closing to explain why Defendant "believed the jury

3

should believe Mahoney and disbelieve Plaintiff." *Id.* Defendant asserts that because "credibility was *the* key issue at trial," the transcripts satisfy the necessity standard set out in § 1920. *Id.* (emphasis in original).

The undersigned agrees. As restated in the Court's recent Order Denying Plaintiff's Motion for a New Trial, Plaintiff's credibility was central to the questions the jury was asked to decide. ECF No. 220, PageID.6091. She was the sole purveyor of her story, as she did not offer corroborating fact witnesses, so the case lived and died with whether the jury believed her testimony. With the evidence so structured, Defendant was obliged to challenge Plaintiff's credibility throughout its closing argument. Defendant has shown that its use of each transcript was both directed toward and necessary for that purpose. Plaintiff's scant argument relying on the Handbook does not combat this conclusion. Therefore, the Court finds that the $1,947.50. cost Defendant incurred when obtaining trial transcripts is properly taxed under § 1920.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Review Taxed Bill of Costs (ECF No. 208) is **DENIED**.

**IT IS SO ORDERED.**

/s/ Gershwin A. Drain
GERSHWIN A. DRAIN
U.S. DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 20, 2024, by electronic and/or ordinary mail.
/s/ Marlena Williams
Case Manager

5